UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA-ATHENA S. ABU HANTASH, in her individual capacity and as mother and natural guardian of JORDAN-ANNETTEE JAZZMIN RICHARDSON, a minor, and JORDAN RICHARDSON, INC., a Virginia Corporation, | Docket No.: 07 Civ. 3363 (GBD) (KNF) |

*Plaintiffs*,

-against-

V MODEL MANAGEMENT NEW YORK, INC. and VNY MODEL MANAGEMENT, LLC,

*Defendants*.

**NOTICE OF MOTION TO STRIKE PORTIONS OF DEFENDANTS' ANSWER PURSUANT TO FED. R. CIV. P. 12(f) AND FOR AN AWARD OF SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

**(ORAL ARGUMENT REQUESTED)**

**PLEASE TAKE NOTICE** that upon the affirmation of Gavin I. Handwerker, Esq. with exhibits and the Memorandum of Law submitted in support of Plaintiff's motion, the Plaintiffs, LISA-ATHENA S. ABU HANTASH, in her individual capacity and in her capacity as mother and natural guardian of JORDAN-ANNETTEE JAZZMIN RICHARDSON, a minor, and JORDAN RICHARDSON, INC., by and through their attorneys, NISSENBAUM LAW GROUP, LLC, will move this Court before the Honorable George B. Daniels, United States District Court Judge, at the United States Courthouse for the Southern District of New York, located at 500 Pearl Street, New York, New York, Courtroom 15D, on **Friday, June 22, 2007** at **9:30 a.m.,** or at such other date and time as the Court may direct, so that counsel may be heard for the entry of an Order:

1

1.    Pursuant to Fed. R. Civ. P. 12(f), striking certain portions of paragraphs 22, 34, 35, 36, 65, 66, 67, 73, 75, 77, 79, 89, 98, 99, 109, 110, 111 and 134 of Defendants' verified answer on the grounds that the information contained within Defendants' answer is redundant, immaterial, impertinent and scandalous;

2.    Pursuant to Fed. R. Civ. P. 12(f), striking Defendants' Eighth Affirmative Defense (paragraph 151) on the grounds that (a) there is no evidence in support of the allegations contained in Defendants' affirmative defense that would be admissible; (b) the allegations have no bearing on the issues in the case; and (c) to permit the allegations to stand would result in prejudice to the Plaintiffs;

3.    Pursuant to Fed. R. Civ. P. 12(f), striking Defendants' Eighth Affirmative Defense (paragraph 151) on the grounds that the information contained therein is redundant, immaterial, impertinent and scandalous;

4.    Pursuant to Fed. R. Civ. P. 11(c), ordering sanctions against the Defendants and their counsel for violating, _inter alia_, Rule 8(b), (c) and (e) and Rule 11(b)(1) and (3) of the Federal Rules of Civil Procedure;

5.    Awarding attorney's fees, costs and disbursements for the within motion; and

6.    Granting such other, further and different relief as to this Court seems just, equitable and proper under the circumstances.

**PLEASE TAKE FURTHER NOTICE** that in accordance with Local Rule 6.1(b)

answering papers, if any, are to be served within ten (10) business days after service of these

moving papers.

Dated:  New York, New York
          May 31, 2007

                              Yours, etc.,
                              NISSENBAUM LAW GROUP, LLC


                              /S/ GAVIN I. HANDWERKER
                              By:  Gavin I. Handwerker (GIH6191)
                              *Attorneys for Plaintiffs*
                              140 Broadway, 46th Fl.
                              New York, New York 10005
                              (212) 871-5711


To:     Wilmer H. Grier, Esq.
        *Attorneys for Defendants*
        V MODEL MANAGEMENT NEW YORK, INC. and
        VNY MODEL MANAGEMENT, LLC
        603 Jefferson Avenue
        Brooklyn, New York 11221

## AFFIRMATION OF SERVICE

GAVIN I. HANDWERKER, an attorney duly admitted to practice law in the Courts of the State of New York affirms the following to be true under the penalties of perjury:

That on May 31, 2007, I served the within NOTICE OF MOTION, MEMORANDUM OF LAW and AFFIRMATION WITH EXHIBITS, in the following manner:

\_\_    By depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and control of the United States Postal Service addressed to each of the persons listed below at the last known address set forth after each name;

\_\_\_\_    By delivering a true copy thereof personally to each person listed below at the address indicated. I knew each person served to be the person mentioned and described in said papers as a party therein, or their attorney authorized to accept service;

\_\_    By transmitting the papers by electronic means to the telephone/FAX number listed below, which number was designated by the attorney/ party for such purpose. I received a signal from the equipment of the attorney/party served indicating that the transmission was received. I also deposited a true copy of the papers, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service, addressed to the attorney/party at the address listed below;

 X    By depositing a true copy thereof, enclosed in a wrapper addressed as shown below, into the custody of **A FEDERAL EXPRESS COURIER** for overnight delivery, prior to the latest time designated by that service for overnight delivery;

\_\_\_\_    By delivering a true copy thereof by electronic means to the email address listed below, which said electronic mail address was designated by the attorney/party for such purpose.

## NAMES/ADDRESSES/FAXES OF PARTIES SERVED

Wilmer H. Grier, Esq.
*Attorneys for Defendants*
V MODEL MANAGEMENT NEW YORK, INC. and
VNY MODEL MANAGEMENT, LLC
603 Jefferson Avenue
Brooklyn, New York 11221

Dated: New York, New York
        May 31, 2007

/S/ GAVIN I. HANDWERKER
GAVIN I. HANDWERKER (GIH6191)