# NISSENBAUM LAW GROUP, LLC

(FORMERLY NISSENBAUM & ASSOCIATES, LLC)
ATTORNEYS AT LAW
WWW.GDNLAW.COM

2400 MORRIS AVENUE
UNION, NEW JERSEY 07083

P. 908.686.8000
F. 908.686.8550



NISSENBAUM
LAW GROUP, LLC

GARY D. NISSENBAUM, ESQ.*
GDN@GDNLAW.COM

GAVIN I. HANDWERKER, ESQ.*
GIH@GDNLAW.COM

LAURA J. FREEDMAN, ESQ.*
LJF@GDNLAW.COM

NEELAM K. SINGH, ESQ.*
NS@GDNLAW.COM

CHRISTINE M. YEARING, ESQ.*
CMY@GDNLAW.COM

OLIVIA R. GONZALEZ, ESQ.*
OG@GDNLAW.COM

CAROLE J. ZEMPEL, PARALEGAL
CZ@GDNLAW.COM

JENN LOPEZ, PARALEGAL
JL@GDNLAW.COM

Please reply to:  _x_ NJ  __ NY:

NEW YORK:
140 BROADWAY, 46TH FLOOR
NEW YORK, NEW YORK 10005

P. 212.871.5711
F. 212.871.5712

* Admitted in both
New Jersey and New York

March 21, 2007

**VIA FACSIMILE**
**AND REGULAR MAIL**
Natalia Nastaskin, Esq.
The Agency Group, Ltd.
1775 Broadway, Suite 515
New York, New York 10019

Re:   VNY Model Management Agreement / Jordan Richardson

Dear Ms. Nastaskin:

We represent Ms. Jordan Richardson ("Ms. Richardson") with regard to her current engagement of VNY Model Management, LLC ("VNY"). We have been advised that there are some concerns on Ms. Richardson's part that need to be addressed.

We would ask that you inform your client to direct to our office any and all communications regarding Ms. Richardson's agreements and/or any legal matters in connection with her representation by VNY. The reason that this must be communicated as soon as possible is that we understand that Ms. Richardson may be at your client's office tomorrow, March 22, 2007.

Accordingly, under no circumstances should your client have discussions with Ms. Richardson or her family with regard to the legal status of her management agreement with VNY, or any other matter of a legal nature. Rather, your client's communications should be limited to a business discussion relating to the logistics of picking up Ms. Richardson's belongings from the now-closed model apartment or the

logistics of any modeling assignments. Anything beyond that should be directed to our office.

This letter shall also serve as notice of Ms. Richardson's termination of any and all agreements between VNY and her. Ms. Richardson's last day with VNY will be **April 22, 2007**. Further, after April 22, 2007, Ms. Richardson will not be participating in any modeling assignments, or other work procured by VNY on her behalf. Accordingly, VNY shall only be entitled to compensation under the agreement (or otherwise) for monies which Ms. Richardson earned but has not received as of that date.

It is our position that as of April 22, 2007, Ms. Richardson shall be released from VNY. Moreover, as of that date, VNY should obviously not take any action, nor omit to act, in a manner that would be reasonably expected to give the impression that VNY has the right to act on behalf of Ms. Richardson or is otherwise affiliated with her.

Please coordinate with us the final matters that will need to be settled, including without limitation, (i) reconciliation of payments due to Ms. Richardson; and (ii) a return of Ms. Richardson's belongings including without limitation, her photo books currently in VNY's possession.

Finally, given the fact that this matter may result in legal action at some point, we would ask that you put your client on notice about the law of spoliation. They are required to maintain the integrity of all writings, computer data and other items that may be discoverable in any litigation that may be brought with respect to this matter. Without limitation, they must preserve all emails (including back ups) and not discard any documents related to this matter.

Nothing contained in this letter is intended to, nor shall it, constitute a waiver or relinquishment of any of my client's rights, remedies or position, which are reserved without prejudice.

We are simultaneously providing a copy of this letter to your client as required by paragraph 14 of the Agreement between the parties.

NISSENBAUM LAW GROUP, LLC

By: _____
Christine M. Yearing, Esq.

cc:    Lana Winters, VNY Model Management, LLC