# NISSENBAUM LAW GROUP, LLC

(FORMERLY NISSENBAUM & ASSOCIATES, LLC)
ATTORNEYS AT LAW
WWW.GDNLAW.COM

2400 MORRIS AVENUE
UNION, NEW JERSEY 07083

P. 908.686.8000
F. 908.686.8550



NISSENBAUM
LAW GROUP, LLC

GARY D. NISSENBAUM, ESQ.*
GDN@GDNLAW.COM

GAVIN I. HANDWERKER, ESQ.*
GIH@GDNLAW.COM

LAURA J. FREEDMAN, ESQ.*
LJF@GDNLAW.COM

NEELAM K. SINGH, ESQ.*
NS@GDNLAW.COM

CHRISTINE M. YEARING, ESQ.*
CMY@GDNLAW.COM

OLIVIA R. GONZALEZ, ESQ.*
OG@GDNLAW.COM

CAROLE J. ZEMPEL, PARALEGAL
CZ@GDNLAW.COM

JENN LOPEZ, PARALEGAL
JL@GDNLAW.COM

*Please reply to:* _x_ NJ  __ NY:*

NEW YORK:
140 BROADWAY, 46TH FLOOR
NEW YORK, NEW YORK 10005
P. 212.871.5711
F. 212.871.5712

\* *Admitted in both*
*New Jersey and New York*

April 11, 2007

**VIA FACSIMILE AND**
**REGULAR MAIL**
Natalia Nastaskin, Esq.
The Agency Group, Ltd.
1775 Broadway, Suite 515
New York, New York 10019

   Re: V Model Management New York, Inc. ("VMM") with Jordan Richardson
      VNY Model Management ("VNY") with Jordan Richardson

Dear Ms. Nastaskin:

  As you are already aware, my office represents Ms. Jordan Richardson, a minor, with regard to the above. Because these matters are more than likely to be headed towards litigation, I am now in charge of the file. Therefore, all future communications should be directed to my attention.

  On March 21, 2007, you were advised by Christine Yearing, Esq. of my office that as of April 22, 2007 any and all agreements between Ms. Richardson and VMM were deemed terminated and that any proposed agreement between Ms. Richardson and/or Jordan Richardson, Inc. and VNY were deemed rejected. You were also informed that under no circumstances would Ms. Richardson participate in any modeling assignments or other work procured by VMM or VNY on her behalf. Despite the clear language of that letter, my client has informed me that Lana Winters has instructed her to appear for a modeling assignment on April 25. She will do no such thing. In fact, because your client is incapable of following simple instructions, she is no longer entitled

**NISSENBAUM LAW GROUP, LLC**
*Nastaskin Follow-Up Letter*
*April 11, 2007*
*Page 2 of 3*

to communicate with her at all. From now on, <u>all</u> communications regarding Ms. Richardson shall be served through my office.

Second, because your client is unwilling to part ways with Ms. Richardson amicably, my office is preparing a summons and complaint to be filed in the United States District Court for the Southern District of New York to settle this matter. We anticipate filing our action by the end of next week. In that regard, please advise whether you are authorized to accept service on behalf of VMM, VNY and Lana Winters.

However, before I file my complaint, I would like to give you and your clients a final opportunity to take a long hard look at your chances of success in such an action and spare you the embarrassment of defending a lawsuit by alleging frivolous claims or defenses (thereby subjecting yourselves to an application pursuant to Fed. R. Civ. Pro. Rule 11). Specifically:

1. Jordan Richardson is a minor and will not reach majority age until next year. The law is quite clear that infants always have the common law right to disaffirm a contract barring certain exceptions (namely, where a court approves the contract). Since a court did not approve Ms. Richardson's contract with VMM, my client is allowed to disaffirm her agreement outright.

2. There is also the issue of an alleged second contract between VNY and Ms. Richardson and/or Jordan Richardson, Inc. That "new" contract which you deem to be in effect is unenforceable for the following reasons:

   a. First, Ms. Richardson's mother sent Ms. Winters correspondence on February 16, 2007 advising her that the second contract was rejected. Specifically, Ms. Hantash wrote the following:

   > "I have made repeated attempts to get a copy of the signed [second] contract (dated June 2006 and expires June 2008)… **Since these attempts have been unsuccessful, the only valid contract I have with you is the [first] one dated 22 April 2005 which expires 22 April 2007.**
   >
   > **Know then that at the 22 April 2007 contract expiration date, I will not renew Jordan Richardson's contract with your agency.** Do not schedule any jobs for her beyond this date." (Emphasis supplied)

Your letter of February 27, 2007 with the signed signature page, while clever, does not in any way change the simple fact that this "new" contract was rejected. Certainly, no court would accept the argument that your respective communications simply crossed in the mails. Put another way, your letter cannot revive what was already rejected.

**NISSENBAUM LAW GROUP, LLC**
*Nastaskin Follow-Up Letter*
*April 11, 2007*
*Page 3 of 3*

      b.    Second, assuming for the moment you were creative enough to argue that the second contract became enforceable because you accepted it 11 days after my client rejected it, you will also notice that there is handwriting all over the agreement with changes, question marks and modifications made by Ms. Hantash. It is therefore no stretch of the imagination to conclude that the second agreement is unenforceable because there is no "meeting of the minds." In fact, subsequent correspondence by you to Ms. Hantash explaining the termination provision (a provision that Ms. Hantash wrote) is further evidence that VNY does not have an enforceable agreement.

      c.    Finally, assuming you were able to overcome both arguments, ante, you will also notice that Ms. Richardson's signature is nowhere on the second contract. I would like to know under what theory you intend to bind a minor to a personal services contract which she did not sign.

Please review with your client this small sample of facts which are undeniably favorable to my client's position. I will expect a response from you no later than **April 13** advising that your client is willing to:

    (a)    Sign a general release in favor of Ms. Richardson, Ms. Hantash and Jordan Richardson, Inc.;

    (b)    Coordinate with us the final matters that will need to be settled, including without limitation, (i) reconciliation of payments due to Ms. Richardson; and (ii) a return of Ms. Richardson's belongings including without limitation, her photo books currently in VNY's possession.

    (c)    We will conduct a complete audit of your books and records as relates to revenue generated by Ms. Richardson. Any further discussion of our claims in that regard will abide the results of that audit.

Nothing contained in this letter is intended to, nor shall it, constitute a waiver or relinquishment of any of my client's rights, remedies or position, which are reserved without prejudice.

                            Sincerely,
                            NISSENBAUM LAW GROUP, LLC

                            By: _____
                                 Gavin I. Handwerker