UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISA-ATHENA S. ABU HANTASH, in her individual capacity and as mother and natural guardian of JORDAN-ANNETTEE JAZZMIN RICHARDSON, a minor, and JORDAN RICHARDSON, INC., a Virginia Corporation,

        *Plaintiffs*,

-against-

V MODEL MANAGEMENT NEW YORK, INC. and VNY MODEL MANAGEMENT, LLC,

        *Defendants*.

Docket No.: 07 Civ. 3363 (GBD) (KNF)

**AFFIDAVIT OF JORDAN RICHARDSON IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND OTHER RELIEF**

STATE OF _____ )
         ) ss.
COUNTY OF _____ )

  JORDAN RICHARDSON, having been duly sworn, deposes and says under penalty of perjury:

  1. I am the minor Plaintiff and the sole principal of Plaintiff Jordan Richardson, Inc. in the above-entitled action. As such, I am fully familiar with the facts and circumstances of the within action.

  2. I submit this affidavit in support of my attorneys' application for, among other things, (a) declaratory relief; and, (b) summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure; or, (c) in the alternative, an Order directing a speedy hearing and advancing the within on the trial calendar pursuant to Rule 57.

**2005 Management Agreement and 2006 Management Agreement**

  3. On or about April 22, 2005, I signed a model management agreement with Defendant V Model Management New York, Inc. ("2005 Management Agreement") to act as my manager, representative and advisor for my modeling career. Ex. A.

4. At the time that I executed the 2005 Management Agreement, I was only fifteen (15) years old.

5. Because I was under the age of eighteen (18) years old, my mother, Plaintiff Lisa-Athena S. Abu Hantash, was required to give her consent and allow me to sign the agreement. As such, she also executed the 2005 Management Agreement. Ex. A.

6. In or about June 2006, I was told that I would have to execute another agreement because Defendant V Management changed its name to "VNY Model Management, LLC" ("VNY").

7. After my mother received the proposed agreement ("2006 Management Agreement"), she made revisions on certain pages and made notes on others. For instance, on page 1 of the proposed agreement my mother wrote in "Jordan Richardson, Inc.?" At the time we received this agreement, we were not sure whether I would sign the agreement personally or as the member of a newly formed corporation. Ex. B.

8. In the course of 8 months (June, 2006 through February, 2007), my mother signed the 2006 Management Agreement several times because Defendant VNY rejected my mother's revisions in the agreement and requested that she insert revised provisions.

9. Defendant VNY asserts that the 2006 Management Agreement is fully enforceable against Jordan Richardson, Inc. and/or me. However, I never executed the 2006 Management Agreement in my individual capacity or on behalf of Jordan Richardson, Inc. Ex. C.

10. Furthermore, I am the only person authorized to act on behalf of Jordan Richardson, Inc. Specifically, my mother is not authorized to act on behalf of Jordan Richardson, Inc.

**I Disaffirmed Any And All Agreements With Defendants**

11. I genuinely do not believe that Defendant V Management and Defendant VNY are looking out for my best interests and welfare. One particular instance readily comes to mind.

12. On or about September 13, 2006, I was physically attacked and choked unconscious by another model at a launch party for a magazine in New York City. Because I was a minor, I was under the care of the Defendants and Lana Winters, President of Defendants. Ms. Winters is also an individual who witnessed the attack.

13. Even though Ms. Winters witnessed the attack, she did not take any action to prevent harm to me. In addition, she did not seek out medical attention or report the incident to the New York City Police Department. A few days later, I reported the incident to my mother and grandmother who were very upset that the police and/or a medical provider were not called.

14. As such, I am no longer comfortable having Defendants represent me in my professional career.

15. Thus, on February 17, 2007, my mother sent a letter to the Defendants advising that I do not wish to perform any more services for V Model Management and/or VNY Model Management. Since February 17 this has been and will always be my position.

16. Notwithstanding my clear and unequivocal statement that I deem all contracts with the Defendants to be terminated, the Defendants insist that I am bound to continue performing services for them.

17. Therefore, in letters dated March 21, 2007 and April 11, 2007, my attorneys disaffirmed any and all contracts with Defendants on my behalf and on behalf of Jordan Richardson, Inc. Ex. D; Ex. E.

18. Defendants still did not get the message. To this day, Defendants continue to offer me work. The last time that Defendants offered me work was on May 24, 2007. On each and every occasion, I have declined their offers. In addition, I restated my position that any and all contracts with Defendants are terminated. Ex. E.

19. Because the Defendants are taking the position that the 2005 Management Agreement and/or 2006 Management Agreement are still enforceable, it is difficult for me to find a manager who is willing to represent me in my professional career.

20. My professional career has picked up momentum in the past couple of years. For the year 2006, my gross earnings were in excess of $400,000.00.

21. I believe that until a final resolution is reached regarding the enforceability of the 2005 Management Agreement and/or 2006 Management Agreement, I will not be able to pursue my modeling career for fear of having others involved in a lawsuit.

22. In addition, I fear that the period of time it takes to resolve these issues will adversely affect my professional career.

**Improper Expenses and Deductions**

23. When I performed a modeling assignment, the client who retained my services would make direct payment to the Defendants.

24. Defendants would then withhold a portion of the payment as their "management" fee and make other deductions for expenses and advancements. Defendants would then remit the balance of the payment to me. However, I have a good faith basis to believe that Defendants have made other improper deductions for expenses and advancements.

25. I am told that out of the $800,000.00 I earned, almost half was taken by the Defendants for fees and expenses. I cannot understand how this can happen. I assume that some

of the "expenses" are bogus. In addition and in direct contravention to the 2005 Management Agreement, Defendants V Management and/or VNY have failed to provide me with a monthly itemized listing of all monies advanced by Defendants. Therefore, I am uncertain as to whether Defendants had a proper basis for these deductions and/or expenses. Ex. A, Addendum 1.0.

26. For instance, Defendants arranged an apartment for the models to share in New York City and the models pay rent to Defendants. Although Defendants have deducted payments for maid and/or cleaning service to the apartment, I do not believe that maid and/or cleaning service was ever provided to the apartment.

27. In addition, Defendants V Management and/or VNY have yet to remit payment to me for modeling services previously rendered by me.

28. As such, I respectfully request that the Court issue an order directing the Defendants to account to me for all payments received, deductions taken and payments made to me.

***Remainder of this Page Intentionally Left Blank***

WHEREFORE it is respectfully requested that the Court grant the within application together with such other, further and different relief as to the Court seems just, equitable and proper under the circumstances.

*[signature]*
JORDAN RICHARDSON

STATE OF _Virginia_ )
                    : ss.:
City OF _Newport News_ )

On the _24th_ day of _May_, 2007, before me, the undersigned, personally appeared JORDAN RICHARDSON, the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that she resides in Hampton, Virginia; that he knows JORDAN RICHARDSON to be the individual described in and who executed the foregoing instrument; that said subscribing witness was present and saw said JORDAN RICHARDSON execute the same; and that said witness at the same time subscribed her name as a witness thereto.

*[signature] Lara Norton*
NOTARY PUBLIC
My commission expires 8/31/08

-6-