UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISA-ATHENA S. ABU HANTASH, in her individual capacity and as mother and natural guardian of JORDAN-ANNETTEE JAZZMIN RICHARDSON, a minor, and JORDAN RICHARDSON, INC., a Virginia Corporation,

                                 *Plaintiffs*,

-against-

V MODEL MANAGEMENT NEW YORK, INC. and VNY MODEL MANAGEMENT, LLC,

                                 *Defendants*.

Docket No.: 07 Civ. 3363 (GBD) (KNF)

**PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS PURSUANT TO FED. R. CIV. P. 56 AND LOCAL RULE 56.1**

      Plaintiffs, LISA-ATHENA S. ABU HANTASH ("Abu Hantash"), in her individual capacity and in her capacity as mother and natural guardian of JORDAN-ANNETTEE JAZZMIN RICHARDSON, a minor, and JORDAN RICHARDSON, INC., by and through their attorneys, NISSENBAUM LAW GROUP, LLC, as and for their statement of facts for which they contend there is no genuine issues to be tried:

      1.    A true and accurate copy of the complaint (without exhibits) filed with the court is annexed to the affirmation of Gavin I. Handwerker, Esq. submitted in connection with the within motion as Exhibit A.

      2.    A true and accurate copy of Defendants V Models Management New York, Inc. and/or V Models Corp. and VNY Model Management, LLC's answer is annexed to the affirmation of Gavin I. Handwerker, Esq. submitted in connection with the within motion as Exhibit B.

3.     A true and accurate copy of the model management agreement dated April 22, 2005 and the addendum thereto ("2005 Management Agreement") by and between Jordan Richardson and Defendant V Models Management New York, Inc. is annexed to the affidavit of Plaintiff Abu Hantash submitted in connection with the within motion as Exhibit A.

4.     At the time that Jordan Richardson executed the 2005 Management Agreement, she was fifteen (15) years old.  Richardson Affid. at ¶ 4; Handwerker Affirm. Ex. A ¶ 29, Ex. B ¶ 29.

5.     Plaintiff Abu Hantash signed the 2005 Management Agreement with Defendant V Model Management New York, Inc. ("V Management") in her capacity as Jordan Richardson's parent and legal guardian.  Abu Hantash Affid. at ¶ 5, Ex. A at 6; Handwerker Affirm. Ex. A ¶¶ 30, 31, Ex. B ¶¶ 30, 31.

6.     By signing the 2005 Management Agreement in her capacity as Jordan Richardson's parent and legal guardian, Plaintiff Abu Hantash did not agree nor was obligated to perform thereunder.  Abu Hantash Affid. at ¶ 6, Ex. A at 6.

7.     On or about August 15, 2005, Defendant V Management was dissolved. Handwerker Affirm. Ex. A ¶ 35, Ex. B ¶ 35.

8.     Although Defendant V Management was dissolved in August 15, 2005, it was not until June 2006 that Defendant V Management and/or Defendant VNY Model Management, LLC ("VNY") informed Plaintiff Abu Hantash that another management agreement needed to be executed because Defendant V Management changed its name to "VNY Model Management, LLC."  Handwerker Affirm. Ex. A ¶ 35, Ex. B ¶ 35; Abu Hantash Affid. at ¶¶ 7-8.

9. Subsequently, Defendant VNY sent to Plaintiff Abu Hantash a model management agreement dated June 19, 2006 ("2006 Management Agreement"). Abu Hantash Affid. at ¶ 10; Handwerker Affirm. Ex. A ¶ 46, Ex. B ¶ 46.

10. At this time, Defendant VNY had not executed the 2006 Management Agreement. Abu Hantash Affid. at ¶ 11.

11. Upon receipt of the 2006 Management Agreement, Plaintiff Abu Hantash reviewed it and incorporated her hand-written revisions directly onto the document. Handwerker Affirm. Ex. A ¶ 50, Ex. B ¶ 50; Abu Hantash Affid. at ¶ 12.

12. Specifically, Plaintiff Abu Hantash inserted the following provision onto the signature page of the agreement: "Jordan Richardson, Inc. has the right to terminate the agreement with VNY Model Mgt, LLC with 30 days prior notification of the conclusion of said Agreement" ("Termination Provision"). Handwerker Affirm. Ex. A ¶ 51, Ex. B ¶ 51; Abu Hantash Affid. at ¶ 14, Ex. B.

13. Plaintiff Abu Hantash then signed the 2006 Management Agreement only in her capacity as the model's parent and/or legal guardian. Handwerker Affirm. Ex. A ¶ 52, Ex. B ¶ 52.

14. A true and accurate copy of the 2006 Management Agreement containing Plaintiff Abu Hantash's hand-written revisions including the Termination Provision is annexed to the affidavit of Lisa-Athena S. Abu Hantash submitted in connection with the within motion as Exhibit B.

