ċ

Wilmer Hill Grier
Attorney At Law
603 Jefferson Avenue
Brooklyn, New York 11221
Office telephone (718) 443-3873
Facsimile (718) 453-1276
Attorney for Defendants V Models, Corp.(V Model Management, Inc.), and
VNY Model Management, LLC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

LISA ATHENA S. ABU HANTASH, in her                    CIVIL  ACTION NO.:
Individual capacity and as mother and natural guardian of        CV 3363/07
JORDAN ANNETTEE JAZZMIN RICHARDSON, a minor, and
JORDAN RICHARDSON, INC., a Virginia Corporation,

                                                      VERIFIED
                        Plaintiffs,                   ANSWER AND
                                                      DEMAND FOR
        V.                                            JURY TRIAL

V MODEL MANAGEMENT NEW YORK, INC., and
VNY MODEL MANAGEMENT, LLC.

                        Defendants.

---------------------------------------------------------x


Defendant, V. MODELS , CORP., referred by plaintiff in the caption as (V MODEL

MANAGEMENT NEW YORK,  INC.) is a dissolved New York State Corporation

( hereinafter called "V") and defendant, VNY MODEL MANAGEMENT, LLC.,

(hereinafter called VNY.)


(hereinafter called "VNY") answers the Plaintiffs' complaint as follows:


1.      Defendants deny the allegations contained in Paragraph " 1" of the Complaint.

2.      Defendants deny the allegations contained in Paragraph " 2" of the Complaint.

3.      Defendants deny the allegations contained in  Paragraph " 3" of the Complaint.

4.      Defendants deny the allegations contained in Paragraph "4" of the Complaint.

5.      Defendants deny the allegations contained in Paragraph "5" of the Complaint.

6.      Defendants admit the allegations contained in Paragraph "6" of the Complaint.

7.      Defendants admit the allegations contained in paragraph "7" of the Complaint.

8.      Defendants admit the allegations contained in paragraph " 8" of the Complaint.

9.      Defendants allege that  "V" and "VNY"  are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint and denies that the allegation that 22354 Graystone Drive, Carrollton, Virginia 23314 has been the residence of the Plaintiff, LISA-ATHENA S. ABU HANTASH at all times mentioned herein.

10.     Defendants allege that "V" and "VNY" are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph"10" of the Complaint.

11.     Defendants "V" and "VNY" admit that Plaintiff Jordan was and still is a citizen of the United States of America, but deny that the Plaintiff Jordan has resided throughout

the times mentioned herein at 22354 Graystone Drive, Carrollton, Virginia 23314 because this house was purchased by the infant Jordan, sometime in 2006.

12.     Defendants admit the allegations contained in Paragraph "12" of the Complaint.

13.     Defendants deny the allegations contained in Paragraph "13" of the Complaint, because the Corporation "V MODELS CORP., (which was the legal name of "V" was dissolved August 15, 2005.

14.     Defendants admit the allegations contained in Paragraph "14" of the Complaint.

15.     Defendants admit the allegations contained in Paragraph "15" of the Complaint.

16.     Defendants deny the allegations contained in Paragraph "16" of the Complaint.

17.     Defendants admit the allegation contained in Paragraph "17" of the Complaint.

18.     Defendants allege that "V" and "VNY" are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "18" of the Complaint.

19.     Defendants admit the allegations contained in paragraph "19" of the Complaint.

20.     Defendants admit the allegations contained in paragraph "20" of the Complaint.

21.    Defendants admit the allegations contained in paragraph "21" of the Complaint.

22.    Defendants deny the allegations contained in paragraph " 22" of the Complaint and allege that the Plaintiff, Abu Hantash, did not express any desire or willingness to travel with her daughter, the infant Model Jordan Richardson, on her modeling assignments in 2005 and 2006, except for the one modeling assignment and that was when L'Oreal, which had hired the infant Jordan to model in Buenos Aires, Argentina agreed to pay her mother, Abu Hantash, $11,000.00 airlines fare and    ,agreed to cover hotel cost for Plaintiff, Abu Hantash, while Jordan was performing a modeling assignment in the country of Buenos Aires, Argentina.

23.    Defendants deny the allegations contained in paragraph "23" of the Complaint.

24.    Defendants deny the allegations contained in paragraph "24" of the Complaint.

25.    Defendants deny the allegations contained in paragraph "25" of the Complaint.

26.    Defendants deny the allegations contained in paragraph "26" of the Complaint.

27.    Defendants lacks sufficient information or belief to form a belief as to the truth of the allegations contained in paragraph"27" of the Complaint.

28.    Defendants admit the allegations contained in paragraph "27" of the Complaint.

29.    Defendants admit the allegation contained in paragraph "29" which states that the 2005 Model Management Agreement was signed by Jordan, however, denies that the Plaintiff was 16 years of age when she was in fact 15 years of age, and Defendants further state that this Agreement was signed by the infant Jordan's Mother, Abu Hantash and in New York State a mother can sign a binding Model Management Agreement for her infant daughter.

30.    Defendants admit the allegations contained in paragraph "30" of the Complaint where the Plaintiff states that Plaintiff Abu Hantash signed the 2005 Management Agreement, where Abu Hantash gave her consent to the 2005 Model Management Agreement in her capacity as parent of the infant Model Jordan Richardson, but Defendants deny that Plaintiff Abu Hantash was ever the legal guardian of the infant Model Jordan Richardson and allege that the Plaintiff Abu Hantash signed said agreement giving her consent to the modeling agreement so that her daughter, the infant Model Jordan could work for advertisers as a model.

