UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x   docket No.: 07 Civ. 3363
LISA A-ATHENA S. ABU HANTASH, in her
Individual capacity and as mother and natural
Guardian of JORDAN -ANNETTEE JAZZMIN
RICHARDSON, a minor, and JORDAN
RICHARDSON, INC., A Virginia Corporation

                Plaintiffs,

                -against-
V MODEL MANAGEMENT NEW YORK, INC.,
And VNY MODEL MANAGEMENT, LLC

                Defendants.
---------------------------------------------------------x
MEMORANDUM OF LAW IN OPPOSITIONS TO PLAINTIFFS' MOTION TO
STRIKE PORTIONS OF DEFENDANTS' ANSWER PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 12 (F)

---

                WILMER HILL GRIER
                ATTORNEY AT LAW
                ATTORNEY FOR DEFENDANTS
                V MODEL MANAGEMENT NEW YORK, INC.,
                VNY MODEL MANAGEMENT, LLC
                603 Jefferson Avenue
                Brooklyn, New York 11221
                (718) 443-3873

CONTENTS

|  | Page |
|---|---|
| INTRODUCTION | 1 |
| FACTS | 2 |
| POINTS OF LAW AND CASES | 3 |
| CONCLUSION | 4 |

TABLE OF CASES

Food & Allied Serv., Trades Dept. v. Milfeld Trading Co., Inc., 841 F. Supp. 1286

Lipsky v. Commonwealth United Corp., 551 F. 2nd 887, 893 ( 2nd Cir 1976)

## STATEMENT OF FACTS

The instant case is a case whereby Plaintiffs' main objective is to have the defendant, Jordan Richardson, an enfant model  modeling management agreement(s) 2005/2006 with the defendant, VNY Model Management, LLC declared void and unenforceable.

Additionally, the Plaintiffs are seeking to have the court to determine that the 2005 Modeling Management  Agreement which the enfant models' mother also signed  with V Models, Inc., to be declared to be at  an end.

The entire objective of plaintiffs' case is to get the enfant model out of the  Modeling Managing agreement (2006) the infant model's Mother signed with VNY Model Management, LLC., an agreement which has been performed by both the defendant, VNY and the enfant model , Jordan Richardson for a period of more than 10 months.

In  134 twisted, misleading, confusing allegations the plaintiffs have stated in 134 allegations the reason the enfant model, Jordan Richardson is no longer required to continue to perform under the terms of either the 2005 or  the 2006 model management agreement she has with V, Models, Inc., or  VNY Model Management, LLC.

The defendants answered these redundant, impertinent and frivolous  allegations, and where the defendants had actual knowledge of the actual facts this was also stated in the defendants' answer.

On June 4, 2007 the defendants received the instant Notice of Motion to Strike it answer pursuant to Federal Rule of Civil Procedure 12 (f).

## WHETHER PORTIONS OF THE DEFENDANTS' ANSWER SHOULD BE STRICKEN AS PROVIDED BY FEDERAL RULE OF CIVIL PROCEDURE 12 (f)

Generally, motions to strike under Federal Rule of Civil Procedure Rule 12 (f) are not favored by the courts and are typically denied unless the matter asserted has no bearing on the issues in dispute. . See, Food & Allied Serv., Trades Dept. v. Milfeld Trading Co., Inc., 841 F. Supp. 136.

In the instant case the defendants in answer to the plaintiffs' allegations stated actual facts that had a bearing on the case in answer to paragraphs 22, 34, 35, 36, 65, 66, 67, 73, 77, 79, 89, 98, 99, 109, 110, 111 and 134 of the plaintiffs' complaint. In fact, the court should note out of the 134 allegations contained in the plaintiffs' complaint; defendants' statement of clarifying actual facts of which defendants had actual knowledge of were only made in answer to 17 of the allegations contained in the plaintiffs' complaint which contained 134 allegations.

As a review of current Federal Case law will reveal Federal Courts have held that a matter/answer will not be stricken merely on the ground that it is immaterial, or impertinent, however, unless it can be shown that no evidence in support of the allegation would be admissible. See, Lipsky v. Commonwealth United Corp., 551 F. 2d 887, 893 ( 2nd Cir 1976). Clearly, there is substantial evidence to support the portion of the defendants' answers that plaintiffs' now seek to strike.

In each instance, the answers made by defendants in denying or admitting the allegations contained in the plaintiffs' complaint in 17 of the defendants' answers required that the

defendants state additional fact which defendants had actual knowledge of the material facts in order to answer the allegations made by plaintiffs' in their complaint. It is interesting to note that it is these portions of defendants' answer i e., where defendants had actual knowledge of material facts that the plaintiffs now seek to have stricken.

Additionally, it should be noted in each of the answers to the afore listed paragraphs the plaintiffs now seek to have portions of the defendants' answer stricken all these paragraphs relate to conduct/intent of the enfant plaintiffs' Mother and/or the use and spending of the enfant model's earnings and are clearly relevant in this case where in allegation after allegation the plaintiffs' have attacked the defendants' conduct and alleged the lack of proper supervision of the enfant model, Jordan Richardson when she was working for advertisers when the plaintiff enfant model Mother was not present at the work location.

In fact, in allegation after allegation plaintiffs have stated that the defendants have acted inappropriately in the management/supervision of the enfant model and in each instance plaintiffs' have made these allegations as a rationale to support their contention that the enfant model's Mother's decision not to honor the enfant model's agreement with VNY Model Management, LLC.

Finally, in each of the portion of 17 of defendants' answer all the statements made by defendants bear an essential and important relationship and pertain to and are necessary to the issues in dispute in the instant case.

## CONCLUSION

The defendants stated in defendants' answers statements of actual facts in answer 17 of the 134 allegations contained in the plaintiffs' complaint. The defendants' answered

these allegations in the complaint in this manner where defendants had additional knowledge of actual facts, in addition to defendants denial or admission of the allegations made by plaintiffs and all of the portions of these answer have a bearing on the issues before the court. These portions of the defendants' answer should not be stricken because they are pertinent, relevant, material and are not scandalous.