UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA-ATHENA S. ABU HANTASH, in her individual capacity and as mother and natural guardian of JORDAN-ANNETTE JAZZMIN RICHARDSON, a minor, and JORDAN RICHARDSON, INC., a Virginia Corporation, | Docket No.: 07 Civ. 3363 (GBD) (KNF) |
| *Plaintiffs*, | |
| -against- | |
| V MODEL MANAGEMENT NEW YORK, INC. and VNY MODEL MANAGEMENT, LLC, | **(Oral Argument Requested)** |
| *Defendants*. | |

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, AN ORDER DIRECTING A SPEEDY HEARING AND ADVANCING THE ACTION ON THE TRIAL CALENDAR PURSUANT TO F.R.C.P. 57**

---

NISSENBAUM LAW GROUP, LLC
*Attorneys for Plaintiffs*
LISA ATHENA S. ABU HANTASH, JORDAN-ANNETTE JAZZMIN RICHARDSON and
JORDAN RICHARDSON, INC.
140 Broadway, 46th Fl.
New York, New York 10005
(212) 871-5711

Gary D. Nissenbaum
       Of Counsel

Gavin I. Handwerker, Esq.
Neelam K. Singh, Esq.
       On the Brief

# TABLE OF CONTENTS

Page

Preliminary Statement.................................................................................1

Statement of Facts......................................................................................4

Procedural History .....................................................................................4

POINT I

    SUMMARY JUDGMENT AND DECLARATORY RELIEF IS
    WARRANTED WITH REGARD TO THE UNENFORCEABILITY
    OF THE 2005 MANAGEMENT AGREEMENT ................................5

    A. Federal Summary Judgment Standard ..........................................5

    B. Federal Declaratory Act ...............................................................6

    C. The 2005 Management Agreement Is Void .................................6

    D. The 2006 Management Is Not a Legally Binding Contract ...........7

        1. Enforceable Contracts In New York....................................7

        2. The Law Applied to the Facts at Hand ................................8

    E. The 2006 Management Agreement Is Null And Void Because
       Jordan Disaffirmed The Agreement..............................................12

        1. The Law .............................................................................12

        2. The Law Applied to the Facts at Hand ..............................14

    F. Plaintiff Hantash is Not Bound to the 2006 Management Agreement ............................16

POINT II

    SUMMARY JUDGMENT AND DECLARATORY RELIEF IS
    WARRANTED WITH REGARD TO THE UNENFORCEABILITY
    OF THE 2005 MANAGEMENT AGREEMENT ................................18

A. Both Plaintiffs And Defendants Agree That The 2005 Management Agreement Is Unenforceable With Respect to Jordan Richardson And/Or Plaintiff Abu Hantash ........................................................................18

B. The 2005 Management Agreement Is Void ....................................................19

POINT III

THE 2005 MANAGEMENT AGREEMENT IS UNCONSCIONABLE ............................20

A. The Law ........................................................................................................20

B. The Law Applied To The Facts At Hand ......................................................21

POINT IV

PERMANENT INJUNCTIVE RELIEF IS WARRANTED ..................................................22

POINT V

PLAINTIFFS ARE ENTITLED TO AN ACCOUNTING ..................................................23

POINT VI

THE COURT SHOULD ORDER A SPEEDY HEARING AND ADVANCE THE WITHIN MATTER ON THE CALENDAR PURSUANT TO FED. R.CIV.P.57 ....................................................................24

Conclusion ........................................................................................................25

## TABLE OF AUTHORITES

Page

**Federal Cases**

Aetna Casualty & Surety Co. v. Quarles, 92 F.2d 321 (4th Circ. 1937) ...........................................23

Anderson v. Liberty Lobby, Inc., 477 U.S. 242,106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) .............5

Beacon Construction Co., Inc. v. Matco Electric Co., Inc., 521 F.2d 393 (2nd Cir. 1975) ..............6, 23

Brennan v. Bally Total Fitness, 153 F. Supp. 2d 408 (S.D.N.Y. 2001) ..............................................20

Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ........................5

Del. & Hudson Ry. Co. v. Consol. Rail Corp., 902 F.2d 174 (2d Cir. 1990).....................................5

Desiderio v. National Ass'n of Sec. Dealers, 191 F.3d 198 (2d Cir. 1999)
     cert. denied 531 U.S. 1069 (2001) .........................................................................................20

International Paper Co. v. Suwyn, 966 F. Supp. 246 (S.D.N.Y. 1997) ..............................................8

Ladau v. Hillier Group, Inc., 2004 WL 691520 (S.D.N.Y. March 31, 2004) ...................................7, 8, 11

Maffia v. American Woolen Co., 125 F. Supp. 465 (S.D.N.Y. 1954) ................................................23

NYC Management Group, Inc. v. Brown-Miller, 2004 WL 1087784
     (S.D.N.Y. May 14, 2004) .......................................................................................................13, 15

R.B. Ventures, Ltd. v. Shane, 112 F.3d 54 (2d Cir. 1997) ................................................................5

Reznor v. J. Artist Management, Inc., 365 F. Supp. 2d 565 (S.D.N.Y. 2005) ..................................21


**State Cases**

166 Mamaroneck Ave. Corp. v. 151 East Post Road Corp., 78 N.Y. 2d 88 (1991) .........................8

Bombardier v. Goodrich, 110 A. 11 (Vt. 1920) ................................................................................14, 15

County of Oneida v. Estate of Kennedy, 189 Misc. 2d 689 (N.Y. Sup. Ct. 2001) ...........................7, 8, 10

Gillman v. Chase Manhattan Bank, 73 N.Y.S.2d 787 (1988) ..........................................................20, 21

Page

Hines v. Cheshire, 219 P.2d 100 (Wash. 1950) ...............................................14

Hogue v. Wilkinson, 291 S.W.2d 750 (Tex. Civ. App. 1956) ........................14, 15

