UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISA-ATHENA S. ABU HANTASH, in her individual capacity and as mother and natural guardian of JORDAN-ANNETTEE JAZZMIN RICHARDSON, a minor, and JORDAN RICHARDSON, INC., a Virginia Corporation,

                      *Plaintiffs*,

-against-

V MODEL MANAGEMENT NEW YORK, INC. and VNY MODEL MANAGEMENT, LLC,

                      *Defendants*.

Docket No.: 07 Civ. 3363 (GBD) (KNF)

**AFFIRMATION OF GAVIN I. HANDWERKER, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION**

GAVIN I. HANDWERKER, ESQ., an attorney duly admitted to practice law in the state and federal courts of New York affirms the following to be true under penalty of perjury:

1.    I am principal of the law firm Nissenbaum Law Group, LLC, attorneys for the Plaintiffs, Lisa–Athena S. Abu Hantash, in her individual capacity and as mother and natural guardian of Jordan-Annettee Jazzmin Richardson, a minor, and Jordan Richardson, Inc. As such, I am fully familiar with the facts and circumstances surrounding the within matter.

2.    I submit this affirmation in support of Plaintiffs' application for an Order: (a) pursuant to Fed. R. Civ. P. 56, granting summary judgment in favor of Plaintiffs and against Defendants on all causes of action; (b) declaring the agreement dated April 22, 2005 between Jordan Richardson and Defendant V Model Management New York, Inc. null and void; (c) in the alternative, rescinding the agreement dated April 22, 2005 between Jordan Richardson and Defendant V Model Management New York, Inc. on the grounds that the agreement is unconscionable; (d) declaring that the agreement dated June 19, 2006 between Defendant VNY Model Management, LLC and Plaintiff Company is not a legally binding contract; (e) declaring the agreement dated June 19, 2006 between Plaintiff Company and Defendant VNY Model

Management, LLC is null and void; (f) granting permanent injunctive relief; (g) requiring each of the Defendants to file with this Court and serve on Plaintiffs within ten (10) days after service of the permanent injunction, a report, in writing, under oath, setting forth in detail the manner and form in which the Defendants have complied with the permanent injunction; and (h) directing Defendants to account to Plaintiffs for all monies received from third persons with regard to Jordan's modeling services and the amount, description and documentation for all of the deductions made by Defendants.

3. In the event the Court denies Plaintiffs' request for summary judgment, in part or in its entirety, I further request an Order directing a speedy hearing and advancing the above-captioned matter on the trial calendar pursuant to Rule 57.

4. A true and accurate copy of the complaint (without exhibits) filed with the court is annexed hereto as Exhibit A.

5. A true and accurate copy of Defendants' answer and counterclaim (without exhibits) is annexed hereto as Exhibit B.

6. Via correspondence dated March 21, 2007, my office notified Defendants, by and through their attorney, Natalia Nastaskin, Esq., that Jordan Richardson was terminating all agreements with Defendants effective April 22, 2007.  Ex. C.

7. Again, via correspondence dated April 11, 2007, I reinforced to Defendants that Jordan Richardson had terminated all agreements with Defendant V Management and rejected any proposed agreements between Jordan Richardson and/or Jordan Richardson, Inc. and Defendant VNY.  Ex. D.

8. Accordingly, the Court should grant the relief sought in the within motion.

9. A true and accurate copy of <u>Ladau v. Hillier Group, Inc.</u>, 2004 WL 691520 (S.D.N.Y. March 31, 2004) is annexed hereto as Exhibit E.

10. A true and accurate copy of <u>NYC Management Group, Inc. v. Brown-Miller</u>, 2004 WL 1087784, (S.D.N.Y. May 14, 2004), is attached hereto as Exhibit F.

11. No prior application for the relief sought herein has been made to this or any other court of competent jurisdiction.

WHEREFORE it is respectfully requested that the court grant the within application in its entirety together with such other, further and different relief as to the Court seems just, equitable and proper under the circumstances.

Affirmed:   May 31, 2007

/S/ GAVIN I. HANDWERKER
GAVIN I. HANDWERKER (GIH6191)

-3-