UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISA-ATHENA S. ABU HANTASH, in her individual capacity and as mother and natural guardian of JORDAN-ANNETTEE JAZZMIN RICHARDSON, a minor, and JORDAN RICHARDSON, INC., a Virginia Corporation,

*Plaintiffs*,

-against-

V MODEL MANAGEMENT NEW YORK, INC. and VNY MODEL MANAGEMENT, LLC,

*Defendants*.

Docket No.: 07 Civ. 3363 (GBD) (KNF)

**NOTICE OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, AN ORDER DIRECTING A SPEEDY HEARING AND ADVANCING THE ACTION ON THE TRIAL CALENDAR PURSUANT TO FED. R. CIV. P. 57**

**(ORAL ARGUMENT REQUESTED)**

**PLEASE TAKE NOTICE** that upon the Statement of Undisputed Facts, the affirmation of Gavin I. Handwerker, Esq. with exhibits, the affidavit of Plaintiff Lisa-Athena Abu Hantash dated May 24, 2007 with exhibits, the affidavit of Jordan-Annettee Jazzmin Richardson dated May 24, 2007 with exhibits and the Memorandum of Law submitted in support of Plaintiff's motion, the Plaintiffs, Lisa-Athena S. Abu Hantash ("Abu Hantash"), in her individual capacity and in her capacity as mother and natural guardian of Jordan-Annettee Jazzmin Richardson ("Jordan Richardson"), a minor, and Jordan Richardson, Inc. (the "Company"), by and through their attorneys, NISSENBAUM LAW GROUP, LLC, will move this Court before the Honorable George B. Daniels, United States District Court Judge, at the United States Courthouse for the Southern District of New York, located at 500 Pearl Street, New York, New York, Courtroom 15D, on **Tuesday, July 10, 2007** at **9:30a.m.,** or at such other date and time as the Court may direct, where counsel may be heard for the entry of an Order:

1. Pursuant to Fed. R. Civ. P. 56, granting summary judgment in favor of Plaintiffs and against Defendants on all causes of action;

2. Pursuant to the Federal Declaratory Act, 28 U.S.C.A. § 2201 et seq., declaring the agreement dated April 22, 2005 between Jordan Richardson and Defendant V Model Management New York, Inc. null and void;

3. In the alternative, rescinding the agreement dated April 22, 2005 between Jordan Richardson and Defendant V Model Management New York, Inc. on the grounds that the agreement is unconscionable;

4. Pursuant to the Federal Declaratory Act, 28 U.S.C.A. § 2201 et seq., declaring that the agreement dated June 19, 2006 between Defendant VNY Model Management, LLC and Plaintiff Company is not a legally binding contract;

5. In the alternative and pursuant to the Federal Declaratory Act, 28 U.S.C.A. § 2201 et seq., declaring the agreement dated June 19, 2006 between Plaintiff Company and Defendant VNY Model Management, LLC is null and void;

6. Granting permanent injunctive relief restraining and enjoining Defendants, their employees, agents, servants and all persons acting under their direction, control or in concert with them from:

    (a) asserting that any of the aforementioned agreements are enforceable; and,

    (b) interfering with Plaintiffs' contract relations with any person, firm, company, corporation and/or other entity with regards to Jordan Richardson's modeling career.

7. Requiring each of the Defendants to file with this Court and serve on Plaintiffs within ten (10) days after service of the permanent injunction, a report, in writing, under oath, setting forth in detail the manner and form in which the Defendants have complied with the permanent injunction;

8.      Directing Defendants to account to Plaintiffs for all monies received from third persons with regard to Jordan's modeling services and the amount, description and documentation for all of the deductions made by Defendants;

9.      In the event the Court denies Plaintiffs' request for summary judgment, in part or in its entirety, ordering a speedy hearing and advancing the above-captioned matter on the trial calendar pursuant to Fed. R. Civ. P. 57;

10.     Awarding attorney's fees, costs and disbursements; and

11.     Granting such other, further and different relief as to this Court seems just, equitable and proper under the circumstances.

**PLEASE TAKE FURTHER NOTICE** that in accordance with Local Rule 6.1(b), answering papers, if any, are to be served within ten (10) business days after service of these moving papers.

Dated:  New York, New York
        June 19, 2007

                                Yours, etc.,
                                NISSENBAUM LAW GROUP, LLC


                                /S/ GAVIN I. HANDWERKER
                                By:  Gavin I. Handwerker (GIH6191)
                                *Attorneys for Plaintiffs*
                                140 Broadway, 46th Fl.
                                New York, New York 10005
                                (212) 871-5711

To:    Wilmer H. Grier, Esq.
       *Attorneys for Defendants*
       V MODEL MANAGEMENT NEW YORK, INC. and
       VNY MODEL MANAGEMENT, LLC
       603 Jefferson Avenue
       Brooklyn, New York 11221

## **AFFIRMATION OF SERVICE**

GAVIN I. HANDWERKER, an attorney duly admitted to practice law in the Courts of the State of New York affirms the following to be true under the penalties of perjury:

That on June 18, 2007, I served the within NOTICE OF MOTION, STATEMENT PURSUANT TO RULE 56, MEMORANDUM OF LAW, ATTORNEY AFFIRMATION WITH EXHIBITS, AFFIDAVIT OF LISA HANTASH WITH EXHIBITS, and AFFIDAVIT OF JORDAN RICHARDSON WITH EXHIBITS, in the following manner:

__   By depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and control of the United States Postal Service addressed to each of the persons listed below at the last known address set forth after each name;

__   By delivering a true copy thereof personally to each person listed below at the address indicated. I knew each person served to be the person mentioned and described in said papers as a party therein, or their attorney authorized to accept service;

__   By transmitting the papers by electronic means to the telephone/FAX number listed below, which number was designated by the attorney/ party for such purpose. I received a signal from the equipment of the attorney/party served indicating that the transmission was received. I also deposited a true copy of the papers, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service, addressed to the attorney/party at the address listed below;

_X_   By depositing a true copy thereof, enclosed in a wrapper addressed as shown below, into the custody of **A FEDERAL EXPRESS COURIER** for overnight delivery, prior to the latest time designated by that service for overnight delivery;

__   By delivering a true copy thereof by electronic means to the email address listed below, which said electronic mail address was designated by the attorney/party for such purpose.

## **NAMES/ADDRESSES/FAXES OF PARTIES SERVED**

Wilmer H. Grier, Esq.
*Attorneys for Defendants*
V MODEL MANAGEMENT NEW YORK, INC. and
VNY MODEL MANAGEMENT, LLC
603 Jefferson Avenue
Brooklyn, New York 11221

Dated: New York, New York
       June 19, 2007

                                            /S/ GAVIN I. HANDWERKER
                                            GAVIN I. HANDWERKER (GIH6191)