UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA-ATHENA S. ABU HANTASH, in her individual capacity and as mother and natural guardian of JORDAN-ANNETTEE JAZZMIN RICHARDSON, a minor, and JORDAN RICHARDSON, INC., a Virginia Corporation, | Docket No.:  07 Civ. 3363 (GBD) (KNF) |
| *Plaintiffs*, | **(Oral Argument Requested)** |
| -against- | |
| V MODEL MANAGEMENT NEW YORK, INC. and VNY MODEL MANAGEMENT, LLC, | |
| *Defendants*. | |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO STRIKE PORTIONS OF DEFENDANTS' ANSWER PURSUANT TO FED. R. CIV. P. 12(f) AND FOR AN AWARD OF SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

>NISSENBAUM LAW GROUP, LLC
>*Attorneys for Plaintiffs*
>LISA ATHENA S. ABU HANTASH, JORDAN-ANNETTEE JAZZMIN RICHARDSON and JORDAN RICHARDSON, INC.
>140 Broadway, 46th Fl.
>New York, New York 10005
>(212) 871-5711

Gary D. Nissenbaum
    Of Counsel

Gavin I. Handwerker, Esq.
Neelam K. Singh, Esq.
    On the Brief

# **TABLE OF CONTENTS**

Page

Preliminary Statement ........................................................................................................1

Statement of Facts .............................................................................................................3

POINT I

    **THE COURT SHOULD STRIKE PORTIONS OF
  DEFENDANTS' ANSWER PURSUANT TO FED. R. CIV. P. 12(f)** ...........................4

    A.  The Law ................................................................................................................4

    B.  The Law Applied to the Facts at Hand ................................................................4

POINT II

    **THE COURT SHOULD ALSO STRIKE DEFENDANTS'
  EIGHTH AFFIRMATIVE DEFENSE AS SET FORTH
  IN PARAGRAPH 151 OF THEIR ANSWER** ..................................................................7

POINT III

    **THE COURT SHOULD SANCTION THE DEFENDANTS
  PURSUANT TO FED. R. CIV. P. 11** ................................................................................8

Conclusion .........................................................................................................................9

# TABLE OF AUTHORITES

Page

**Federal Cases**

Beatie and Osborn, LLP v. Patriot Scientific Corp., 431 F.Supp.2d 367 (SDNY 2006) ..................4

Connell v. City of New York, 230 F.Supp.2d 432 (SDNY 2002) ......................................................7

FDIC v. Pelletreau & Pelletreau, 965 F. Supp. 381 (EDNY 1997) ..................................................7

Hart v. Dresdner, 2006 WL 2356157 (SDNY 2006) ....................................................................4, 7

Roe v. City of New York, 151 F.Supp.2d 495, 510 (SDNY 2001) ....................................................7


**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 8(b) ...........................................................................................................................8

Fed. R. Civ. P. 8(c) ...........................................................................................................................8

Fed. R. Civ. P. 8(e) ...........................................................................................................................8

Fed. R. Civ. P. 11(b)(1) ....................................................................................................................8

Fed. R. Civ. P. 11(b)(3) ....................................................................................................................8

Fed. R. Civ. P 12(f) ..........................................................................................................................4

**PRELIMINARY STATEMENT**

Plaintiffs submit this memorandum of law in further support of their motion to strike those previously identified portions of Defendants' verified answer pursuant to Rule 12 of the Federal Rules of Civil Procedure. Having read Defendants' response, it should be patently clear that many, if not all of, the "answers" provided by Defendants have absolutely no bearing on this matter. Rather, the bevy of insults and innuendos alleged in Defendants' answer were made simply to cause the Plaintiffs embarrassment and humiliation.

The basis of this action sounds in contract and seeks a declaration from the Court as to the enforceability of two modeling/management agreements. In answering the complaint, Defendants levied personal attacks against the Plaintiffs and their attorneys using words such as "frivolous", "ridiculous" and "stupid." Defendants even went as far as to insult Jordan Richardson's mother, Lisa Hantash, by making reference to her age, weight, looks, employment status, family values, financial condition, financial security, financial acumen and spending habits.

Defendants then make the conclusory statement in opposition to this motion that the contested portions of their answer are simply relevant. They provide no explanation to the Court why or even how any of ad hominem attacks levied against the Plaintiffs have anything to do with an action to determine the enforceability of two contracts. In that regard, Defendants exhibit no remorse in their papers for any of their actions and make no attempt to even try and excuse their conduct. Instead, they actually seem to take delight in the fact that, at least up until now, they have been able to get away with their actions.

As portions of paragraphs 22, 34, 35, 36, 65, 66, 67, 73, 75, 77, 79, 89, 98, 99, 109, 110, 111 and 134 are clearly immaterial, impertinent and scandalous and Defendants have not made an adequate showing as to how these allegations have a bearing on the issues in dispute, the Court should grant Plaintiffs' motion.

