**ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x  Docket No.: 07 Civ. 3363(GBD)

LISA-ATHENA S. ABU HANTASH, in her
Individual capacity and as mother and natural
Guardian of JORDAN-ANNETTEE JAZZMIN      AFFIDAVIT IN OPPOSITION
RICHARDSON, a minor, and JORDAN          TO MOTION FOR SUMMARY
RICHARDSON, INC., a Virginia Corporation, JUDGMENT, SPEEDY TRIAL
                                         AND INJUNCTIVE RELIEF

                    Plaintiff,

            -against-

V MODEL MANAGEMENT NEW YORK, INC.,
And VNY MODEL MANAGEMENT, LLC.

                    Defendants.
-----------------------------------------------------x

State of New York)
County of New York ) s. s:

LANA VINDERMAN A/K/A LANA WINTERS, being duly sworn deposes and says:


1.      That I am the managing member of VNY MODEL MANAGEMENT, LLC

( herein after called VNY)  and I was the president of V MODELS, INC., a now dissolved

New York State Corporation which is called incorrectly in the caption by Plaintiff  V

MODEL MANAGEMENT NEW YORK, INC., ( hereinafter called V).


2.      V Models  Inc., a corporate entity was incorporated in 2001.  The V Models, Inc.,

a New York Corporation was/is staffed by me, Lana Vinderman my husband, Damian

Tomczak  , Carlotta Sironni and also until February 28, 2007, scout/booking agent, Daryl

Washington.  Daryl Washington resigned his  booking agent/scouting position with VNY

on February 28, 2007.

3.      Daryl Washington was successful in introducing some important modeling talent to  V Models, Inc., and VNY Model Management, LLC.  One of those special talents was/is a 15 year old girl from Newport News, Virginia, named Jordan Richardson.  I recognized the potential of this young lady when I was first introduced to her..   In fact when Jordan Richardson was introduced to me she had no real professional experience as a print or run way model.   I groomed Jordan and  V or VNY modeling agency(ies) provided the infant model Jordan with the necessary opportunity to become the successful model  she is today. ( See copies of photographs of Jordan Richardson annexed hereto as Exhibit "A").

4.      That I have read the affidavit of Lisa-Athena S. Abu Hantash sworn to on the 24th day of May, 2007,  in support of Plaintiffs' motion pursuant to Federal Rules of Civil Procedure 56   for Summary Judgment and make **this affidavit in opposition** to Plaintiffs' motion for  Summary Judgment  and also in opposition to Plaintiffs' proposed alternative, an order directing a speeding hearing and advancing the action on the trial calendar pursuant to Federal Rules of Civil Procedure 57 and in opposition to plaintiffs' motion for Summary Judgment and in opposition to plaintiffs' motion for injunctive relief and an accounting.

5.      The   instant Motion for Summary Judgment is  an action brought by plaintiffs seeking to have  the United States District Court Southern District to issue an order declaring the 2005 Model Management agreement between V Models, Inc., and Jordan

Richardson be null and void, or in the alternative, rescinding the agreement dated April 22, 2005 between Jordan Richardson and Defendant V Models, Inc., on the grounds that the agreement is unconscionable; and plaintiffs also seek a court order declaring the Model Management Agreement dated June 19, 2006 June 18, 2008 between Jordan Richardson and VNY Model Management is not a legal binding modeling agreement, injunctive relief and an accounting.

( The 2005 Jordan Richardson V Model Management Agreement is annexed hereto as Exhibit " B".)

( The 2006-2008 Jordan Richardson VNY Model Management Agreement is annexed hereto as Exhibit " **C**")

## THE 2005 MODEL MANAGEMENT AGREEMENT BETWEEN JORDAN RICHARDSON AND V MODELS, INC.

6.    In April, 2005 Jordan Richardson's Mother signed the 2005 Model Management Agreement with V Models, Inc., as the parent of the infant model, Jordan Richardson. They were both very happy to have a modeling agreement with a known and established New York City modeling agency like V Models, Inc. From the beginning I devoted my best efforts to secure the kind of modeling opportunities that would help Jordan to become a model who could earn a living from modeling if, she wanted to work as a model for her life time career.    This was important to me so I devoted a significant amount of my time and sought out my many contacts in the advertising community to help Jordan Richardson realize her potential as a print model and most importantly I only booked Jordan in print advertising model that I felt were good for Jordan's career and

projects that were in Jordan's best interest career wise and financially.