15. The insertion of the aforementioned language constituted a counteroffer to the proposed 2006 Management Agreement. Abu Hantash Affid. Ex. B.

16. Jordan Richardson and/or Jordan Richardson, Inc. did not sign the 2006 Management Agreement. Handwerker Affirm. Ex. A ¶ 53, Ex. B ¶ 53; Abu Hantash Affid. Ex. B.

17. After Plaintiff Abu Hantash sent the 2006 Management Agreement with the Termination Clause to Defendant VNY, Defendant VNY objected to the language of the Termination Clause. Abu Hantash Affid. at ¶ 16.

18. The rejection of the language by Defendant VNY constituted a rejection of Plaintiff Abu Hantash's counteroffer. Abu Hantash Affid. Ex. B.

19. Therefore, the parties did not enter into a binding contract regarding the 2006 Management Agreement. Abu Hantash Affid. Ex. B.

20. Plaintiff Abu Hantash thereafter modified the language of the Termination Provision on the signature page of the 2006 Management Agreement to read as follows: "Jordan Richardson or representative has the right to cancel the contract with a written notice 30 days prior to the expiration of the contract" ("Modified Termination Provision"). Handwerker Affirm. Ex. A ¶ 56, Ex. B ¶ 56; Abu Hantash Affid. at ¶ 17, Ex. C at 6.

21. Solely in her capacity as mother and legal guardian for Jordan Richardson and to indicate her assent to her daughter's entry into the 2006 Management Agreement, Plaintiff Abu Hantash signed the 2006 Management Agreement incorporating the Modified Termination Clause . Handwerker Affirm. Ex. A ¶¶ 57, 72, 73, Ex. B ¶¶ 57, 72, 73; Abu Hantash Affid. at ¶ 18, Ex. C.

22. By signing the 2006 Management Agreement in this capacity, Plaintiff Abu Hantash did not agree nor was obligated to perform and/or assume any obligations under the 2006 Management Agreement. Handwerker Affirm. Ex. A ¶¶ 72-73, Ex. B ¶¶ 72-73.

23. After signing the 2006 Management Agreement, Plaintiff Abu Hantash faxed the 2006 Management Agreement with her hand-written revisions including the Modified Termination Provision to Defendant VNY for its signature. Abu Hantash Affid. at ¶ 20.

24. A true and accurate copy of the 2006 Management Agreement containing Plaintiff Abu Hantash's hand-written revisions including the Modified Termination Provision is annexed to the affidavit of Lisa-Athena S. Abu Hantash submitted in connection with the within motion as Exhibit C.

25. The 2006 Management Agreement designated Defendant VNY and Plaintiff Jordan Richardson, Inc. as the parties to the agreement. Abu Hantash Affid. Ex. C at 1.

26. However, Plaintiff Jordan Richardson, Inc. and/or Jordan Richardson, individually, did not sign the 2006 Management Agreement. Handwerker Affirm. Ex. A ¶¶ 58, 70, 71, Ex. B ¶¶ 58, 70, 71; Abu Hantash Affid. at ¶ 19, Ex. C at 6.

27. Defendant VNY did not immediately execute the 2006 Management Agreement or provide a response to Plaintiff Abu Hantash with respect to the insertion of the Modified Termination Provision. Abu Hantash Affid. at ¶ 21.

28. Prior to February 2007, Defendant VNY did not provide Plaintiffs with a copy of the executed 2006 Management Agreement. Id. at ¶¶ 21-25.

29. Several times prior to February 2007, Plaintiff Abu Hantash and/or her mother, Rachelle Saunders (Jordan Richardson's grandmother), requested a copy of the executed 2006 Management Agreement. Id. at ¶ 23.

30. On or about February 12, 2007, Defendant VNY informed Plaintiff Abu Hantash that she would have a copy of the executed 2006 Management Agreement no later than February 16, 2007. Id. at ¶ 24.

31. Defendant VNY did not provide Plaintiff Abu Hantash with a copy of the executed 2006 Management Agreement by February 16, 2007. Id. at ¶ 25.

32. Via correspondence dated February 16, 2007, Plaintiff Abu Hantash informed Defendant VNY that because it failed to provide her with a copy of the executed 2006 Management Agreement, Plaintiffs were rejecting the 2006 Management Agreement. Handwerker Affirm. Ex. A ¶ 66, Ex. B ¶ 66; Abu Hantash Affid. at ¶ 26; Ex. D.

33. A true and accurate copy of the correspondence dated February 16, 2007 from Plaintiff Abu Hantash to Defendant VNY is annexed to the affidavit of Lisa-Athena S. Abu Hantash submitted in connection with the within motion as Exhibit D.

34. The correspondence dated February 16, 2007 was sent via Federal Express on February 17, 2007. Abu Hantash Affid. at Ex E.