31.    Defendants admit the allegations contained in paragraph "31" and allege that Plaintiff, Abu Hantash's written consent was necessary on the Model Management Agreement where infant Model Jordan was agreeing to work for advertising purposes as a model.

32.   Defendants admit the allegations contained in paragraph "32" of the Complaint.

33.      Defendants admit the allegation contained in part in paragraph "33" where Plaintiff states the initial term of the Jordan and V 2005 Management Agreement was for two years, however, due to the fact that the initial Model Management Agreement was with "V" Model Corp., a New York Corporation which was dissolved on August 15, 2005 and the fact that the infant Model, Jordan Richardson  entered into a contract with VNY Model Management, LLC., "V" successor Model Management Company VNY and that the Plaintiff, Abu Hantash as parent of the infant Model Jordan Richardson signed a written contract giving her consent to the June 19, 2006-June 18, 2008 Model Management Agreement with VNY which commenced June 19, 2006 and ends June 18, 2008 as a result  the prior 2005 Model Management Agreement  that the model Jordan had with "V" ended as of June 18, 2008 and this issue is now moot and irrelevant.

34.      The Defendants deny the allegations contained in paragraph "34" and allege further that this is a frivolous allegation because the 2005 Model Management Agreement ended as of June 18, 2006 and the automatic extension issue is now moot and irrelevant.

35.   Defendants      deny      the      allegations      contained      in      paragraph      "35" of the Complaint and further allege that this is a frivolous allegation ( just as this entire case is frivolous )where the Plaintiffs allege that the now **dead** 2005 Model Management Agreement , an agreement  the Plaintiff, Abu Hantash consented to in order to allow her infant daughter, the infant Model Jordan to work as a professional model for advertisers

**is a perpetual contract** where **said 2005  Agreement** which the Plaintiff Abu Hantash signed and executed was with a New York State Corporation which has been legally dissolved as of August 15, 2005 and where the plaintiff, Abu Hantash as the parent of the infant Model Jordan entered into a subsequent written agreement with the Defendant, "V'$_s$" successor "VNY Model Management, LLC., and said Agreement commenced June 19, 2006 and ends June 18, 2008.

36.    Defendants admit that the managing member of VNY, Lana Vinderman A/K/A Lana Winters did suggest to Plaintiff, as one recommendation among several, that Abu Hantash investigate and (1) hire an accountant/lawyer to determine if setting up a corporation would help the infant Model Jordan tax wise and (2) that Lana Vinderman also at that time expressed her concerns to the Plaintiff, Abu Hantash, concerning the manner in which the Plaintiff, Abu Hantash was spending the infant Jordan's earnings from her modeling work. (3) Mrs. Vinderman expressed to the Plaintiff, Abu Hantash that in her opinion the ways in which the Plaintiff, Abu Hantash was spending the earnings the Plaintiff, the infant Model Jordan was earning from her modeling work; was in ways VNY managing member Lana Vinderman /a/k/a Lana Winters (4) **perceived were not in the best interest of the infant model, Jordan and in her opinion (5) showed extremely poor financial/fiscal management and  financial judgment** on the parts of the Plaintiff, Abu Hantash and (6) as the year 2006 progressed Lana Winter observed in **"horror"** some of Abu Hantash's purchases and actions; (7) some examples of  the manner in which the infant Jordan's earnings have been spent  by her mother, the Plaintiff, Abu Hantash herein have been to purchase a new SUV, (8)  to encourage Jordan

to spend more than $600,000.00 to purchase a home in the State of Virginia (where title is vested in infant model, Jordan and her grandmother's name) when the infant Jordan if she continues to work as a model will be based in New York City, (9) numerous electronics, electronic gadgets to the excess, especially cellular telephones, household furnishings, food, clothes for every one in her immediate family, (10) all travel costs and the support of all of the unemployed people in her family, sister, sister's baby, grandmother (maybe baby's daddy) and including the infant model Jordan's Mother Abu Hantash who has no visible means of support and (11) finally the hiring of the Nissenbaum Law Group, LLC, Gavin I. Handwerker, Esq., of Counsel to commence this frivolous legal action and whose advice so far includes the advising of the infant Model Jordan to breach her valid enforceable Model Management Agreement with VNY Model Management, LLC. (12) That the Plaintiff, Abu Hantash has done all of the above **instead of following Lana Vinderman's (A/K/A) recommendations i.e., upon information and belief of (13) setting up a saving plan and investing the infant Jordan's money in a manner where it will accumulate for the infant Jordan's future, for example higher education etc., or for her own use when she becomes an adult and (14) doing all acts which would be consistent generally with the preserving and preservation/growth of the infant model Jordan Richardson's assets as the infant model rapidly approaching emancipation and adulthood nears in 2008. Abu Hantash knows that the infant Model Jordan earnings situation are earned by the infant Model, Jordan Richardson performing modeling services as an independent contractor and are not taxed initially).**

37.    Defendants lack sufficient information or belief sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Complaint.

38.    Defendants lack sufficient information or belief to form a belief as to the truth of the allegations contained in paragraph "28" of the Complaint.