Horowitz v. Manufacturer's Trust, 239 A.D. 693 (1st Dept. 1934) ................13

Hoover v. Durkee, 212 A.D.2d 839 (N.Y. App. Div. 1995) ...........................22

Kaelin v. Warner, 27 N.Y.2d 352 (1971) ...................................................8

Matter of Friedman, 64 A.D.2d 60 (N.Y. App. Div. 1978) .........................20

Palazzo v. Palazzo, 121 A.D.2d 261 (N.Y. App. Div. 1986) ......................23

Sazani v. McNally, 8 Misc.2d 526 (N.Y. Co. 1957).....................................13

Schmidgall v. Engelke, 224 N.E. 2d 590 (Ill. App. 1967) ........................14, 15

Scott Eden Management v. Kavovit, 149 Misc.2d 262 (N.Y. Sup. Ct. 1990)..........12, 14, 19

Shields v. Gross, 58 N.Y.2d 338 (1983) ...................................................16

State v. Wolowitz, 96 A.D.2d 47 (N.Y. App. Div. 1983) ...........................20, 21

Tencza v. Hyland, 171 A.D.2d 1057 (N.Y. App. Div. 1991) ......................7

**Federal Statutes**

28 U.S.C.A. § 2201 et seq...........................................................................6

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 56(c) ...............................................................................5

Fed. R. Civ. P 57.....................................................................................24

Page

**State Statutes**

McKinney's Arts and Cultural Affairs Law § 35.03 ..........................................................................13, 16

N.Y. Gen. Oblig. § 1-202 ............................................................................................................13

N.Y. Gen. Oblig. § 3-101 ............................................................................................................13

N.Y. Gen. Oblig. § 3-103 ......................................................................................................13, 16

N.Y. Gen. Oblig. § 3-105 ......................................................................................................13, 16

N.Y. Gen. Oblig. § 5-701(a)(1) ....................................................................................................6

## PRELIMINARY STATEMENT

Plaintiffs Lisa-Athena S. Abu Hantash, in her individual capacity and as mother and natural guardian of Jordan-Annettee Jazzmin Richardson, a minor, and Jordan Richardson Inc. (collectively referred to hereinafter as "Plaintiffs") commenced the within action against Defendants V Model Management New York, LLC ("V Management") and VNY Model Management, LLC ("VNY") pursuant to the Federal Declaratory Relief Act, 28 U.S.C.A. § 2201 et seq., regarding the enforceability of two separate agreements involving modeling services by Jordan Richardson.  In addition, Plaintiffs seek permanent injunctive relief against Defendants as well as an accounting.  Plaintiffs are entitled to the relief requested for the following reasons set forth more fully below.

As for the first agreement between Jordan Richardson and Defendant V Management dated April 22, 2005 ("2005 Management Agreement"), both Plaintiffs and Defendants agree that the 2005 Management Agreement is null and void and, thus, unenforceable as to Jordan Richardson and/or Plaintiff Abu Hantash.  Defendants emphatically state throughout their verified answer that the 2005 Management Agreement is "moot", "irrelevant" and "dead" and even state that the agreement "ended as of June 18, 2006."   As such, Plaintiffs are entitled to summary judgment on Counts One and Two of the verified complaint.

However, even if the Court determines that the parties are not in agreement regarding the unenforceability of the 2005 Management Agreement, summary judgment is still warranted in Plaintiffs' favor on Counts One and Two.  The 2005 Management Agreement was clearly and unequivocally disaffirmed by Jordan Richardson and, therefore, no longer enforceable. Specifically, it was disaffirmed in writing by both her mother and her attorneys.  Furthermore,

1

Plaintiff Abu Hantash's signature on the 2005 Management Agreement is only in her capacity as mother and legal guardian for Jordan Richardson and does not assume any obligation thereunder. Because Jordan Richardson has the unfettered right to disaffirm her contract, the Court should determine that the 2005 Management Agreement is unenforceable with respect to Plaintiff Jordan Richardson and Plaintiff Abu Hantash.

In that regard, even if the Court were to determine that Ms. Richardson did not disaffirm her agreement, the Court should nevertheless rescind the 2005 Management Agreement as its terms are oppressive, unreasonable and unconscionable.  Specifically, the 2005 Management Agreement binds Ms. Richardson to indentured servitude.  The agreement is automatically renewable in Defendant V Management's sole discretion, regardless whether Ms. Richardson wants to continue working with the Defendants.

The Court should also find that the second agreement dated June 19, 2006 between Defendant VNY and Plaintiff Jordan Richardson or Jordan Richardson, Inc. ("2006 Management Agreement") is unenforceable.  First, Jordan Richardson, in her individual capacity or on behalf of Jordan Richardson, Inc., never accepted the terms of the 2006 Management Agreement.  It is indisputable that Jordan Richardson's signature is not on the 2006 Management Agreement. Likewise, missing from the 2006 Management Agreement is a signature from any person authorized to act on behalf of Jordan Richardson, Inc.

Similar to the 2005 Management Agreement, Plaintiff Abu Hantash signed the 2006 Management Agreement in her capacity only as mother and legal guardian for Jordan, indicating her assent to her daughter entering into the 2006 Management Agreement.  In that regard, the

2006 Management Agreement did not obligate Ms. Abu Hantash to perform any act nor did it require her to assume any obligation thereunder.

Furthermore, Plaintiff Abu Hantash's substantial revisions to the 2006 Management Agreement operated as a counteroffer which was rejected by the Defendants. However, even if the Court were to determine that the Defendants accepted Ms. Abu Hantash's counteroffer, they did so too late. In a letter dated February 17, 2007 Ms. Abu Hantash, on behalf of herself and Jordan Richardson, rejected the terms of the 2006 Management Agreement. It was only 10 days later when Defendants woke up and decided to sign the agreement. Unfortunately for Defendants, they were a day (actually 10 days) late and a dollar short. As such, Plaintiffs are entitled to summary judgment as to Counts Three, Four and Five.