In addition, the Court should also strike Defendants' Eighth Affirmative Defense (paragraph 151) on the grounds that (a) there is no evidence in support of the allegations that would be admissible; (b) the allegations have no bearing on the issues in this case; and, (c) to permit the allegations contained within the affirmative defense to stand would result in severe prejudice to the Plaintiffs.  This is especially warranted in light of the fact that Defendants do not even address the Eighth Affirmative Defense in their opposition, thus, acknowledging that this defense is patently improper.

Finally, the Court should also sanction both Defendants and their counsel pursuant to Rule 11 for violating Rule 8(b), (c) and (e) and Rule 11(b)(1), (2) and (3) of the Federal Rules of Civil Procedure.

## **STATEMENT OF FACTS**

Plaintiffs shall rely on the affirmation of Gavin I. Handwerker, Esq. with exhibits previously submitted in connection with this motion.

## POINT I

### THE COURT SHOULD STRIKE PORTIONS OF DEFENDANTS' ANSWER PURSUANT TO FED. R. CIV. P. 12(f)

**A.     The Law**

Rule 12(f) permits a Court to strike from any pleading "any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Although the Courts are generally "very reluctant to determine disputed or substantial issues of law on a motion to strike", motions to strike will be granted where "it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." Hart v. Dresdner, 2006 WL 2356157, *10 (SDNY 2006) (internal citations omitted); see Beatie and Osborn, LLP v. Patriot Scientific Corp., 431 F.Supp.2d 367, 398 (SDNY 2006).

**B     Defendants Have Failed To Show How Any Of The Personal Attacks In Their Verified Answer Have Any Bearing On The Issues Forming the Basis of the Complaint**

The within action involves claims relating to the enforceability of two management/modeling agreements. See generally Plaintiffs' verified complaint; see also Defendants' counterclaim. Clearly, Defendants' personal attacks on Plaintiffs including allegations regarding Plaintiff Hantash's age, weight, looks, employment status, family values, financial condition, financial security, financial acumen and spending habits do not relate or otherwise pertain to the enforceability of these agreements.

Furthermore, Defendants' opposition fails to show how portions of Defendants' answer to paragraphs 22, 34, 35, 36, 65, 66, 67, 73, 77, 79, 89, 98, 99, 109, 110, 111 and 134 of the verified complaint have any bearing whatsoever on the issues in dispute. Rather, Defendants

make conclusory statements, without providing an adequate basis, that these portions have a bearing on the case. Specifically, Defendants assert that:

> "[i]n each instance, the answers made by defendants in denying or admitting the allegations contained in the plaintiffs' complaint in 17 of the defendants' answers required that the defendants state additional fact which defendants had actual knowledge of the material facts in order to answer the allegations made by plaintiffs' in their complaint."[sic]

Def. Opp. at 5-6.

However, the paragraphs of the complaint and the answers that followed (and which form the basis of the within motion) clearly do not require Defendants to lodge personal attacks on the Plaintiffs and their attorneys. A simple "admit" or "deny" would have sufficed.

In addition, Defendants have engaged in a childish game of "she did it first" as justification for their personal attacks against the Plaintiffs. Specifically, Defendants contend that the allegations pertain to the conduct/intent of the Plaintiff Hantash with regard to the spending of the infant model's earnings and are relevant because Plaintiffs "have attacked the defendants' conduct and alleged the lack of proper supervision of the enfant [sic] model." Def. Opp. at 6. However, paragraphs 22, 34, 35, 36, 65, 66, 67, 73, 77, 79, 89, 98, 99, 109, 110, 111 and 134 do not make any allegations about Defendants' improper supervision with regard to Plaintiff Jordan Richardson (which are addressed in paragraphs 23-26 of the verified complaint).

Notwithstanding the foregoing, the fact that Plaintiffs have made allegations pertaining to Defendants' improper supervision with regard to Plaintiff Jordan Richardson clearly goes to the reasons, among others, why Plaintiffs ultimately disaffirmed their agreements with Defendants and now seek a declaration from the Court declaring both agreements unenforceable. On the other hand, allegations pertaining to how Plaintiff Hantash manages her daughter's finances is

5

clearly irrelevant to the within action. Plaintiffs, in seeking to declare 2 contracts unenforceable, are not required to prove motivation as an element to their causes of action.

In that regard, curiously missing from Defendants' opposition is an affidavit from any person with actual knowledge of the facts forming the basis of this action. If it is Defendants' position that motivation is somehow relevant, it was incumbent upon them to present that evidence to the Court in admissible form. Conclusory statements of an attorney do not meet that burden. That such an affidavit is missing speaks volumes because it goes to very heart of Plaintiffs' application — that Defendants have no actual information regarding any of the claims they make in their answer, that the claims are made on belief rather than actual fact, that the claims have no bearing on whether or not a particular contract is enforceable, and that each and every one of the answers complained of has no legitimate purpose in a pleading.