7.     From April, 2005 Jordan performed the following modeling services and it was also during this time that Jordan earned a reputation for modeling print work and it was in 2005 that a demand for Jordan's modeling services increased as well as Jordan's popularity with advertisers.

- List of modeling assignment from April, 2005 until June , 2006 annexed hereto as Exhibit "D"

8.     The 2005 Modeling Agreement executed by plaintiffs and defendants is the standard Modeling Agreement used in the Model Management industry especially for the actual development of a raw modeling talent. This agreement contains a two (2) year extension. In this case the defendants are not seeking to have the 2005 modeling agreement extended because V Models, Inc. ,was dissolved in August, 2005 and because the Model , Jordan Richardson's mother one of the Plaintiff, Abu Hantash signed and executed( sometime in July, 2006) the 2006-2008 VNY-Jordan Richardson Model Management Agreement that has also been executed by yours truly, VNY Model Management's managing member ( sometime in July, 2006) and as a result it is my contention that a binding enforceable Model Management Agreement now exist between the infant model, Jordan Richardson and VNY Model Management, LLC until June 18, 2008.

## JORDAN RICHARDSON'S 2006-2008 MODEL MANAGEMENT AGREEMENT WITH VNY MODEL MANAGEMENT, LLC

9        Defendants' verified answer, unanswered counterclaims are incorporated by

reference  and are also submitted in answer to the Plaintiff's motion for Summary

Judgment.

## EXECUTION OF THE VALID, BINDING ENFORCEABLE 2006-2008 MODEL MANAGEMENT AGREEMENT BETWEEN VNY MODEL MANAGEMENT, LCC AND JORDAN RICHARDSON.

10.      That I as the managing member of the Defendant VNY Model Management, LLC

on or about June 19, 2006 delivered to Jordan Richardson a VNY Model Management

Agreement for the Plaintiff, Jordan Richardson an infant model.  Upon information and

belief Jordan  took the 2006-2008 VNY-Jordan Richardson Model Management

Agreement to the Plaintiff, infant Jordan Richardson's mother, Lisa-Athena S. Abu

Hantash ( herein called Hantash)  for her signature as guardian and natural  parent of

Jordan Richardson.


11.      Plaintiff, Lisa Athena S. Abu-Hantash, Jordan's mother made changes as listed in

paragraph 7 as follows: to the Model Management Agreement, signed the 2006-2008

VNY-Jordan Richardson Model Management Agreement as Model's Parent/Legal

guardian and  she then faxed her signed version of the modeling agreement back to me,

Lana Winters on July 17, 2006 on an Office Depot memo that reads "Jordan Contract

going back to Lana". ( See Office Depot Fax Transmission sheet annexed hereto as

Exhibit "E")

12    "The Plaintiff, Lisa Athena  S. Abu Hantash  wrote  in her own handwriting *Jordan Richardson or representative has the right to cancel the contract with a written notice 30 days prior to the expiration of the contract."

13.    When I received this signed version of the 2006-2008 VNY- Jordan Richardson Model Management Agreement on July 17, 2007 by facsimile from Plaintiff Abu Hantash which contained the termination  language which ( in effect  quotes the right of the manager in paragraph 3 of the 2006-2008 Model Management agreement to terminate the agreement) which my lawyers have explained to me  was a counter  offer,  I immediately signed  this version of the 2006-2008 VNY-Jordan Richardson Model Management Agreement that had already been signed by the Plaintiff, Abu-Hantash.  The counter offer version of the 2006-2008 Model Management Agreement  was signed by me on or about July 18, 2006 and **THE EXECUTION VERSION OF THE 2006-2008 VNY MODEL MANAGEMENT AGREEMENT was PICKED UP FROM VNY'S OFFICE  BY Jordan Richardson  WHEN SHE CAME AND PICKED UP  HER MAIL FROM THE  VNY  MODEL  MANAGEMENT, LLC'S  OFFICE  SOMETIME  AFTER JULY 18, 2006  AND  BEFORE AUGUST 1, 2006.   MEMBERS OF MY STAFF WITNESSED  ME  PLACING  THE  EXECUTED  AGREEMENT  IN  AN ENVELOPE AND  JORDAN RECEIVING THE EXECUTED VERSION OF THE 2006-2008 VNY MODEL MANAGEMENT AGREEMENT TO TAKE TO HOME. EXHIBIT "F" SHIELDS V. GROSS, 461 N. Y. S. 2D 245 ( 1983)**

14.........It is/was my understanding that at that time the  2006 -2008 Model Management

Agreement   between   VNY Model Management    became a binding enforceable

agreement.