35. The letter rejecting the 2006 Management Agreement was accepted by Defendants' attorney, Natalia Nastaskin, Esq., and/or her employees, agents and/or servants on February 20, 2007 at 2:11 p.m. Id. at Ex. F.

36. Via correspondence dated February 27, 2007, Defendant VNY, by and through Ms. Nastaskin, provided Jordan Richardson with the executed signature page of the 2006 Management Agreement containing the Modified Termination Provision. Id. at ¶ 30, Ex. G.

37. A true and accurate copy of the correspondence dated February 27, 2007 from Natalia Nastaskin, Esq. to Jordan is annexed to the affidavit of Lisa-Athena S. Abu Hantash submitted in connection with the within motion as Exhibit G.

38.     The counterpart signed by Defendant VNY was mailed 10 days after the letter rejecting the 2006 Management Agreement was sent by Plaintiffs, and 1 week after actual receipt of the letter rejecting the 2006 Management Agreement. See Abu Hanatash Affid. at Ex. D, E and F; cf. Ex. G.

39.     Plaintiff Abu Hantash had already rejected the 2006 Management Agreement on February 17, 2007 and before Defendant VNY accepted the 2006 Management Agreement on February 27, 2007. Id. at Ex. D, Ex. E.

40.     By rejecting the 2006 Management Agreement before it was accepted by Defendant VNY, the parties did not have an enforceable agreement. Id.

41.     Via correspondence dated March 21, 2007, Jordan Richardson, by and through her attorneys, notified Defendant VNY Management, by and through its attorney, that Jordan Richardson had terminated all agreements with Defendants. Handwerker Affirm. at Ex. C.

42.     A true and accurate copy of the correspondence dated March 21, 2007 from Christine M. Yearing Esq., attorney for Plaintiffs, to Natalia Nastaskin, Esq., attorney for Defendants, is annexed to the affirmation of Gavin I. Handwerker, Esq. submitted in connection with the within motion as Exhibit C.

43.     Again, via correspondence dated April 11, 2007, Defendants, by and through their attorneys, were notified that Jordan Richardson had terminated all agreements with Defendant V Management and rejected all proposed agreements with Defendant VNY. Handwerker Affirm. at Ex. D.

44. A true and accurate copy of the correspondence dated April 11, 2007 from Gavin I. Handwerker, Esq., attorney for Plaintiffs, to Natalie Nastaskin, Esq., attorney for Defendants, is annexed to the affirmation of Gavin I. Handwerker, Esq. submitted in connection with the within motion as Exhibit D.

45. Defendants admit that the 2005 Model Management Agreement is not enforceable as it is "moot and irrelevant" and "dead". Handwerker Affirm. Ex. A ¶¶ 33, 34, 35, 89, 93-99, 145-146, Ex. B ¶¶ 33, 34, 35, 89, 93-99, 145-146.

46. Specifically, Defendants assert that the 2005 Model Management Agreement ended as of June 18, 2006. Handwerker Affirm. Ex. A ¶¶ 33, 34, 93-99, 145-146, Ex. B ¶¶ 33, 34, 93-99, 145-146.

47. In addition, Defendants assert that the 2005 Model Management Agreement "is null and void and has been null and void since June 18, 2006." Handwerker Affirm. Ex. A ¶ 145, Ex. B ¶ 145.

48. Moreover, Defendants, similar to Plaintiffs, also request that the Court "declare that the 2005 Management Agreement between Plaintiffs and Defendant, V Models, Corp., is null and void and as [sic] been null and void since June 18, 2006." Handwerker Affirm. Ex. B ¶ 157 ("Prayer" ¶ 3).

49. With regard to the 2006 Management Agreement, Defendants admit that Defendant VNY will continue to hold the infant model Jordan to the terms of the 2006-2008 Model Management Agreement her mother, Abu Hantash gave her written consent to and will seek monetary damages for each and every breach of said Model Management Agreement and VNY will remain the infant model, Jordan Richardson, exclusive Model Management Agency

until the current 2006-2008 Model Management Agreement expires on June 18, 2008."

Handwerker Affirm. Ex. A ¶ 79, Ex. B ¶ 79.

Dated:  New York, New York
        May 31, 2007

                                      NISSENBAUM LAW GROUP, LLC


                                      /S/ GAVIN I. HANDWERKER
                                      By:  Gavin I. Handwerker (GIH6191)
                                      *Attorneys for Plaintiff*
                                      140 Broadway, 46th Fl.
                                      New York, New York 10005
                                      (212) 871-5711


To:    Wilmer H. Grier, Esq.
        *Attorneys for Defendants*
        V MODEL MANAGEMENT NEW YORK, INC. and
        VNY MODEL MANAGEMENT, LLC
        603 Jefferson Avenue
        Brooklyn, New York 11221