39.    Defendants lacks sufficient information or belief sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Complaint.

40.    Defendants lack sufficient information or belief sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the Complaint.

41.    Defendants admit the allegations contained in paragraph "41 of the Complaint.

42.    Defendants deny the allegations contained in paragraph "42" of the Complaint.

43.    Defendants deny that the Model Management Agreement with VNY was forwarded to Plaintiff, Abu Hantash as alleged in the allegations contained in paragraph "42" and "43" of the Complaint, however, Defendants admit that the 2006 Model Management Agreement was forwarded to Plaintiffs sometime before June 19, 2006.

44.    Defendants deny the allegations contained in paragraph "44" of the Complaint.

45.    Defendants deny the allegations contained in paragraph "45" of the Complaint.

46.    Defendants admit the allegations contained in paragraph "46" of the Complaint.

47.    Defendants deny the allegations contained in paragraph "47" of the Complaint.

48.    Defendants admit the allegations contained in paragraph "48" of the Complaint.

49.    Defendants deny the allegations contained in paragraph "49" of the Complaint, because this provision was modified by the Plaintiff, Abu Hantash in her own handwriting which reads "Jordan Richardson or representative has the right to cancel the contract with a written notice 30 days prior to the expiration of the contract." This provision was initialed by Jordan Richardson's mother Abu Hantash and represents another frivolous allegation in the Plaintiff's Complaint.

50.    Defendants admit the allegation contained in paragraph "50" of the Complaint and Defendants also allege that Plaintiff, Abu Hantash initialed each and every paragraph of the 2006 Model Management Agreement and at the end of the Agreement, she signed the Agreement , giving her consent to in writing.

51.    Defendants admit the allegations contained in paragraph "51" of the Complaint.

52.    Defendants admit the allegations contained in paragraph "52" of the Complaint.

53.    Defendants admit the Plaintiff, the infant Model Jordan's name appears on the signature page, however, the consent to the 2006 Model Management Agreement for the infant Model Jordan Richardson was given in writing by her mother, Abu Hantash and as such is legally binding in the State of New York.

54.    Defendants admit the allegations contained in paragraph "54" of the Complaint.

54.    Defendants deny the allegations contained in paragraph "55" of the Complaint.

56.    Defendants admit the allegations contained in paragraph "56" except has no knowledge sufficient to form a belief as to the exact date in June, the 2006 Model Management Agreement with VNY was signed by the Plaintiff, Abu Hantash.

57.    Defendants admit the allegations contained in paragraph "57" of the Complaint.

58.    Defendants admit allegations contained in paragraph "58" of the Complaint, and further allege that in New York State a parent can sign in writing and create a binding and enforceable contractual agreement binding the infant model by giving her written consent to the modeling management agreement for the infant model.

59.    Defendants deny the allegations contained in paragraph "59" of the Complaint.

60.    Defendants deny the allegations contained in paragraph "60" of the Complaint.


61.    Defendants deny the allegations contained in paragraph "61" of the Complaint and Defendants also allege that "V" and "VNY" lack sufficient information or belief sufficient to form a belief as to the truth of the allegations in paragraph "61" where Plaintiff, Abu Hantash alleges that she did not realize until October, 2006 that VNY did not provide her with a copy of the executed 2006 Management Agreement and Defendants, especially when the record shows that the Plaintiff, Abu Hantash faxed a copy of the 2006-2008 Model Management Agreement to Defendants in July 11, 2006 from Virginia, deny the implication or statement of fact that, Plaintiff, Abu Hantash has made in her allegations contained in paragraph "61" contained in the Complaint.


62.    Defendants deny the allegations contained in paragraph "62" of the Complaint, except to admit that the infant, model Jordan's signature did not appear on the 2006 VNY Model Management Agreement and the infant model Jordan's signature was not required where her mother, plaintiff, Abu Hantash has already signed the 2006-2008  Model Management Agreement with VNY and where in New York State, a parent's consent was and is binding on infant Model, Jordan Richardson.


63.    Defendants deny the allegations contained in paragraph "63" of the Complaint.


64.    Defendants deny the allegations contained in paragraph "64" of the Complaint.

65.    Defendants deny the allegations contained in paragraph "65" of the Complaint and alleges that the allegations in paragraph "65" show and document the lies of the Plaintiff, Abu Hantash where the attempts invalidate the legally enforceable 2006-2008 Model Management Agreement she had signed in writing in June 2006, binding her daughter, the infant Model Jordan Richardson, to the binding enforceable Model Management Agreement.

66.    Defendants admit the allegations contained in paragraph "66" of the Complaint where it is alleged by Plaintiff that the letter dated February 16, 2007, was sent by the Plaintiff, Abu Hantash to Defendant "VNY" and was sent by Plaintiff upon information and belief in an effort of plaintiff's Abu Hantash to have the 2006-2008 declared null and void and announces the plaintiff's unilateral intention to breach the 2006-2008 contract where both the defendant, VNY Model Management, LLC ( **The February 16, 2007 upon information and belief was sent to the defendant "VNY" because plaintiff, Abu Hantash was angry with the defendant, VNY's managing member, Lana Vinderman A/K/A because of the financial recommendations and Lana's advice to plaintiff, Abu Hantash concerning her articulated opinions about the way plaintiff, Abu Hantash was misspending and misappropriating the infant model Jordan's earnings from her modeling work)** and the plaintiff, the infant Model Jordan had an executed bilateral contract and where both the plaintiffs and defendant had given their mutual assent and manifestation of Assent, where consideration was of record and where the contract had been substantially performed by both Plaintiff and Defendant, "VNY" and where Plaintiff, infant Model Jordan had earned more that $400,000.00 all