Plaintiffs are further entitled to permanent injunctive relief against all Defendants. Plaintiffs' claims are meritorious because an infant in Jordan Richardson's position has the unfettered right to disaffirm any contract she may have with the Defendants and reject any agreement which she did not sign in the first place. Even more important is the fact that Plaintiffs are undergoing irreparable harm because they are unable to find a management company willing to work with them for fear of becoming embroiled in a lawsuit.

Finally, in the event Plaintiffs' application is denied in whole or in part, it is requested that the Court order a speedy hearing and advance the matter on the trial calendar pursuant to Rule 57 of the Federal Rules of Civil Procedure as Plaintiffs will continue to face irreparable injury pending final resolution of this matter.

3

## STATEMENT OF FACTS

Plaintiffs shall rely on the Statement of Undisputed Facts, the affirmation of Gavin I. Handwerker, Esq. with exhibits ("Handwerker Affirm."), the affidavit of Plaintiff Lisa-Athena Abu Hantash dated May 24, 2007 with exhibits ("Abu Hantash Affid."), and the affidavit of Jordan-Annettee Jazzmin Richardson dated May 24, 2007 with exhibits ("Richardson Affid.") submitted in connection with this motion.

## PROCEDURAL HISTORY

The within matter was commenced by the filing of a summons and complaint on April 30, 2007. Service of the summons and complaint on Defendants V Model Management and VNY Model Management were effectuated on May 9, 2007 and May 2, 2007, respectively. Defendants filed and served its answer with counterclaims on or about May 24, 2007. Discovery has not taken place and the parties are currently scheduled to appear for a Rule 26 conference on August 1, 2007.

## POINT I

## SUMMARY JUDGMENT AND DECLARATORY RELIEF IS WARRANTED WITH REGARD TO THE UNENFORCEABILITY OF THE 2005 MANAGEMENT AGREEMENT

### A.    Federal Summary Judgment Standard

Summary judgment is properly granted "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law.'" R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 57 (2d Cir. 1997) quoting Fed. R. Civ. P. 56(c). The Federal Rules of Civil Procedure mandate the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In reviewing the record, "the court must assess the evidence in a light most favorable to the non-movant" and "to draw all reasonable inferences in their favor." Del. & Hudson Ry. Co. v. Consol. Rail Corp., 902 F.2d 174, 177 (2d Cir. 1990).

The mere existence of an alleged factual dispute between the parties will not defeat a motion for summary judgment. In order to defeat such a motion, the non-moving party must affirmatively set forth facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. Id. at 248.

5

As elaborated below, Plaintiffs have established that there are no genuine issues of material fact and Plaintiffs are entitled to judgment as a matter of law.

**B.    Federal Declaratory Act**

Plaintiffs seek declaratory relief pursuant to the Federal Declaratory Act, 28 U.S.C.A. § 2201 et seq.  The Federal Declaratory Act states in relevant part:

> "in a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

28 U.S.C.A. § 2201 et seq.  Although other remedies might be available, the Federal Rules of Civil Procedure specifically provide that, in seeking a declaratory judgment pursuant to the 28 U.S.C.A. § 2201 et seq., "the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." Fed. R. Civ. P 57; Beacon Construction Co., Inc. v. Matco Electric Co., Inc., 521 F.2d 393, 397 (2nd Cir. 1975). Furthermore, "[t]he court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar." Id.

**C.    The 2006 Management Agreement Violates The Statute of Frauds**

New York's Statute of Frauds provides:

> "Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking (1) [b]y its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of the lifetime"

N.Y. Gen. Oblig. § 5-701(a)(1).

Clearly, the 2006 Management Agreement does not comply with New York Statute. First, the agreement has an initial term of two (2) years. See Abu Hantash Affid. Ex. C at ¶ 2.

6

Second, the agreement identifies Jordan Richardson, Inc. as a party to the agreement. Id. at 1. However, Jordan Richardson is the only person authorized to act on behalf of Jordan Richardson, Inc. Richardson Affid. at ¶ 10; but, plainly missing from the 2006 Management Agreement is Jordan's signature, in her individually capacity and/or as an officer, director or shareholder of Jordan Richardson, Inc. Abu Hantash Affid. at ¶ 19, Ex. C.  As the 2006 Management Agreement does not comply with the New York's Statute of Frauds, the Court should declare the 2006 Management Agreement unenforceable.

      **D.**    **The 2006 Management Agreement Is Not A Legally Binding Contract**

          **1.**    **Enforceable Contracts In New York**

In New York, an offer, acceptance and consideration are required to form a legally binding contract.  County of Oneida v. Estate of Kennedy, 189 Misc.2d 689, 695 (N.Y. Sup. Ct. 2001) (finding the contract to be unenforceable because the written contract was not signed by both parties).  For an acceptance to be effective, it "must comply with the terms of the offer and be clear, unambiguous and unequivocal." Ladau v. Hillier Group, Inc., 2004 WL 691520 at *3 (S.D.N.Y. March 31, 2004)[1] (internal citations omitted).  In addition, for the acceptance to be effective, it must be communicated to the other party.  Tencza v. Hyland, 171 A.D.2d 1057, 1057 (4th Dept. 1991) (finding that no valid contract entered between purchasers and vendors where vendors' counteroffer was signed by purchasers but was never delivered to vendors and vendors were never advised of purchasers' acceptance of counteroffer prior to its revocation).

Where an acceptance of an offer is conditioned on terms that are different than those set forth in the offer, "it operates as a counteroffer and terminates the original offer." Ladau v.

---

[1] A copy of this decision is attached to the affirmation of Gavin I. Handwerker, Esq. as Exhibit E.

Hillier Group, Inc., 2004 WL 691520 at *3 (internal citations omitted).  In addition, an offer and/or counteroffer can be withdrawn up to any time prior to its acceptance by the other party. Kaelin v. Warner, 27 N.Y.2d 352 (1971).