As Defendants have not made an adequate showing to the Court that the claims made in their answer have any legitimate purpose or are probative on the issues in dispute, the Court should grant Plaintiffs' motion to strike pursuant to Rule 12(f).

**POINT II**

**THE COURT SHOULD ALSO STRIKE DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE AS SET FORTH IN PARAGRAPH 151 OF THEIR ANSWER**

As elaborated in Plaintiffs' original memorandum of law, Plaintiffs have sufficiently demonstrated that Defendants' Eighth Affirmative Defense (paragraph 151) should be stricken on the grounds that (a) there is no evidence in support of the allegations that would be admissible; (b) the allegations have no bearing on the issues in this case; and, (c) to permit the allegations contained within the affirmative defense to stand would result in severe prejudice to the Plaintiffs.  Hart v. Dresdner, 2006 WL 2356157, *10 (S.D.N.Y. 2006) citing Roe v. City of New York, 151 F.Supp.2d 495, 510 (S.D.N.Y. 2001); Connell v. City of New York, 230 F.Supp.2d 432, 438 (SDNY 2002); FDIC v. Pelletreau & Pelletreau, 965 F. Supp. 381, 389 (E.D.N.Y. 1997).

For whatever reason, Defendants do not even address Plaintiffs request to strike Defendants' Eighth Affirmative Defense.  By failing to present any evidence in opposition to that portion of Plaintiffs' motion, the Court should deem Defendants' silence as a tacit admission that the Eighth Affirmative Defense is improper.

Accordingly, the Court should strike Defendants' Eighth Affirmative Defense.

## POINT III

**THE COURT SHOULD SANCTION THE DEFENDANTS PURSUANT TO FED. R. CIV. P. 11**

In light of the fact that Defendants have not opposed Plaintiffs' motion for sanctions and for the reasons set forth in Plaintiffs' original memorandum of law, the Court should order sanctions against the Defendants pursuant to Fed. R. Civ. P. 11(c) for violating, inter alia, Rule 8(b), (c) and (e) and Rule 11(b)(1) and (3). Based on their opposition, it appears as if Defendants believe that (a) the type of conduct exhibited in their answer, no matter how outrageous or extreme, is an acceptable method of pleading in this District or (b) that the Court will not take action against them. Whatever the reason, Defendants need to be made an example of in order for the rest of the bench and bar to know that such conduct is not acceptable in this District and that failure to abide by simple rules of pleading will be met with stiff rebuke from the Court.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that the Court grant the relief requested herein in its entirety and grant such other, further and different relief as to the Court seems just, equitable and proper under the circumstances.

Dated: June 20, 2007

        NISSENBAUM LAW GROUP, LLC

        /S/ GAVIN I. HANDWERKER
        By: Gavin I. Handwerker (GIH6191)
        *Attorneys for Plaintiffs*
        140 Broadway, 46th Fl.
        New York, New York 10005
        (212) 871-5711

## AFFIRMATION OF SERVICE

GAVIN I. HANDWERKER, an attorney duly admitted to practice law in the Courts of the State of New York affirms the following to be true under the penalties of perjury:

That on June 20, 2007, I served the within MEMORANDUM OF LAW, in the following manner:

____ By depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and control of the United States Postal Service addressed to each of the persons listed below at the last known address set forth after each name;

____ By delivering a true copy thereof personally to each person listed below at the address indicated. I knew each person served to be the person mentioned and described in said papers as a party therein, or their attorney authorized to accept service;

____ By transmitting the papers by electronic means to the telephone/FAX number listed below, which number was designated by the attorney/ party for such purpose. I received a signal from the equipment of the attorney/party served indicating that the transmission was received. I also deposited a true copy of the papers, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service, addressed to the attorney/party at the address listed below;

_X_ By depositing a true copy thereof, enclosed in a wrapper addressed as shown below, into the custody of **A FEDERAL EXPRESS COURIER** for overnight delivery, prior to the latest time designated by that service for overnight delivery;

____ By delivering a true copy thereof by electronic means to the email address listed below, which said electronic mail address was designated by the attorney/party for such purpose.

## NAMES/ADDRESSES/FAXES OF PARTIES SERVED

Wilmer H. Grier, Esq.
*Attorneys for Defendants*
V MODEL MANAGEMENT NEW YORK, INC. and
VNY MODEL MANAGEMENT, LLC
603 Jefferson Avenue
Brooklyn, New York 11221

Dated: New York, New York
June 20, 2007

/S/ GAVIN I. HANDWERKER
GAVIN I. HANDWERKER (GIH6191)