15.      That  VNY continued to manage the infant Model Jordan Richardson and  the

infant model Jordan Richardson received disbursements from VNY in  a sum in excess of

$400,000.00 during 2006.    That plaintiffs never  made any further mention concerning

the 2006 2008 VNY JORDAN RICHARDSON model Management agreement during the

months of July, 2006 August, 2006 September, 2006 October, 2006  November, 2006

December, 2006 , January, 2006 and until February 16, 2007.  A period  of seven (7) and

one half months.    ( See a list of modeling services performed by Jordan Richardson

during these seven (7) months annexed hereto as Exhibit " D, supra".)


16..     Then on February 16, 2007 I   received what I considered a strange-bizarre

communication from Lisa Athena  S. Abu Hantash which is annexed hereto as Exhibit

"G" and reads in relevant part as follows:

" I have made repeated attempts to get a copy of the signed 2nd contract (dated 19 June,

2006 and expires June 2008) These attempt were made by me and my agent. My Mother

Rachelle Saunders, asking both you and your Business Manager, Nole.(HEARSAY

STATEMENT) I made the last attempt on 12 February, 2007., when you told me I would

have it by Friday, 16, February, 2007. Since these attempts have been unsuccessful, the

only valid contract I have with you is the 1 dated April, 2005 which expires 22 April,

2007."

17.      On or about February 16, 2007 I received the letter annexed hereto as Exhibit "

I". I became baffled and confused when Plaintiff, Hantash wrote me and advised me that she had not received a signed copy of the 2006-2008 VNY-Jordan Richardson Model Management Agreement from me.   Since I had personally delivered a copy of the 2006-2008 VNY-JORDAN RICHARDSON Model Management agreement to Jordan sometime in late July, 2006.   I called my consulting lawyer, Natalia Nastaskin and asked her what should I do, Ms. Nastasking ask me to send to her a copy of the February 16, 2007 letter I hadI received from Plaintiff, Abu-Hantash . I sent the entire executed 2006-2008 VNY-Jordan Richardson Model Management Agreement to my consulting attorney Ms. Nastaskin on as I recall February 16, 2006.  . ( See a copy of the February 16, 2007 Abu-Hantash letter annexed hereto as Exhibit "G, supra.")

18.    EXECUTION OF 2006-2008 VNY-JORDAN RICHARDSON TIME LINE

- June 19, 2006 June 18,-2008    VNY -Jordan Richardson Model Management Agreement  delivered to Jordan Richardson to give to  Plaintiff, Abu Hantash.

- Plaintiff Hantash signs the agreement for her infant daughter, but add additional language and faxes this modified agreement back to Lana Winters on July 17, 2006.

- Lana Winters signs this agreement on July 18, 2006 and Lana Winters delivers the executed version of the 200-2008 VNY-Jordan Richardson Model Management Agreement  to Jordan Richardson to take home to Virginia with her. .

- The infant model Jordan Richardson performs the modeling agreement and earns significant sum of money during this period and all of this money was disbursed to Jordan Richardson by VNY Model Management, LLC.   **ALL CHECKS DISBURSED TO JORDAN RICHARDS WERE MADE PAYABLE TO JORDAN RICHARDSON AS AN INDIVIDUAL. ADDITIONALLY, PLEASE**

**NOTE THAT AT NO TIME SINCE JUNE 19, 2006 HAS MY OFFICE RECEIVED ANY REQUEST FROM ANY OF THE PLAINTIFFS REQUESTING THAT DISBURSEMENT CHECKS BE MADE PAYABLE TO JORDAN RICHARDSON, INC. ( A COPY OF JORDAN RICHARDSON 2006 1099 AND CANCELLED CHECKS ARE ANNEXED HERETO AS EXHIBIT "H")**

- The infant model Jordan Richardson is disbursed by VNY her percentage of the more than $400,-000.00 she earned during 2006.  The W-2's for 2007 have not been issued yet to the infant Model Jordan Richardson and I believe paragraphs 37 through 43 indicate that the Plaintiff, Abu Hantash is confused on this issue.

- Plaintiff, Abu Hantash in her affidavit in support of plaintiffs' motion for Summary Judgment makes a hearsay statements concerning her Mother , Rachelle Saunders making telephone calls to my office, calls which I never received personally.