of which had been paid by "**VNY**" and accepted by the infant, Model Jordan Richardson as compensation. The February 16, 2007 letter documents  where the 2005 Model Management Agreement **was dead and  that the 2005 Model Management Agreement with "V Model Corp.,  was a prior written Model Management Agreement  signed and executed  by plaintiff, Abu Hantash to bind her infant daughter to a model mangement agreement with a New York State Corporation known as "V" Models Corp., a New York Corporation that had been dissolved as of August 15, 2005.  That this letter was sent in an attempt to manipulate the actual facts of what had occurred previously between the parties, plaintiffs and defendants and was sent by Plaintiff, Abu Hantash who had no actual knowledge of her inability  to revive the dead 2005 Model Management Agreement she had executed with "V" Models Corp.**

67.    Defendants deny the ridiculous and frivolous allegation contained in paragraph "67" of the Complaint except admit that the Plaintiff, Abu Hantash, as mother of the infant Model Jordan signed version of the "2006-2008 Model Management Agreement was again forwarded to Plaintiff, Abu Hantash.

68.    Defendants admit the allegations contained in paragraph "68" of the Complaint.

69.    Defendants deny the allegations contained in paragraph "69' of the Complaint.

70.    Defendants admit the allegations contained in paragraph "70" the Agreement was signed and executed by the infant model Jordan's parent, Abu Hantash and the infant, model Jordan's signature was not necessary because a modeling contract provides for

work for advertising purposes.

71.    Defendants admit the allegations contained in paragraph "71" of the Complaint.

72.    Defendants admit the allegations contained in paragraph "72" where the plaintiff, Abu Hantash admits that she signed the 2006-2008 Model Management Agreement with VNY in her capacity as mother/and or legal guardian of the infant Model Jordan, and defendants further allege that said written  consent by Abu Hantash was the only consent necessary to make the 2006-2008 VNY Model Management Agreement she signed with defendant, VNY  and the Plaintiff, Abu Hantash's written consent made the 2006-2008 aModel Management Agreement with VNY binding on the infant Model Jordan Richardson.

73.    Defendants admit the frivolous allegations contained in paragraph "73' of the Complaint, since the infant model's mother, Abu Hantash is not a **model and the only reason she signed the 2006-2008 VNY Model Management Agreement for her daughter, the infant Model, Jordan Richardson, was/is because it is required by New York State Laws.    In New York State under the prevailing rules of law and case law modeling agreements/contracts  in order to bind an infant model must be signed in writing  by the infant's parent or guardian . See, <u>Brooke Shield v. Garry Gross, 448 N. E. 2nd 108, and 58 N.Y. 2d 338, (1983) ( See, a copy of this decision annexed hereto as Exhibit "D."</u>**

74.    Defendants admit the allegations contained in paragraph "74 of the Complaint.

75.    Defendants deny the frivolous allegations contained in paragraph "75" of the Complaint, because the Model Agreement was modified by the Plaintiff, Abu Hantash in her own handwriting  to change this paragraph  in the 2006-2008 Model Management Agreement and is one of the terms of the valid, enforceable 2006-2008 Model Management Agreement between the parties hereto.

76.    Defendants deny the allegations contained in paragraph "76" of the Complaint.

77.    Defendants deny the allegations contained in paragraph "77" deny the allegations contained in paragraph "77" of the Complaint and allege that said letter of March 21, 2007 documents plaintiff's intentional and unilateral breach of the 2006-2008 Model Management Agreement that the Plaintiff, has with VNY Model Management, LLC. Defendants further  deny the stupid, ridiculous  allegations contained in paragraph "77" of the Complaint and assert this is another example of where the plaintiffs have attempted to revive the terms of a dead contract, an agreement plaintiff had with V Models, Corp., a dissolved New York State Corporation, after Plaintiff, the infant Model Jordan Richardson and the Defendant, VNY Model Management had substantially performed the terms of the 2006-2008 bilateral contract for a period of  more than one year pursuant to the terms of  the 2006-2008  Agreement that the infant model, Jordan's mother, Abu Hantash has given her consent to with VNY in June, 2006.

78.    Defendants deny the allegations contained in paragraph "78" of the Contract and assert a modeling contract signed by an infant model's parent in this case is binding upon said infant in New York State and cannot be disaffirmed.

79.    Defendants lack sufficient information or belief sufficient to form a belief as to the truth of the allegations contained in paragraph "79' and because decisions are being made by individuals who have not had Jordan's best financial interest  and continue not to have Jordan's best interest as their priority defendant, VNY admits that it will continue to hold the infant model Jordan to the terms of the 2006-2008 Model Management Agreement her mother, Abu Hantash gave her written consent to and will seek monetary damages for each and every breach of said Model Management Agreement and VNY will remain the infant model, Jordan Richardson, exclusive Model Management Agency until the current 2006-2008 Model Management Agreement expires on June 18, 2008.