Finally, there must be a meeting of the minds of the parties to be bound by the contract for a contract to be enforceable. International Paper Co. v. Suwyn, 966 F.Supp. 246, 253 (S.D.N.Y. 1997).  If the material terms of a written agreement are facially unambiguous, the agreement constitutes a fully enforceable contract. Id.  However, where the Court finds that there is no meeting of the minds with respect to the essential terms, no legally binding contract was formed.  166 Mamaroneck Ave. Corp. v. 151 East Post Road Corp., 78 N.Y.2d 88, 91 (1991).

## 2.    The Law Applied To The Facts At Hand

Here, the 2006 Management Agreement lacks the critical indicia of a valid contract. Therefore, the Court should declare the 2006 Management Agreement unenforceable.  County of Oneida v. Estate of Kennedy, 189 Misc.2d at 695.

First, there is obvious ambiguity with regard to certain essential terms of the 2006 Management Agreement and, thus, there is no "meeting of the minds" between Defendant VNY Management and Plaintiffs.  The Court need only look at the agreement to see numerous questions, changes and corrections written on the agreement by Plaintiff Abu Hantash. Abu Hantash Affid. Ex. B, Ex. C.  For instance, although the 2006 Management Agreement designates Plaintiff Jordan Richardson, Inc. as the party to the contract, the agreement does not provide for an accompanying signature line for the company, only a signature line for Jordan Richardson, individually.  Id. at Ex. C at 1, 6.  Ambiguity relating to the most basic term of any

agreement (the parties to the contract) warrants a determination by the Court that the 2006 Management Agreement is unenforceable.

Notwithstanding that blatant defect, nowhere on the agreement is Jordan Richardson's signature, either in her individual capacity or on behalf of Jordan Richardson, Inc. Id. at Ex. C. Defendants even admit that Jordan Richardson and/or Plaintiff Company did not sign the 2006 Management Agreement. Handwerker Affirm. Ex. A ¶¶ 58, 70, 71, Ex. B ¶¶ 58, 70, 71; Abu Hantash Affid. at ¶ 19, Ex. C at 6. In that same vein, although Plaintiff Abu Hantash signed the 2006 Management Agreement, she is not authorized to act on behalf Jordan Richardson, Inc. and only did so in her capacity as "model's parent/legal guardian." Abu Hantash Affid. at ¶ 18, Ex. C; Richardson Affid. at ¶ 10. Clearly, if it was the intention of the parties to bind Jordan Richardson, Inc. to the 2006 Management Agreement, the signature of a "parent" or "legal guardian" would not be required, only the signature of an officer or director of the corporation. On the other hand, if it was the intention of the parties to bind Jordan Richardson, individually, both Jordan Richardson and her mother would have been required to sign the agreement. Regardless, the fact remains that Jordan Richardson's signature, in any capacity, is missing, thereby reinforcing the argument that a valid contract was not entered into by the parties. Handwerker Affirm. Ex. A ¶¶ 58, 70, 71, Ex. B ¶¶ 58, 70, 71; Abu Hantash Affid. Ex. C. As Plaintiffs Jordan Richardson and Jordan Richardson, Inc. never accepted the terms of the 2006 Management Agreement, the Court should declare that the 2006 Management Agreement is unenforceable.

Furthermore, Plaintiff Abu Hantash is not bound to any provision in the 2006 Management Agreement. Her signature is merely in her capacity as mother and legal guardian

9

for Jordan and to indicate her assent to Jordan entering into the 2006 Management Agreement with Defendant VNY Management. Handwerker Affirm. Ex. A ¶¶ 57, 72, 73, Ex. B ¶¶ 57, 72, 73; Abu Hantash Affid. at ¶ 18. However, if the agreement was with Jordan Richardson, Inc., Ms. Abu Hantash's signature was not even required. Furthermore, there was no consideration flowing from the 2006 Management Agreement to Plaintiff Abu Hantash. County of Oneida v. Estate of Kennedy, 189 Misc.2d at 695. Plaintiff Abu Hantash received no benefit herself from the 2006 Management Agreement nor was she required to perform in any way – not even to ensure that her daughter complied with the 2006 Management Agreement. Handwerker Affirm. Ex. A ¶¶ 57, 72, 73, Ex. B ¶¶ 57, 72, 73; Abu Hantash Affid. at ¶ 18, Ex. C. As acceptance and consideration, two of the critical indicia for a legally binding contract, are lacking, the Court should also declare that the 2006 Management Agreement is not a legally binding contract with respect to Plaintiff Abu Hantash.

Even if this Court were to determine that Plaintiff Abu Hantash signed the 2006 Management Agreement in some capacity other than as mother and legal guardian for Jordan Richardson, Plaintiff Abu Hantash provided Defendant VNY Management with a counteroffer which she subsequently revoked prior to Defendant VNY Management's acceptance and/or communication of its acceptance to Plaintiffs. Abu Hantash Affid. at ¶¶ 20, 25-33, Ex. D, E, F and G.

Specifically, upon receipt of the 2006 Management Agreement, Plaintiff Abu Hantash incorporated her hand-written revisions directly on the signature page of the agreement, one of which was a provision giving Jordan the right to terminate the 2006 Management Agreement. Handwerker Affirm. Ex. A ¶ 50, Ex. B ¶ 50; Abu Hantash Affid. at ¶¶ 12-14. After Defendant

10

VNY Management rejected the language of this provision, Plaintiff Abu Hantash modified the language to read as follows: "Jordan Richardson or representative has the right to cancel the contract with a written notice 30 days prior to the expiration of the contract" ("Modified Termination Provision").  Abu Hantash Affid. at ¶¶ 16-17, Ex. C at 6.  Plaintiff Abu Hantash then signed the 2006 Management Agreement and sent it to Defendant VNY Management for its review and acceptance.  Id. at ¶ 20.