- On February 16, 2007  Plaintiff , Abu Hantash send me a letter telling Lana Winters that she has not received an executed copy of the 2006-2008 VNY-JORDAN RICHARDSON modeling agreement and that she considers the 2006-2008 agreement unenforceable

- On February 27, 2007 Lana Winters attorney sends Abu Hantash a **SECOND** copy of only the last page of the executed 2006-2008 VNY-Jordan Richardson modeling agreement.  The first copy delivered to the plaintiffs was the entire  copy of the 2006-2008  VNY_ Jordan Richards  Model Management Agreement and was delivered to Jordan Richardson before August 1, 2006.

MOTIVATION

- I AS THE MANAGEMENT MEMBER OF VNY MODEL MANAGEMENT, LLC IN 2006 WOULD HAVE HAD ABSOLUTELY NO REASON TO NOT EXECUTE THE 2006-2008 VNY MODEL MANAGEMENT AGREEMENT. IT IS INSULTING TO ME AS A BUSINESS WOMAN FOR ANY ONE TO ALLEGE THAT I WOULD INTENTIONALLY FAIL TO EXECUTE THE 200-2008 VNY-JORDAN RICHARDSON MODEL MANAGEMENT AGREEMENT AND FAIL TO DELIVER THE EXECUTED VERSION OF THE MODEL MANAGEMENT AGREEMENT TO THE PLAINTIFFS. IT GOES WITH OUT SAYING THAT VNY EARNED 40% OF JORDAN RICHARDSON'S INCOME DURING 2005, 2006 AND 2007. THAT VNY OFTEN ADVANCED MONEY TO JORDAN RICHARDSON, PAID HER TRAVEL AND OTHER COST IN ADVANCE. VNY WOULD HAVE BEEN UNPROTECTED WITHOUT A FULLY EXECUTED AGREEMENT, ALTHOUGH ABU HANTASH MADE CHANGES TO THE AGREEMENT THESE CHANGES WERE NOT CHANGES THAT I DID NOT AGREE TO. THAT'S WHY THERE IS AN EXECUTED VERSION OF THE 2006-2008 VNY-JORDAN RICHARDSON MODEL MANAGEMENT AGREEMENT IN THE RECORD ANNEXED HERETO AS EXHIBIT "C" supra).

- WHEREAS I BELIEVE THE OPPOSITIVE MOTIVATION IS TRUE FOR THE PLAINTIFFS. THE EVIDENCE OF RECORD SHOWS THAT ON FEBRUARY 16, 2007 PLAINTIFFS BECAME MOTIVATED AND BEGAN TO ATTEMPT TO GET OUT OF THE 2006-2008 VNY-JORDAN

**RICHARDSON MODEL MANAGEMENT AGREEMENT JORDAN NOW HAS WITH VNY.   IN FACT IN A RELATIONSHIP BETWEEN THE PARTIES HERETO  THAT HAD BEEN PREVIOUSLY INFORMAL THE PLAINTIFFS SENT THE FEBRUARY 16, 2007 LETTER BY EXPRESS MAIL AND NOT BY FACSIMILE AS PLAINTIFFS USUALLY DID. THE PLAINTIFFS NEXT HIRED MR. HANDWERKER WHO BEGAN TO WRITE LETTERS TO MY OFFICE ADVISING VNY THAT JORDAN WOULD NO LONGER WORK FOR VNY AFTER APRIL 22, 2007.   THIS IS WHAT THE FACTS OF RECORD SHOW BEFORE WE HAVE HAD ANY DISCOVERY.**

- **( SEE COPY OF APRIL 11, 2007 LETTER FROM GAVIN HANDWERKER, ESQ., ANNEXED HERETO AS EXHIBIT "I" )**

19.    Until February 16,  2007 I believed that my relationship with Jordan Richardson and her mother, Lana and Lisa-Athena was harmonious, Plaintiffs' relied on me for all kind of assistance, including advice about purchasing a home during these seven (7)  and one half months.  They were friendly especially after I obtained the L'Oreal assignment for Jordan in April, 2006 a modeling assignment where Jordan earned more than $300,000.00.