80.    Defendants, specifically the defendant VNY admits the allegations contained in paragraph "80" of the complaint.

81.    Defendants, specifically, the defendant VNY's  admits the allegations contained in paragraph "81" of the Complaint.

82.    Defendants, specifically, the defendant, VNY's  admits the allegations contained in paragraph "82" except to qualify that payments to the infant model Jordan are disbursed as soon as they are received from the advertisers.

83.    Defendants, specifically, the defendant VNY denies that it has ever failed to remit any payments due to the infant model Jordan for the modeling services she has provided and since the parties have been involved in litigation and pre-litigation in the instant case checks for payments of modeling services have been forwarded to the infant model Jordan, by VNY but these payments (checks) have remained un-cashed and un-deposited by the infant Model Jordan.

84.    Defendants deny the allegations contained in paragraph "84" of the Complaint.

85.    Defendants repeat, reiterate and reallege each and every denial of each and every allegation contained in the foregoing paragraphs "1" through "84" with the same force and effect as if fully set forth at length herein.

86.    Defendants admit the allegation contained in paragraph "86" of the Complaint.

87.    Defendants deny the allegations contained in paragraph "87" of the Complaint.

88.    Defendants deny the allegations contained in paragraph "88" of the Complaint.

89.    Defendants deny the frivolous allegations contained in paragraph "89" of the Complaint, the plaintiff, Abu Hantash is not a model and clearly gave her written consent to the now dead 2005 Model Management Agreement binding her infant model daughter, Jordan Richardson to the 2005 Management Agreement.

90.    Defendants admit the allegations contained in paragraph "90" of the Complaint.

91.    Defendants deny the allegations contained in paragraph "91" of the Complaint.

92.    Defendants repeat, reiterate and reallege each and every denial of each and every allegation contained in paragraphs "1" through "91" with the same force and effect as if fully set forth at length herein.

93.    Defendants admit part of the allegations contained in paragraph "93" of the Complaint that the initial term of the 2005 Model Management Agreement commenced in 2005, except denies and asserts that the 2005 Model Management Agreement that the infant model, Jordan Richardson's Mother Abu Hantash consented to with "V Models Corp"., did not end as of  April 22, 2007 because  that the 2005 Model Management Agreement was ended/ dead as  of June 18, 2006  the date the plaintiff's Mother gave her consent to the 2006 -2008 Model Management Agreement whereby the infant Jordan agreed to be managed by VNY Model Management, LLC., and additionally, because V. Models Corp., (VNY predecessor Model Management Agency) a New York State Corporation was dissolved as of August 15, 2005 and therefore  the  2005 Model Management agreement, plaintiff, Abu Hantash had executed with V Models Corp., ended as of June 18, 2006.

94.    Defendants deny the allegations contained in paragraph "94" contained in the Complaint and further assert this issue is moot/irrelevant because the 2005 Model

Management Agreement plaintiff, Abu Hantash signed with V Models, Corp., ended as of June 18, 2006.

95.    Defendants deny the allegations contained in paragraph "95" of the Complaint and further assert that this issue is moot/irrelevant because the 2005 Model Management Agreement plaintiff, Abu Hantash signed with V Models, Corp., ended as of June 18, 2006.

96.    Defendants deny the allegations contained in paragraph "96" of the Complaint and further assert that this issue is now moot/irrelevant because the 2005 Model Management Agreement, plaintiff, Abu Hantash signed with V. Models, Corp., ended as of June 18, 2006.

97.    Defendants deny the allegations contained in paragraph "97" of the Complaint and further assert that this issue is now moot/irrelevant because the 2005 Model Management Agreement, plaintiff, Abu Hantash signed with V. Models, Corp., ended as of June 18, 2006.

98.    Defendants deny the allegations contained in paragraph "98" of the Complaint and further assert that this issue now moot/irrelevant and represents a frivolous allegation in this complaint because the 2005 Model Management Agreement, plaintiff, Abu Hantash signed with V. Models, Corp., ended June 18, 2006.

99.    Defendants deny the allegations contained in paragraph "99" of the Complaint and assert further that this issue is now moot/irrelevant, frivolous  and without any merit because the 2005 Model Management Agreement plaintiff, Abu Hantash ended as of June 18, 2006.

100.    Defendants repeat, reallege, reiterate an reallege  and each and every denial  of each and every allegation contained in the foregoing paragraphs "1" through "99" with the same force and effect as if fully set forth at length herein.

101.    Defendants deny the allegations contained in paragraph "101" of the Complaint.

102.    Defendants admit the allegations contained in paragraph "102" of the Complaint and further allege that the 2006-2008 Model Management Agreement was signed in writing by the infant model's mother, the plaintiff, Abu Hantash.

103.    Defendants admit the allegations contained in paragraph "103" of the Complaint.

104.    Defendants deny the allegations contained in paragraph "104" in paragraph "104' accept to admit that the defendant, the infant model Jordan's Mother signed this bilateral contract and the plaintiff Jordan gave her consent/assent by her substantial performance of the contract with VNY for a period of 11 months, accepted modeling assignments from VNY Model Management, LLC,.and received payments for her modeling services for an amount in excess of $400,000.00.

105.    Defendants deny the allegation contained in paragraph "105" of the Complaint.

106.    Defendants deny that the allegation that the New York State General Obligation Law Section -701 is applicable to the 2006-2008 written, executed Model Management Agreement between VNY Model Management, LLC , an agreement signed and executed and giving her consent, by the infant model's mother, Abu Hantash.