Plaintiff Abu Hantash's incorporation of the Modified Termination Provision substantially modified the 2006 Management Agreement. Id. at Ex. C.  As such, by signing the 2006 Management Agreement, she was not accepting the terms of the 2006 Management Agreement as presented by Defendant VNY Management, but rather making a counteroffer. Ladau v. Hillier Group, Inc., 2004 WL 691520 at *3 (recognizing that where an acceptance of an offer is conditioned on terms that are different than those set forth in the offer, "it operates as a counteroffer and terminates the original offer").  In addition, although Plaintiff Abu Hantash and her mother made several attempts to contact Defendant VNY Management to determine whether they would accept the revised language, all of her communications were ignored.  Abu Hantash Affid. at ¶¶ 23-25.  As such, in a letter dated February 16, 2007 (and sent to Defendant VNY Management via Federal Express on February 17, 2007), Plaintiff Abu Hantash informed Defendant VNY Management that she was rejecting the 2006 Management Agreement.  Id. at ¶¶ 26-28, Ex. D; Handwerker Affirm. Ex. A ¶ 66, Ex. B ¶ 66  Specifically, Plaintiff Abu Hantash stated the following:

> "I have made several repeated attempts to get a copy of the signed [2006 Management Agreement] (dated June 2006 and expires June 2008) . . . Since these attempts have been unsuccessful, the only valid contract I have with you is

11

the [2005 Management Agreement] dated 22 April 2005 which expires 22 April 2007.

Know then that at the 22 April 2007 contract expiration date, I will not renew Jordan Richardson's contract with your agency. Do not schedule any jobs for her beyond this date."

Abu Hantash Affid. Ex. D (emphasis supplied); Handwerker Affirm. Ex. A ¶ 66, Ex. B ¶ 66.

More than a week after Plaintiff Abu Hantash rejected the 2006 Management Agreement, Defendant VNY Management provided Plaintiff with its signed counterpart. Abu Hantash Affid. at ¶ 30, Ex. G. However, as Plaintiff Abu Hantash rejected the 2006 Management Agreement before Defendant VNY Management's accepted the modified terms, the 2006 Management Agreement is not binding with respect to Plaintiff Abu Hantash. Id. at Ex. D, Ex. E, Ex. F and Ex. G.

### E.   The 2006 Management Agreement Is Null And Void Because Jordan Disaffirmed The Agreement

If the Court determines that the 2006 Management Agreement somehow constitutes a legally binding contract, the Court should nevertheless declare the 2006 Management Agreement null and void because Jordan Richardson, in her individual capacity and/or in her capacity as authorized representative of Plaintiff Company, disaffirmed the 2006 Management Agreement via correspondence dated February 16, 2007, March 21, 2007 and April 11, 2007. Handwerker Affirm. at ¶¶ 5-6, Ex. B, Ex. C; Abu Hantash Affid. at ¶ 26, Ex. D; see also Richardson Affid. at ¶¶ 15-18.

### 1.   The Law

It is well established in New York that "[a]n infant's contract is voidable and the infant has an absolute right to disaffirm [a contract]". Scott Eden Management v. Kavovit, 149 Misc.2d

262, 264 (N.Y. Sup. Ct. 1990) citing to N.Y. Gen. Oblig. § 3-101.  An infant's right to disaffirm a contract has been long recognized within this jurisdiction and is "well entrenched in the common law as early as the fifteenth century." Id.  In New York, an infant or minor is a person who has not reached the age of eighteen years old.  N.Y. Gen. Oblig. § 1-202.  Moreover, the right of a minor to disaffirm a contract extends up to a reasonable time after the infant reaches maturity.  Sazani v. McNally, 8 Misc.2d 526, 529 (N.Y. Co. 1957); Horowitz v. Manufacturer's Trust, 239 A.D. 693, 694 (1st Dept. 1934).

Although the State of New York vis-a-vis statute has carved out exceptions to an infant's right to disaffirm a contract, these statutory exceptions are inapplicable to the facts at hand.  See N.Y. Arts and Cultural Affairs Law § 35.03 (formerly N.Y. Gen. Oblig. § 3-105) (infant's right to disaffirm a contract is eliminated where the contract was judicially approved); N.Y. Gen. Oblig. § 3-103.

Likewise, the fact that a parent or guardian has consented to a minor entering into a contract does not preclude the minor from disaffirming that agreement at some future date.  Quite surprisingly, the Southern District of New York has not had the opportunity to place its imprimatur on the subject.  Nevertheless, other jurisdictions have recognized that parental consent and/or approval of an infant's agreement with another party does not abolish or otherwise limit the infant's right to disaffirm a contract.  See NYC Management Group, Inc. v. Brown-Miller, 2004 WL 1087784, *5 (S.D.N.Y. May 14, 2004)[2] (in applying California law, recognizing that the parental consent of the infant entering into a contract did not take the contract "outside the statutory rubric allowing a minor to disaffirm her contract" especially where the contract "spell[s] out the performance required of each party to the contract-namely, of

13

[the model] and the modeling agencies" and no performance is required of the model's parent who only signed the contract to signal her assent to her daughter entering into the contract); Bombardier v. Goodrich, 110 A. 11, 11 (Vt. 1920) ("The assent of the father adds nothing to the binding force of an infant's promise"); Hines v. Cheshire, 219 P.2d 100, 104-05 (Wash. 1950) ("[T]he law seems to be settled that an infant is not precluded from disaffirming by reason of the fact that an adult joined with him in signing the contract."); Schmidgall v. Engelke, 224 N.E.2d 590 (Ill. App. 1967) ("A minor's right to disaffirm his contract is not affected by parental approval, and a parent by his relationship to minor is without authority to enter into contracts binding on the minor"); Hogue v. Wilkinson, 291 S.W.2d 750, 755 (Tex. Civ. App. 1956) ("Even if the mother and grandfather had signed the written contracts as agents of the minor plaintiff, such contracts would not have bound the minor if he wished to disaffirm).