20.    On February 27, 2007 yy consulting attorney, Natalia Nastaskin, Esq., responded to the February 16, 2007 written to me by the Plaintiff, Abu Hantash.  Ms. Nastaskin sent another, second copy of the signature page of the 2006-2008 VNY- Jordan Richardson Model Management Agreement to Plaintiff, Abu Hantash.  The first time I delivered the contract to Jordan on July 18, 2006  I sent the entire modeling Management Agreement to

plaintiffs in July , 2006  or early August, 2006.( See, a copy of February 27, 2007 Attorney Nastaskin letter annexed hereto as Exhibit "J")

21.    I want to point out to the court although the Plaintiff, Abu Hantash in paragraph "23" in her  hearsay statement made in her affidavit contends/alleges  that she and her mother Rachelle Saunders requested from yours truly and asked VNY several times for defendant VNY to send her an executed copy of the 2006-2008 Model Management Agreement during the time period of October, 2006 and February 16, 2007 I did not receive these telephone calls. I have been forced to answer in my affidavit hearsay statement whereby Plaintiff , Abu Hantash make statements regarding calls that her Mother made to my office regarding the Agreement which I deny were ever received by me.

22.    Furthermore, I am stating under oath that VNY had already delivered to Plaintiff, Jordan Richardson  in the last week of July, 2006 an executed version of the 2006-2008 VNY-Jordan Richardson Model Management Agreement and to further corroborate the truthfulness of my statement; **I want the court to take notice that plaintiffs have not produced any records showing  where  plaintiffs made  written request to  VNY requesting a copy of the executed VNY  Jordan Richardson   Agreement during the time period of the betwee October-2006 - February 16, 2007 .**

23.    In fact, the only time plaintiffs made any request for another copy of the  2006-2008 execution agreement was when  plaintiffs requested the signature page of the 2006-2008

VNY-Jordan Richardson Modeling Agreement on  February 16,  2007.

24.    I believe that the Court will see that this dispute centers on who is telling the truth about when the 2006-2008 VNY-Jordan Richardson Model Management agreement was executed/signed by me and delivered. to Jordan Richardson in July, 2006.

25.    Ironically, in this case, non of this attack activity  on the 2006- 2008 VNY -Jordan Richardson Model Management Agreement were ever made by the plaintiffs in writing until February 16, 2007 and I saw the infant model Jordan Richardson almost weekly during this seven and one half month period. **I HAD CONVERSATIONS WITH JORDAN, HER MOTHER, HER GRANDMOTHER DURING THIS TIME DURING THIS SEVEN AND ONE HALF MONTH PERIOD NOT ONE OF THE PLAINTIFFS REQUESTED ANOTHER COPY OF THE EXECUTED 2006-2008 VNY MODEL MANAGEMENT AGREEMENT AND NO Plaintiff, OR JORDAN'S GRANDMOTHER, MS. SAUNDERS REQUESTED THAT DISBURSEMENTS BE MADE TO JORDAN RICHARDSON, INC., AND AS A RESULT EVERY DISBURSEMENT CHECK ISSUED TO JORDAN RICHARDSON HAS BEEN ISSUED ONLY IN HER INDIVIDUAL NAME.**

26.    Quintessentially, the Plaintiff, Abu- Athena Hantash is asking the court to grant plaintiffs' motion for Summary Judgment based on her uncorroborated allegations  that she did not receive a copy of the executed 2006-2008 VNY- Jordan Richardson Model Management agreement she signed for her infant, daughter until February 27, 2007 and

(2) therefore that Plaintiff, Abu Hantash's letter of February 16, 2007 resulted in a rejection of the counter-offer before it was accepted by me and that her version of the facts is actually what occurred between the parties to agreement.

27.    I believe that this dispute centering around when I delivered the executed version of the 2006-2008 VNY-Jordan Richardson  modeling agreement is an issue of fact that can only be decided by a judge or jury and where defendants are given an opportunity to produce witnesses and have an opportunity to cross-examine witnesses.

28. Additionally,  it is interesting to note that  the record shows that  only in February, 2007 did the Plaintiffs take any  steps to establish a paper trail in order to  set up a situation to support plaintiffs' claim the Plaintiff, Abu-Hantash had not received the executed  the 2006-2008  VNY Model Management Agreement  it has with the infant model, Jordan Richardson until February 27, 2007. Ms. Abu-Hantash has submitted no physical evidence to support her uncorroborated allegations.

29..    I would like to point out to the court additionally during the time period of July 17, 2007 until February 27, 2007 Jordan Richardson worked continuously for the following advertisers as a print model and earned a significant sum of money  from each of these advertising  assignments.