107.    The defendants deny the allegations contained in paragraph "107" and assert it is a frivolous description of the 2006-2008 written VNY Model Management Agreement that was signed and consented to by the infant model's mother, Abu Hantash, who initialed each and every paragraph of the 2006-2008 Model Agreement and where the Agreement was signed by VNY Model Management, LLC, managing member , Lana Winters A/K/A Lana Vinderman and was signed by the infant model's mother Abu Hantash.

108.    Defendants admit the allegation contained in paragraph "108" accept to assert that the infant Jordan Richardson name is clearly written under the AGREED AND ACCEPTED MODEL portion of the 2006-2008 VNY Model Management Agreement, as Jordan-Annettee J. Richardson and where her mother, Abu Hantash, signed AGREED AND ACCEPTED MODEL'S PARENT/LEGAL GUARDIAN, Lisa Athena S. Abu Hantash.

109.    Defendants deny this  frivolous allegations contained in paragraph "109" of the Complaint.

110.    Defendants deny the allegations contained in paragraph "110" of the Complaint and assert that plaintiff, **Abu Hantash is not a model, does not look like a model** and that plaintiff Abu Hantash signed the 2006-2008 Model Management Agreement as the parent/natural guardian of  her infant model daughter, Jordan Richardson,  who accordingly rendered  services as a model  during 2006 and was managed by VNY Model Management LLC, during 2006  for several months and the infant model received consideration and earning in excess of $400,000.00  and  where both the plaintiff, Jordan Richardson and the defendant VNY have substantially performed the contract until the plaintiff's announced their unilateral breach of the Contract as of April 22, 2007.

111.    Defendants deny the allegations contained in paragraph "111" of the Complaint and it is frivolous in its entirety, the plaintiff, Abu Hantash is not a model, upon information and belief  is not suitable to be a model, as she is well aware of  and probably would not be contracted to render modeling services under any circumstances by any Modeling Agency on the globe because of  her age and weight and the only reason the plaintiff, Abu Hantash signed the 2006-2008 was so that the VNY Model Management Agreement would be binding on her infant model daughter, Jordan Richardson, who has worked as a model since 2005 and earned more than $400,000.00 during 2006  and so that upon information and belief plaintiff, Abu Hantash could continue to spend/exploit the infant model Jordan's earnings for her own private benefit; especially before VNY Model Management, LLC, managing member, Lana Winters "pulled the plug" and

notified the New York Supreme Court of how the infant Jordan's income was being misused, misappropriated and not being preserved by her Mother, the plaintiff, Abu Hantash herein.

112. Defendants admit the allegations contained in paragraph "112" of the Complaint.

113. Defendants deny the allegations contained in paragraph "113" of the Complaint.

114. Defendants deny the allegations contained in paragraph "114" of the Complaint.

115. Defendants deny the allegations contained in paragraph "115" of the Complaint.

116. Defendants deny the allegations contained in paragraph "116" of the Complaint.

117. Defendants deny that the 2006-2008 Model Management Agreement that Plaintiff, Abu Hantash signed with the Defendant, VNY Model Management is unenforceable and assert that said 2006-2008 VNY Model Management Agreement is legally binding and enforceable.

118. Defendants, repeat, reiterate and reallege each and every denial of each and every allegation contained in the foregoing paragraphs "1" through "117" with the same force and effect as if fully set forth at length herein.

119. Defendants deny that the allegations that the 2006-2008 VNY Model Management is null and void with respect to Plaintiff, Abu Hantash, and plaintiff, Jordan

Richardson, and Jordan Richardson, Inc..

120.    Defendants admit the allegation contained in paragraph "120" of the Complaint.

121.    Defendants deny the allegations contained in paragraph "121" of the Complaint.

122.    Defendants admit the allegations contained in paragraph "122" of the Complaint.

123.    Defendants deny the allegations contained in paragraph "123" of the Complaint.

124.    Defendants deny that the 2006 Model Management Agreement as alleged in paragraph "124" of the Complaint is null and void and the plaintiff, Jordan Richardson is not obligation to perform there under.

125.    Defendants repeat, reiterate and reallege each and every denial  of each and every allegation contained in the foregoing paragraphs "1" through "124" with the same force and effect as if, fully set forth at length herein.

126.    Defendants admit the allegations contained in paragraph "126" of the complaint and further assert this was because V Models Corp., defendant, VNY Model Management LLC had been dissolved as of August 15, 2005 and that plaintiff's did not refuse or object to the signing of the 2006 Model Management Agreement with VNY Model Management, LLC..

127.    Defendants deny the allegations contained in paragraph "127" of the Complaint.

128.    Defendants deny the allegations contained in paragraph "128" of the Complaint.

129.    Defendants deny the allegations contained in paragraph "129" of the Complaint.

130.    Defendants deny the allegations contained in paragraph "130" of the Complaint.

131.    Defendants deny that the 2006 Management Agreement was fraudulently induced by Defendants and assert that the court does not have any reason to rescind the 2006 Management Agreement as alleged by plaintiffs in paragraph "131" of the Complaint.

132.    Defendants repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs "1" through "131" with the same force and effect as if fully set forth herein.

133.    Defendants lack sufficient information or belief sufficient to form a belief as to the truth of the allegations contained in paragraph "133" of the Complaint.