### 2.    The Law Applied To The Facts At Hand

Here, Jordan Richardson clearly and unequivocally disaffirmed all agreements with Defendants, including the 2006 Management Agreement. Handwerker Affirm. at ¶¶ 5-6, Ex. B, Ex. C; Abu Hantash Affid. at ¶ 26, Ex. D; see also Richardson Affid. at ¶¶ 15-18.  Therefore, she is no longer bound or obligated to perform any services for the Defendants. Scott Eden Management v. Kavovit, 149 Misc.2d at 264.  Specifically, Jordan Richardson disaffirmed the 2006 Management Agreement first via correspondence through her mother. See Abu Hantash Affid. Ex. D.  Specifically, Plaintiff Abu Hantash wrote the following:

> "I have made several repeated attempts to get a copy of the signed [2006 Management Agreement] (dated June 2006 and expires June 2008) . . . Since these attempts have been unsuccessful, the only valid contract I have with you is the [2005 Management Agreement] dated 22 April 2005 which expires 22 April 2007.

---

[2] A copy of this decision is attached to the affirmation of Gavin I. Handwerker, Esq. as Exhibit F.

> Know then that at the 22 April 2007 contract expiration date, I will not renew Jordan Richardson's contract with your agency. Do not schedule any jobs for her beyond this date."

Id.

Thereafter, on March 21, 2007, Jordan Richardson, by and through her attorneys, informed Defendants that any and all agreements with Defendants were terminated. Handwerker Affirm. at ¶ 5, Ex. B. On April 11, 2007, Defendants were again advised that Jordan Richardson had disaffirmed and/or terminated any and all agreements with Defendants. Id. at ¶ 6; Ex. C. Even after these notices, Defendants continued to offer Jordan Richardson modeling work. Richardson Affid. at ¶ 18. Nevertheless, Jordan Richardson was clear that she no longer wished to be bound to any agreement involving the Defendants and refused all offers to perform any work procured by them. Id.

Defendants argue in their verified answer that because Plaintiff Abu Hantash signed the 2006 Management Agreement as well, Jordan Richardson is still bound to perform and, therefore, cannot disaffirm her agreement. See Verified Answer at ¶¶ 29, 30, 31, 35, 49, 50, 53, 58, 62, 67, 70, 72, 73, 89, 93, 107 and 108. They even argue that Jordan Richardson's signature is not even required to bind her to the 2006 Management Agreement. Id. at ¶¶ 62 and 70. Those arguments fail for three reasons. First, both Plaintiffs and Defendants agree that Jordan Richardson's mother signed the agreement only in her capacity as legal guardian. Handwerker Affirm. Ex. A ¶¶ 57, 72, 73, Ex. B ¶¶ 57, 72, 73; Abu Hantash Affid. at ¶ 18; Ex. C. Other jurisdictions have held that fact, however, does not affect Jordan Richardson's right to disaffirm the agreement. See NYC Management Group, Inc. v. Brown-Miller, supra; Bombardier v.

15

Goodrich, supra; Schmidgall v. Engelke, supra; Hogue v. Wilkinson, supra. This Court should likewise follow that interpretation.

Second, the 2006 Management Agreement already accounts for the fact that Jordan Richardson, as a minor, can disaffirm her agreement. Specifically, the agreement states, in pertinent part, that "[Jordan] AGREES THAT UPON HIS/HER REACHING 18 YEARS OF AGE THIS AGREEMENT WILL CONTINUE IN FULL FORCE AND EFFECT." See Id. Logically, such language would not be necessary if Jordan Richardson, as a minor, was never allowed to disaffirm her agreement.

Lastly, Jordan Richardson's common law right to disaffirm the 2006 Management Agreement was not limited or otherwise eliminated by statute. Cf. N.Y. Arts and Cultural Affairs Law § 35.03 (formerly N.Y. Gen. Oblig. § 3-105) (infant's right to disaffirm a contract is eliminated where the contract was judicially approved); N.Y. Gen. Oblig. § 3-103; Shields v. Gross, 58 N.Y.2d 338 (1983).

As Jordan Richardson has clearly and unequivocally exercised her common law right to disaffirm the 2006 Management Agreement with Defendant VNY, a declaration that Jordan Richardson is not obligated or otherwise bound by the 2006 Management Agreement is warranted.

### F.    Plaintiff Abu Hantash Is Not Bound To The 2006 Management Agreement

This is also not a situation where Plaintiff Abu Hantash contracted on her own behalf in signing the 2006 Management Agreement. Rather, Plaintiff Abu Hantash, in her capacity as mother and legal guardian, signed the 2006 Management Agreement only to indicate her consent to her daughter entering into the 2006 Management Agreement with Defendant VNY. Abu

Hantash Affid. at ¶ 18, Ex. C.  To that effect, the 2006 Management Agreement explicitly states that the agreement is between Defendant VNY and Jordan Richardson, Inc. and/or Jordan Richardson. Abu Hantash Affid. Ex. C.  Nowhere is there any mention of the parent or legal guardian in the agreement other than the statement "IF MODEL HAS NOT YET REACHED 18 YEARS OF AGE HIS/HER PARENT(S) OR LEGAL GUARDIAN(S) MUST READ THIS AGREEMENT AND SIGN WHERE INDICATED." See Id., Ex. C at 6 (emphasis in the original).

Furthermore, while the 2006 Management Agreement requires Jordan Richardson, Inc. or Jordan Richardson to perform services, performance by Plaintiff Abu Hantash is not required — not even to ensure Jordan's performance. Handwerker Affirm. Ex. A ¶¶ 72-73, Ex. B ¶¶ 72-73; Abu Hantash Affid. Ex. C.  Instead, Plaintiff Abu Hantash signed the 2006 Management Agreement merely to indicate her consent to her daughter's entry into the 2006 Management Agreement without assuming any obligation of her own. Id.