30.    I would also like to point out to the court in plaintiffs' motion for summary judgment plaintiffs have alleged again with out any evidentiary proof that Plaintiff, JORDAN RICHARDSON did not accurately reflect the amount of those advancement and expenses.  I don't understand why paragraphs 37 through 42 are included in the

Plaintiff, Abu Hantash affidavit submitted in support of plaintiffs' Motion for Summary Judgment. I would like to point out to the court that I keep excellent accounting records and all expenses, advancements, and disbursement for modeling services rendered by the infant Model Jordan Richardson, was disbursed timely and accurately. JORDAN HAS BEEN GIVEN A LIST OF EACH JOB SHE PERFORMED AND A COPY OF THIS LIST IS ANNEXED HERETO AS EXHIBIT "D") CROSS COMPARISON OF THIS LIST AND THE DISBURSEMENT CHECKS COULD EASILY ANSWER THIS INQUIRY.

30.    I am also disturbed by the fact that the plaintiffs have alleged that the 2006-2008 Model Management Agreement was between VNY and Jordan Richardson, Inc., I know the court will take notice that plaintiffs have submitted no evidentiary proof to document the fact that this entity is incorporated in the State of Virginia, when it was incorporated, who the shareholders are and who was on the Board of Directors of the alleged corporation Jordan Richardson, Inc. as of June 19, 2006, The Corporate entity, Jordan Richardson has never contacted VNY Model Management, LLC, in any way by letter or by fax ,however, as the existing record in this case the modeling services were rendered by Jordan Richardson an individual, who is an infant and her mother, Lisa-Athena Abu Hantash signed the 2006-2008 Model Management Agreement for her and pursuant to the terms of this agreement Jordan Richardson performed modeling services for advertisers and since June 19, 2006 and all financial disbursements during this time period were made to Jordan Richardson, as an individualwere made by VNY Model Management, LLC. THE ALLEGED CORPORATE ENTITY, JORDAN RICHARDSON, INC., HAS NEVER REQUESTED THAT ANY DISBURSEMENT CHECK BE MADE PAYABLE

TO THE CORPORATE ENTITY.    IF, VNY ATTORNEY HAD HAD AN

OPPORTUNITY TO ENGAGE IN DISCOVERY WE COULD HAVE ASCERTAIN IF,

JORDAN RICHARDSON, INC., HAS AN ESTABLISH BANK ACCOUNT OR ANY

OTHER CORPORATE DOCUMENTS.

31.    Finally, the plaintiffs in their Motion for Summary Judgment have requested that

VNY Model Management , LLC BE RESTRAINED FROM ANNOUNCING TO

OTHERS THE REAL AND EXISTING FACT THAT, Jordan Richardson STILL HAS

A a valid and enforceable Model Management Agreement until June 18, 2008 . Plaintiff,

Abu Hantash, has the nerve and gall  AND WITH LEGAL REPRESENTATION IN (

PARAGRAPHS 34, 35, 36) OF  her Affidavit in Support of the instant Motion for

Summary Judgment to seek a restraining order.  **This request is so, so, so untimely,**

**BECAUSE DUH!** VNY CAN NOT BE RESTRAINED FROM ANNOUNCING THAT

THEY HAVE A VALID ENFORCEABLE MODEL MANAGEMENT AGREEMENT

WITH JORDAN RICHARDSON and until a court decides otherwise it is our position

VNY is the exclusive and only model  talent management  organization that  Jordan

Richardson is obligated to be manage by as provided by the terms of her 2006-2008

VNY-JORDAN RICHARDSON MODEL MANAGEMENT AGREEMENT UNTIL

JUNE 18, 2008. The relief requested in the statements  made by plaintiffs in paragraphs

34, 35, 36 in my opinion can not be granted until the date and time a court of competent

jurisdiction issues a decision that the 2006-2008 Model Management Agreement between

Jordan Richardson and VNY Model Management LLC is not a binding and enforceable

agreement.

31.    I am  asking the court for my fair day at trial in this case, for the conclusion of

discovery WHERE MY ATTORNEY HAS AN OPPORTUNITY TO CONDUCT EXAMINATION BEFORE TRIAL, INTERROGATORIES and to give me time to have my private investigator to finish my investigation of the activities and conduct of Daryl Washington during the month of February, 2007 as it relates to this matter and other matter related to my office and this case and to deny each and every request made by the plaintiffs in this motion.

V MODELS, INC.

Dated: June 25, 2007

New York, New York

VNY MODEL MANAGEMENT, LLC

BY: LANA VINDERMAN/A/KA LANA WINTERS

Sworn to before me this 25th Day of June, 2007

Notary Public

**Wilmer Hill Grier
Notary Public State of New York
No: 02GR6041333
Qualified Kings County
Commission Expires 06/26/10**