134.    Defendants deny that the plaintiffs have a like hood of success on the merits of this case and that the allegations of plaintiffs that 2006 Management agreement is " unenforceable and/or null and void and/or rescinded has no merit and are frivolous allegations as alleged by plaintiffs in paragraph "134" of the Complaint.

135.    Defendants deny the allegations contained in paragraph "135" of the Complaint.

136.    Defendants lack sufficient information or belief sufficient to form a belief as to the truth of the allegations contained in paragraph "136[th]" of the Complaint.

137.    Defendants deny the allegations contained in paragraph "137" of the Complaint.

138.    Defendants deny that the plaintiff are entitled to a permanent injunction restraining and enjoining defendants from asserting and enforcing the 2005 agreement in said allegations contained in paragraph "138" of the Complaint.

139.    Defendants repeat, reiterate and reallege each and every denial of each and every allegation contained in the foregoing paragraphs "1" through "138 with the same force and effect as if fully set forth at length herein.

140.    Defendants deny the allegations contained in paragraph "140" of the Complaint.

141.    Defendants deny the allegations contained in paragraph "141" of the Complaint.

142.    Defendant deny that the court needs to issue an order ordering Defendants to account for all monies received from third person with regard to the infant, model Jordan's modeling service and the amount and description of all deductions made by

Defendants with respect to these payment as stated in the allegations contained in

paragraph "142" of the

Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

143.    Defendants repeat and relterate and reallege each and every denial of each and

every allegation contained in the foregoing paragraphs "1" through "142" with the same

force and effect as if fully set forth at length herein.

144.    As and for a first Affirmative defense, defendants allege that the   Plaintiffs'

Complaint fails to state a claim upon which relief may be granted.

145.    As and for a second Affirmative defense defendants allege that 2005 Model

Management Agreement that the plaintiff, Abu Hantash consented to with V Model

Corp., to enable her daughter, the infant model Jordan Richardson to be managed by the

defendant V Models, Corp., and to render modeling services is null and void and has been

null and void since June 18, 2006.

146.    As and for a third Affirmative defense defendants allege that the defendant, V

Model Corp., is a now dissolved New York State Corporation and was dissolved as of

August 15, 2005 and additionally, that V Models Corp.,   2005 Model Management

Agreement with the infant model Jordan Richardson as agreed to consented to   and

signed by her Mother/natural guardian, Abu Hantash ended the day before the plaintiff,

Abu Hantash entered into the 2006 Model Management Agreement with the defendant, VNY to wit; June 18, 2006 and one day prior to June 19, 2006 the date the plaintiffs entered into the 2006 Model Management Agreement. ( See copy of dissolution filling receipt for the N. Y. S. Department of State Division of Corporations and State Records annexed hereto as Exhibit "A.")

147.    As a Fourth Affirmative defense defendants allege that the 2006 Model Management Agreement was duly signed, executed by the plaintiff, Abu Hantash in June/July 2006 mother/parent of the infant model Jordan Richardson and said Agreement contains the plaintiff, Abu Hantash's signature and acknowledgement where she acknowledged that she was agreeing and giving her consent to said 2006 modeling managing agreement to enable her infant daughter model, Jordan Richardson to be managed by VNY and to perform modeling services as a model and said agreement is binding and enforceable.

148.    As and for a Fifth Affirmative defense defendants allege that New York State General Obligation Law Section 3-105 requiring prior court approval of infant's contract applies only to performing artists, such as actors, musicians, dancers and professional athletes and therefore Court approval was not necessary to make the 2006 model management agreement as signed by plaintiff, Abu Hantash as a parent of the infant model Jordan Richardson binding and enforceable.

149.    As and for a Sixth Affirmative defense the 2006 VNY Model Management

Agreement was signed in writing by an infant model's mother, in this case Abu Hantash in 2006 and Lana Winters as the managing member of VNY Model Management, LLC and as a result the 2006 Model Management Agreement is valid and legally enforceable. See copy of 2006-2008 duly executed VNY Model Management Agreement annexed hereto as Exhibit "B"

150.  As and for a Seventh Affirmative defense the Defendants allege that the 2006 modeling agreement duly executed by the plaintiff, Abu Hantash, who is the mother and natural guardian of the infant model, Jordan Richardson and where said 2006 Model Management Agreement was also signed by the managing member of VNY Model Management, LLC, Lana Winters that said agreement is a legally binding and enforceable contractual agreement, especially in this situation, where there is mutual assent, consideration and a bilateral contract and where both the plaintiff, VNY and the infant Model, Jordan Richardson have duly performed services in accordance with the terms of the 2006 Model Management Agreement, ( See copies of cancelled checks issued by VNY to Jordan Richardson issued subsequent to June 19, 2006 as Exhibit "C"

151.  As and for an Eight Affirmative defense the Defendants allege upon information and belief that the only reason the plaintiff, Abu Hantash and defendant, Lana Winters no longer have a harmonious relationship and the reason plaintiffs have commenced this frivolous legal action against the defendant is because the defendant, VNY Model Management, LLC., managing member articulated her concerns to the plaintiff, Abu Hantash i.e. "that the plaintiff Abu Hantash was in her opinion not demonstrating that she was not protecting the infant model, Jordan Richardson's best financial

interest/interest of her child as demonstrated by the manner in which plaintiff, Abu