Because Jordan Richardson disaffirmed the 2006 Management Agreement, the Court should declare the 2006 Management Agreement null and void with respect to Jordan Richardson.  In that regard, because Ms. Abu Hantash signed the 2006 Management Agreement only to signal her assent to her daughter entering into the contract with Defendant VNY, the Court should likewise declare the 2006 Management Agreement null and void with respect to her.

**POINT II**

**SUMMARY JUDGMENT AND DECLARATORY RELIEF IS WARRANTED WITH REGARD TO THE UNENFORCEABILITY OF THE 2005 MANAGEMENT AGREEMENT**

    **A.**    **Both Plaintiffs And Defendants Agree That The 2005 Management Agreement Is Unenforceable With Respect to Jordan Richardson And/Or Plaintiff Abu Hantash**

Both Defendants and Plaintiffs agree that the Court should render the 2005 Management Agreement unenforceable. Handwerker Affirm. Ex. A ¶¶ 33, 34, 35, 89, 93-99, 145-146, Ex. B ¶¶ 33, 34, 35, 89, 93-99, 145-146, 157 ("Prayer" ¶ 3).  Specifically, Defendants admit that the 2005 Model Management Agreement is unenforceable as it is "moot and irrelevant" and "dead". Handwerker Affirm. Ex. A ¶¶ 33, 34, 35, 89, 93-99, 145-146, Ex. B ¶¶ 33, 34, 35, 89, 93-99, 145-146.  It is also Defendants' contention that the 2005 Model Management Agreement "is null and void and has been null and void since June 18, 2006."  Handwerker Affirm. Ex. A ¶ 145, Ex. B ¶ 145.  Assuming Defendants' position cannot be ascertained from their pleadings, Defendants make sure in their "Prayer" for relief that the Court "declare that the 2005 Management Agreement between Plaintiffs and Defendant, V Models, Corp., is null and void and as [sic] been null and void since June 18, 2006."  Handwerker Affirm. Ex. B ¶ 157 ("Prayer" ¶ 3).

There could not be a more clear-cut case for summary judgment with respect to the unenforceability of the 2005 Management Agreement.  As the pleadings and affidavits submitted with the within motion clearly show that there is no genuine issue of material fact with respect to the unenforceability of the 2005 Management Agreement, summary judgment is warranted as to Counts One and Two of the complaint.

**B.**    __The 2005 Management Agreement Is Void__

Even if the Court does not believe that both Plaintiffs and Defendants agree as to the unenforceability of the 2005 Management Agreement, the Court should still deem the 2005 Management Agreement unenforceable.  As elaborated in Point I, Subsection E <u>supra</u>, an infant in New York is afforded the right to disaffirm a contract unless otherwise provided by statute. <u>Scott Eden Management v. Kavovit</u>, 149 Misc.2d at 264.

In addition and as elaborated in Point I, Subsection F <u>supra</u>, the 2005 Management Agreement should also be held unenforceable with respect to Plaintiff Abu Hantash as she signed it for the purpose of indicating her consent to Jordan entering into a contract with Defendant VNY Management and not to be bound thereunder.  Handwerker Affirm. Ex. A ¶¶ 72-73, Ex. B ¶¶ 72-73; Abu Hantash Affid. Ex. A.

Because Jordan Richardson disaffirmed the 2005 Management, the Court should declare the 2005 Management Agreement null and void with respect to Jordan Richardson.  In that regard, because Ms. Abu Hantash signed the 2005 Management Agreement only to signal her assent to her daughter entering into the contract with Defendant VNY Management, the Court should likewise declare the 2005 Management Agreement null and void with respect to her.

## POINT III

### THE 2005 MANAGEMENT AGREEMENT IS UNCONSCIONABLE

#### A.    The Law

In the event the Court denies the relief sought in Point II, ante, the Court should nevertheless rescind the 2005 Management Agreement because it is also unconscionable. Brennan v. Bally Total Fitness, 153 F.Supp.2d 408, 416 (S.D.N.Y. 2001). In New York, a contract is unconscionable where there is an "absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." Desiderio v. National Ass'n of Sec. Dealers, 191 F.3d 198, 207 (2d Cir. 1999) cert. denied 531 U.S. 1069 (2001). The Court makes a determination of unconscionability in a "flexible manner depending upon all the facts and circumstances of particular case." Matter of Friedman, 64 A.D.2d 70, 85 (2d Dept. 1978). Generally, a Court determines that a contract is unconscionable where there is substantive unconscionability and procedural unconscionability. Gillman v. Chase Manhattan Bank, 73 N.Y.2d 1, 10-11 (1988).

Procedural unconscionability focuses on the contract formation process and the absence of meaningful choice. Id. In determining whether a contract is substantively unconscionable, the Court looks to whether one or more of the material provisions of the contract are unreasonably favorable to one party. Gillman v. Chase Manhattan Bank, 73 N.Y.2d at 12. There are "virtually limitless" examples of unreasonably favorably contract terms including unfair termination clauses. State v. Wolowitz, 96 A.D.2d 47, 67 (2d Dept. 1983).

Furthermore, our courts recognize that in certain limited situations "the provision of a contract is so outrageous as to warrant holding it unenforceable on the ground of substantive

unconscionability alone." <u>Gillman v. Chase Manhattan Bank</u>, 73 N.Y.2d at 12; <u>State v. Wolowitz</u>, 96 A.D.2d at 68 (A contractual term can be "so outrageous and oppressive as to warrant a finding of unconscionability irrespective of the contract formation process").

**B.      The Law Applied To The Facts At Hand**

Here, rescission of the 2005 Management Agreement is warranted because its terms are one-sided, oppressive and disadvantageous to Jordan.  Specifically, the agreement provides for an automatic renewal of the contract for additional two-year periods for as long as Defendant V Management desires to utilize Jordan's services.   Abu Hantash Affid. Ex. A at ¶ 3.   The agreement also provides that the initial two-year term is "automatically extended for additional periods of two (2) years each… unless [Defendant V Management] notifies [Jordan] that it wishes to terminate" the agreement. <u>Id.</u>  The 2005 Management Agreement, however, does not afford Jordan <u>any</u> rights of termination.   <u>Id.</u>   As such, as long as Defendant V Management wishes to utilize Jordan's services, Jordan must perform.  <u>See Id.</u>  Indentured servitude, however, was done away with a long time ago.