Hantash was spending and utilizing the infant model Jordan's earnings from rendering

model services, and that the Plaintiff, Abu Hantash who upon information and belief has

always been unemployed with no visible means of financial support was spending and

wasting the infant Jordan's income to cover her own financial responsibilities and that

these facts are demonstrated by the Plaintiff, Abu Hantash purchase of a new SUV, a

more than $600,000.00 home in the State of Virigina, electronic, shoes, clothes,

furnishing, food etc., and the support of other members of Abu Hantash's family and that

the Plaintiff, Abu Hantash was doing no acts consistent with the investment and

protection of the infant model Jordan income, so that some of her assets would be

preserved once the infant Jordan reaches her rapidly approaching majority and perhaps at

a time in which the infant Jordan, may need money to obtain a higher education and to

meet her other necessity needs once she becomes an adult.


## AS AND FOR A FIRST COUNTERCLAIM


152.  Defendants repeat, reiterate and realleges and incorporate by references to the

allegations contained in the foregoing paragraphs "1" through "151" of the Answer and

as set forth in defendants' Affirmative Defenses with the same force and effect as if fully

set forth at length herein.

153.  Defendants allege as and for defendants first Counterclaim that the plaintiffs have

unilaterally breached the 2006 VNY Model Management Agreement, by refusing to take

modeling assignments and that the plaintiff were urged to take this position by plaintiff's

attorneys.

154. That as a result of the plaintiff, the minor model Jordan's refusal to take any modeling assignment the defendants have been damaged in the sum of an amount exceeding $180,000.00 or more that will be determined a trial.

## PRAYER

1.    Defendants pray that:

2.    Plaintiffs' complaint be dismissed because it fails to state a Cause of action.

3.    That the court declare that the 2005 Model Management Agreement between Plaintiffs and Defendant, V Models, Corp., is null and void and as been null and void since June 18, 2006.

4.    Plaintiffs' complaint be dismissed with prejudice and that the court issue its decision affirming that the 2006-2008 VNY Model Management Agreement is a valid and enforceable Model Managment Agreement and that the plaintiff, Abu Hantash as the infant model, Jordan Richardson's parent could and did bind the infant model to the 2006-2008 Model Management Agreement when she signed the Model Management Agreement in 2006 as the infant model, Jordan Richardson's parent/natural guardian.

5.    That the New York Supreme Court's prior approval of the 2006 VNY Model Management Agreement was not necessary and was not required by New York State General Obligations Law Section 3-105.

6.    Defendants be awarded all sums due and owing to it under the 2006 VNY Model Management Agreement based on the plaintiffs breach of contract as described in the Counterclaim above in the sum of at least $180,000.00 or an amount to be determined at

trial..

7.      Defendants be awarded   Defendants reasonable attorney's fees and expenses incurred in responding to this action.

8.      Defendants be awarded pre and post judgment interest as allowed by law.

9.      Defendants be awarded Defendants costs of suit.


10.     Defendants be granted any and other relief that the Court deems just and proper.


Dated: May 17, 2007                        Yours etc.,
                                           Wilmer Hill Grier
                                           Attorney At Law
                                           By: _____
                                                Wilmer Hill Grier, Esq.,
                                                Attorney for Defendants,
                                                V Models, Corp., and VNY
                                                Model Management, LLC

## DEMAND FOR JURY

Defendants, VNY MODEL MANAGEMENT, LLC and V MODELS, CORP.,demand trial by jury for all triable issues in this action.

_____
Wilmer Hill Grier, Esq.,
Attorney for Defendants.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------x          **VERIFICATION**
LISA -ATHENA S. ABU HANTASH, in her
Individual capacity and as mother and natural          CIVIL CASE No.: 3363/07
Guardian of Jordan-Annettee Jazzmin Richardson,
A minor, and JORDAN RICHARDSON A
VIRGINIA CORPORATION,

                         PLAINTIFFS,

             V.
V MODEL MANAGEMENT NEW YORK, INC.,
And VNY MODEL MANAGEMENT, LLC.
                         DEFENDANTS.

------------------------------------------------x
State of New York
County of New York ) s. s:

LANA VINDERMAN A/K/A  LANA WINTERS  being duly sworn depose and say:

1. I am the managing member of VNY Model Management, LLC and I was the

President of V Models, Corp., a dissolved New York State Corporation the defendants

in the within action;  I have read the foregoing Verified Answer, Affirmative Defenses

and Counterclaim and know the contents thereof: the same is true to my own

knowledge, except as to the matters therein stated to be alleged on information and

belief, and as to those matters I believe it to be true.

Dated:  May 17, 2007          VNY MODEL MANAGEMENT, LLC and
                              V MODELS, CORP.,
New York, New York

                              _____
                              BY: LANA VINDERMAN A/K/A LANA WINTERS

                              _____
                              By:  LANA VINDERMAN A/K/A LANA WINTERS,
                              MANAGING MEMBER of VNY MODEL MANAGEMENT, LLC
                              and as President of V MODELS, CORP., a dissolved
                              New York State Corporation.

SWORN TO BEFORE ME
THIS 17th DAY of May, 2007

_____
NOTARY PUBLIC

Wilmer Hill Grier
Notary Public State of New York
No: 02GR6041333
Qualified Kings County
Commission Expires 06/26/10