The unconscionability of the 2005 Management Agreement is also evidenced by the unequal bargaining positions between the Defendant modeling agency and a relatively amateur and inexperienced model.   However, summary judgment is warranted in the within matter because the terms of the 2005 Management Agreement are so oppressive and unreasonable disfavorable to Jordan as to warrant rescission of the 2005 Management Agreement based on substantive unconscionability alone.  <u>See Reznor v. J. Artist Management, Inc.</u>, 365 F.Supp.2d 565, 565 (S.D.N.Y. 2005) ("In New York, unconscionability of a contract is a matter of law for a court to decide, not a jury question").

## POINT IV

## <u>PERMANENT INJUNCTIVE RELIEF IS WARRANTED</u>

In the event that the Court determines that the 2005 Management Agreement and/or the 2006 Management Agreement is unenforceable, the Court should grant a permanent injunction restraining and enjoining Defendant from (a) asserting that the 2005 Management Agreement and 2006 Management Agreement are enforceable and (b) interfering with Plaintiffs' contractual relations with third parties.  It is well-settled in New York that a Court will grant a permanent injunction where the movant shows irreparable injury and inadequacy of a legal remedy. <u>Hoover v. Durkee</u>, 212 A.D.2d 839, 842 (3d Dept. 1995).

Defendants admit that Defendant VNY "will continue to hold the infant model Jordan to the terms of the 2006-2008 Model Management Agreement her mother, Abu Hantash gave her written consent to and will seek monetary damages for each and every breach of said Model Management Agreement and VNY will remain the infant model, Jordan Richardson, exclusive Model Management Agency until the current 2006-2008 Model Management Agreement expires on June 18, 2008."  Handwerker Affirm. Ex. A ¶ 79, Ex. B ¶ 79.  Furthermore, Defendants' maintenance of the enforceability of the 2006 Management Agreement is hampering Plaintiffs' efforts to contract with a third-party interested in managing Jordan's professional career. Richardson Affid. at ¶¶ 19-22; Abu Hantash Affid. at ¶¶ 34-36.  Clearly, permanent injunctive relief is warranted.

## POINT V

## <u>PLAINTIFFS ARE ENTITLED TO AN ACCOUNTING</u>

The circumstances in the within matter warrant Plaintiffs' request for an accounting.  In New York, a Court has the power to order an accounting in certain situations, i.e. where there is a confidential and/or fiduciary relationship between the parties.  <u>See</u> <u>Palazzo v. Palazzo</u>, 121 A.D.2d 261, 265 (2d Dept. 1986).

Payments for Jordan's services were remitted directly to Defendants. Richardson Affid. at ¶ 23.  Defendants would then retain a portion of the payment as and for their management fee and make other limited deductions for expenses and advancements.  <u>Id.</u> at ¶ 24; Abu Hantash Affid. at ¶ 37.   Once the fees, expenses and advancements were deducted, Defendants were obligated to remit the balance of the payment to Jordan.  Richardson Affid. at ¶ 24.  However, Plaintiffs have a good-faith basis to believe that Defendants have failed to remit payment to Jordan for some of the modeling services she provided. <u>Id.</u> at ¶¶ 25-27; Abu Hantash Affid. at ¶¶ 39-41.   In addition, Plaintiffs have a good-faith basis to believe that Defendants have made improper deductions for expenses and advancements and/or did not accurately reflect the costs, expenses and advancements incurred by Defendants with regards to Jordan's modeling services. <u>Id.</u>

As such, the Court should order the Defendants to provide an accounting.

## POINT VI

### THE COURT SHOULD ORDER A SPEEDY HEARING AND ADVANCE THE WITHIN MATTER ON THE CALENDAR PURSUANT TO FED. R. CIV. P. 57

If the Court denies Plaintiffs' motion for summary judgment in part or in its entirety, the

Court should order a speedy hearing and advance the within matter on the calendar pursuant to

Rule 57.  Where a party is seeking a declaratory judgment pursuant to the Federal Declaratory

Act, 28 U.S.C.A. § 2201 et seq., the Court may order a speedy hearing of the action and advance

it on the calendar.  Id.; Maffia v. American Woolen Co., 125 F. Supp. 465 (S.D.N.Y. 1954).  The

Court of Appeals of the Second Circuit has endorsed the following view:

> "The statute providing for declaratory judgments meets a real need and should be liberally construed to accomplish the purpose intended, i.e. to afford a speedy and inexpensive method of adjudicating legal disputes without invoking the coercive remedies of the old procedure, and to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships."

Beacon Construction Co., Inc. v. Matco Electric Co., Inc., 521 F.2d at 397, citing to Aetna

Casualty & Surety Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937).

It is in the interest of both Plaintiffs and Defendants to have a speedy hearing to

determine the enforceability of the 2005 Management Agreement and 2006 Management

Agreement for the reasons set forth above.  As such, Plaintiffs respectfully request that the Court

order a speedy hearing and advance the within matter on the calendar.

## <u>CONCLUSION</u>

For the foregoing reasons, it is respectfully requested that the Court grant the relief requested herein and grant such other, further and different relief as to the Court seems just, equitable and proper under the circumstances.

Dated:  May 31, 2007

<div style="margin-left:40%">

NISSENBAUM LAW GROUP, LLC

/S/ GAVIN I. HANDWERKER_____
By:  Gavin I. Handwerker (GIH6191)
*Attorneys for Plaintiffs*
140 Broadway, 46th Fl.
New York, New York 10005
(212) 871-5711

</div>