UNITED STATES DISTRICT COURT

# ORIGINAL

SOUTHERN DISTRICT OF NEW YORK          Docket No.: 07 Civ. 3363 ( GBD)

-----------------------------------------------------------x

LISA-ATHENA S. ABU HANTASH, in her
Individual capacity and as  mother and natural
Guardian of JORDAN-ANNETTEE JAZZMIN
RICHARDSON, a minor, and JORDAN
RICHARDSON, INC., a  Virginia Corporation,

Plaintiffs,

V MODEL MANAGEMENT NEW YORK, INC.,
And VNY MODEL MANAGEMENT, LLC.

Defendants.

DEFENDANTS' STATEMENTS
IN ANSWER , IN DENIAL
AND IN OPPOSITION TO
PLAINTIFFS' STATEMENT OF
UNDISPUTED FACTS
PURSUANT TO FED. RULE
CIVIL PROCEDURE 56 AND
LOCAL RULE 56.1 ( b)

-----------------------------------------------------------x

Defendants, V Model Management New York, Inc. ( V Models, Inc.,) and VNY Model

Management, LLC by and through their attorney, Wilmer Hill Grier, Esq., with an office

address of 603 Jefferson Avenue, Brooklyn, New York 11221, as and for their statements

in answer, in denial and in opposition to plaintiffs' statement of undisputed facts answer

as follows:

1.      Defendants admit that plaintiffs annexed a true and accurate copy of the complaint

Without exhibits filed with the court which was annexed to the affirmation of Gavin I.

Handwerker, Esq., and same was submitted in connection with the within motion as

Exhibit " A".

2.    Defendants admit the undisputed statement of fact contained in paragraph 2.

3.    Defendants admit the undisputed statement of fact contained in paragraph 3.

4.    Defendants deny the undisputed statement of fact contained in paragraph 4 because

it is misleading and inaccurately states what occurred, Defendants admit that the infant

model Jordan signed the 2005 Model Management Agreement but it was her Mother who

executed the contract because Jordan was an infant.  In New York State a parent can

execute a model management agreement for an infant. Brooke Shield Case and

Defendants contend that is a genuine issue to be tried by a judge or jury. Paragraph 6 of

V Models, Inc., president Lana Winters and Exhibit " "B" annexed to Affidavit in

Opposition of Lana Vinderman.

5.    Defendants deny the statement of undisputed fact contained in paragraph 5 of

plaintiffs' statement of undisputed fact because it is misleading as written and Defendants

contend that this is a genuine issued to be tried by a judge or jury.

6.    Defendants deny the statement of undisputed fact contained in paragraph 6 of the

plaintiffs ' statement of undisputed fact because it is misleading and inaccurate as written

and has been submitted by plaintiffs without any evidentiary proof and is a genuine issue

to be tried by a judge or jury.

7.    Defendants admit the statement of undisputed fact contained in paragraph 7.

8.    Defendants admit the statement of undisputed fact contained in paragraph 8.

9.    Defendants admit the statement of undisputed fact contained in paragraph 9.

10.   Defendants admit the statement of undisputed fact contained in paragraph 10.

11.   Defendants deny the statement of undisputed fact contained in paragraph 11

because it is being submitted by plaintiffs without any evidentiary proof.

12.   Defendants deny the statement of undisputed fact contained in paragraph 12,

because it is misleading, defendants would have no way of knowing who wrote on the

Model Management Agreement and this undisputed statement is being submitted without

any evidentiary proof as required by Federal Rules of Civil Procedure 56 and is a genuine

issue to be tried by a judge of jury.

13.   Defendants deny the statement of undisputed fact being submitted in paragraph 13

because it is being submitted with out any evidentiary proof as required by Rule 56 of the Federal Rules of Civil Procedure and presents a genuine issue of fact to be tried by a judge or jury.

14.    Defendants deny the statement of undisputed fact being submitted in paragraph 14 because it is being submitted without any evidentiary proof as required by Rule 5 of the Federal Rules of Civil Procedure and presents a genuine issue of fact to be tried by a judge or jury.

15.    Defendants deny the statement of undisputed fact being submitted in paragraph 15 because it is being submitted without any evidentiary proof as required by Rule 56 of the Federal Rules of Civil Procedure and is a genuine issue of fact to be tried by a judge or jury.

16.    The statement contained in paragraph 16 that Jordan Richardson and/or Jordan Richardson, Inc., did not sign the 2006 Management Agreement. Handwerker Affirm Ex. A, 53, Abu Hantash affid. Ex., is disputed by defendants because it incorrectly asserts that the Plaintiff, Jordan Richardson signature was necessary on the 2006-2008 VNY -Jordan Richardson Agreement  to make it binding and  enforceable, in New York State, the State in which the 2006-2008 Model Management agreement was entered into, an infant model's modeling agreement can be signed by a parent, such as her Mother. See defendants, VNY's' answer paragraph  6. Also, a copy of Shields v. Gross case annexed as   exhibit "F" annexed to Lana Vinderman's Affidavit in Opposition to the Plaintiffs'Motion for Summary Judgment.  This is clearly a disputed issue of law , however, defendants believe New York Case law clearly supports defendants' legal position on this issue.

Also linked together by Plaintiff as an undisputed fact in paragraph 16 and listed as an

undisputed fact in paragraph 16 by plaintiffs; plaintiffs have alleged the fact that Jordan

Richardson, Inc., did not sign the 2006-2008 VNY-Jordan Richardson Management

Agreement, defendants' contend that Jordan Richardson's mother signed the 2006-2008

VNY-Jordan Richardson Model Management Agreement as parent/ natural guardian and

upon information and belief Abu Hantash could have been/is a person authorized by the

Board of Directors of this alleged corporation, Jordan Richardson, Inc., **but since there**

**has been no discovery before plaintiffs brought the instant motion for Summary**

**Judgment and defendants lack any evidentiary proof of the existence of corporate**

**entity Jordan Richardson, Inc., and have no evidentiary proof to know if Jordan**

**Richardson, Inc., is a legally incorporated entity in the State of Virginia, and if**

**Jordan Richardson, Inc., was a legally incorporated entity in the State of Virginia**

**on June 19, 2006 and since there exist no evidentiary proof of these facts plus the**

**additional facts of if, Jordan Richardson, Inc., if it is a legal entity if Jordan**

**Richardson, Inc.. had a Board of Directors on June 19, 2006 , and if Jordan**

**Richardson, Inc., had a Board of Directors who the Board of Directors authorized**

**by resolution to sign the 2006-2008 VNY-Jordan Richardson Model Management**

**Agreement and why did the plaintiffs fail to demand that disbursement checks**

**issued by VNY be issued to Jordan Richardson, Inc., and what Abu-Hantash's role**

**is in this alleged Virginia Corporation if, any this fact in paragraph "16" is clearly**

**disputed by defendants as being an undisputed fact and plaintiffs again have alleged**

**as an undisputed facts without any evidentiary proof again, again, again, again! See**

**defendants' answer paragraphs 18 and 30 of Affidavit of Lana Vinderman.**

17.    Defendants' dispute the allegation contained in paragraph 17 of the plaintiffs' list of

**undisputed facts, this undisputed fact is disputed because it is based solely on the**

**uncorroborated allegations of the Plaintiff, Abu Hantash and there is no evidentiary**

**proof that the defendants, managing member objected to the language regarding the**

Termination clause , in fact the record shows that in plaintiffs' exhibit _____ the last

page of the 2006-2008 VNY-Jordan Richardson model management agreement was

signed by Lana Winters as president of VNY Model Management. See Affidavit  In

Opposition of Lana Vinderman, paragraphs, 13, 18,

18.    **Defendants dispute the statement contained in paragraph 18 of the plaintiffs**

**list of undisputed facts and as usual it has been submitted without any evidentiary**

**proof as required by Rule 56 of the Federal Rules of Civil Procedure and presents a**

**genuine issue for the trier of fact, judge or jury.**

19.    Defendants dispute the statement contained in paragraph 19 of the plaintiffs

undisputed fact, because it is inaccurate according to the defendants, managing member

Lana Vinderman as stated in paragraph  13, 18,  and 14 **of her Affidavit in Opposition**

**annexed hereto and has been submitted as undisputed by Plaintiffs with no**

**evidentiary proof as required by Rule 56 of the Federal Rules of Civil Procedure**

**and present a genuine issue to  be tried by a judge or jury.**

20..    Defendants   dispute the statement contained in paragraph 20 of plaintiffs'

undisputed fact and also state that the defendants signed the version of the the 2006-2008

**VNY-Jordan Richardson Model Management Agreement which contained this**

**language on July 18, 2006 since again this is submitted with out any evidentiary**

**proof as required by Rule 56 of the Federal Rule of Civil Procedure and presents a**

**genuine issue  to be tried by a judge or jury.**

21.        Defendants dispute the undisputed fact contained in paragraph 21 of the plaintiffs list of undisputed facts, but also state that a parent can sign a model management agreement in New York State for an infant model, **however, defendants have no way of knowing if the Plaintiff Abu Hantash signed the 2006-2008 Model Management Agreement solely in her capacity as mother and legal guardian for Jordan Richardson since there is no evidentiary proof of same See  paragraphs 11, 12, and 13 of the defendants, VNY managing member Lana Vinderman.**

22.        Defendants admit the statement contained in paragraph  22 because it is undisputed that Plaintiff Abu Hantash is not a model and did not sign so she could render modeling services for advertisers, however, defendants have no evidentiary proof of what capacity other than being the Mother of the infant model that the Plaintiff Abu Hantash signed the 2006-2008 VNY-Jordan Richardson Model Management Agreement.  See defendants' Lana Vinderman affidavit paragraph 13 and 18.

23.        Defendants deny the statement contained in paragraph 23 of the plaintiffs undisputed facts because the date and time that the 2006 Management Agreement was allegedly faxed  is missing from this statement, it is ambiguously  written and is one further example of the sloppy presentation of this case  by plaintiffs' attorney, defendants would be forced to assume plaintiffs intention was to date the date this document was faxed  i by referring to Abu Hantash affidavit, at paragraph 20 and presents a genuine issue to be tried to be tried by a judge or jury.

24.        Defendants admit the as statement contained in paragraph 24.

25.        Defendants deny the statement contained  in paragraph 25 because it is inaccurate,

Jordan Richardson name does appear in the Agreement on the last page and on July 17,

2006 Plaintiff, Abu Hantash's faxed and annexed a note which states' Jordan's Contract.

See, defendants, Exhibit" E")

26.      Plaintiffs statement in paragraph 26 is disputed by defendants because it

inaccurately states by inference that Jordan Richardson, an infant model signature was

necessary on the 2006-2008 VNY-Jordan Richardson Model Management Agreement

and this is a disputed issue of law in this case, because plaintiffs contend that according to

New York State law a model management contract for an infant model can be signed by

her parent or guardian without court approval and it becomes a binding, enforceable

model management agreement  and  this issue present a genuine issue to be tried by a

judge or jury.

27.      Defendants dispute the statement contained in paragraph 27 of the plaintiffs

statement of undisputed facts, Plaintiffs have no evidentiary proof of when the defendant

as managing member signed the 2006-2008 VNY- Jordan Richardson Model

Management Agreement, in fact defendant, Lana Winters in paragraphs 13, 18 _of her

affidavit submitted in opposition to Plaintiffs' instant motion for Summary Judgment

states she executed the 2006-2008 VNY- Jordan Richardson, Model Management

Agreement on  JULY 18, 2006.  **This undisputed fact statement is one further**

**example of a fact statement which is not supported by any evidentiary proof as**

**required by Rule 56 of the Federal Rules of Civil Procedure and present a genuine**

**issue of fact to be tried by a judge or jury.**

28.      The statement contained in paragraph 28 of plaintiffs undisputed facts is denied by

defendants, by defendants managing member, Lana Winters, in paragraphs 13, and 18 of

her Afidavit in Opposition to plaintiffs instant motion for Summary **Judgment and represents another example of Plaintiffs alleging that a fact is undisputed and where there is no evidentiary proof as required by Rule 56 of the Federal Rules of Civil Procedure and presents a genuine issue to be tried by judge or jury.**

29.    The HEARSAY statement contained in paragraph 29 of the plaintiffs undisputed fact is denied by defendants, see paragraphs, 18,  21 and 22_of the Affidavit of Lana Vinderman submitted in Opposition to the Plaintiffs instant motion for Summary Judgment and represents another example of an undiputed fact that has been submitted by plaintiffs, fact **which are based on the uncorroborated HEARSAY statement of Plaintiff Abu Hantash and represents another example of Plaintiffs alleging that a fact is undisputed where  there is no evidentiary proof as required by Rule 56 of the Federal Rules of Civil Procedure and present a genuine issue of fact to be tried by a judge or jury.**

30.    Defendants deny the undisputed facts stated in paragraph "30" of plaintiffs undisputed facts because it inaccurately implies that the February 12, 2007 was the only time the defendants delivered to the plaintiffs an executed version of the 2006-2008 Model Management Agreement, See, defendants' managing member Affidavit in Opposition dated contained in paragraphs, 13, 18  **and this undisputed facts represents another example of plaintiffs   alleging of an undisputed fact   without any evidentiary proof as required by Rule 56 of The Federal Rules of Civil Procedure and presents a genuine issue to be tried by a judge or jury.**

31.    Defendants deny the statement contained in paragraph 31 of the plaintiffs statement of facts and submit that defendants, managing member states in her Affidavit

submitted in Opposition to Plaintiffs' instant Motion for Summary Judgment in paragraphs 13, and 18 when Plaintiff received a copy of the executed 2006-2008 VNY - **Jordan Richardson Model Mangement Agreement to wit: on or before August 1, 2006 and this statement of an undisputed fact by plaintiffs represents another example of where plaintiffs have stated a fact is undisputed without any evidentiary proof as required by Rule 56 of the Federal Rules of Civil Procedure and presents a genuine issue to be tried by a judge or jury.**

32.    Defendants deny the statement submitted in paragraph 31 of the plaintiffs statement of facts because it is another example of plaintiffs submission of a fact  based solely on the uncorroborated statement contained in a letter by plaintiffs. This statement is disputed by defendants, managing member Lana Vinderman, A/K/A Lana Winters in paragraphs 13, 18  and entire  **Affidavit submitted in opposition to the plaintiffs' instant motion for Summary Judgment and represents issues of credibility an issue that must be tried before a jury or judge and show how the plaintiffs have again submitted a statement alleged to be undisputed  with  out any evidentiary proof as required by Rule 56 of the Federal Rules of Civil Procedure and presents a genuine issue to be tried by a judge or jury.**

33.    Defendants dispute the statement submitted by Plaintiff as and undisputed fact because it is being submitted by plaintiffs in a hearsay form to establish that the contents of the letter dated February 16, 2007 actually documents what had occurred between the parties with regard to the 2006-2008 VNY-Jordan Richardson Model Management Agreement and only contains Plaintiff, Abu Hantash version of what had occurred **between the parties and represents another statement of an undisputed fact**

**submitted by Plaintiff with out any evidentiary proof as required by Rule 56 of the Federal Rule of Civil Procedure and presents a genuine issue to be tried by a judge or jury.**

34.    Defendants deny the statement contained in paragraph 33 because there is no evidentiary proof and there has been no foundation submitted into evidence by plaintiff to establish what was mailed to the defendants on February 16, **2007 and this statement represents another statement of an undisputed fact submitted by plaintiffs without any evidentiary proof.**

35.    The defendants dispute the undisputed statement made by plaintiffs in paragraph 35 of plaintiffs undisputed facts and **this statement represents another statement of an undisputed fact submitted by Plaintiff without any evidentiary proof.**

36.    Defendant deny the allegation contained in paragraph 36 because it is inaccurately written in that it implies that the letter of February 27, 2007 represents the only time that defendants delivered a copy of the executed 2006-2008 VNY-Jordan Richardson Model Management Agreement to plaintiffs and whereas defendants' managing member Lana Vinderman, A/K/A Lana Winters states in paragraphs 13, and 18 and through out her Affidavit in Opposition that she delivered the executed version of the executed 2006-2008 VNY-Jordan Richardson model Management Agreement on July 18, 2006, this is clearly an issue for a jury, and this statement represents another statement of an undisputed fact submitted by Plaintiffs without any evidentiary proof as required by Rule 56 of the Federal Rules of Civil Procedure

**ALL OF THE FOLLOWING UNDISPUTED FACTS CONTAINED IN PARAGRAPHS 37 THROUGH 48 ARE DENIED BY DEFENDANTS AND**

**PRESENT EXAMPLES OF UNDISPUTED STATEMENTS MADE BY PLAINTIFFS WITHOUT ANY EVIDENTIARY PROOF AS REQUIRED BY RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND PRESENT GENUINE ISSUES TO BE TRIED BY A JUDGE OR JURY.**

37. Defendants deny the undisputed fact statement in paragraph 37, no evidentiary proof.

38. Defendants deny the undisputed fact statement in paragraph 38 no evidentiary proof.

39. Defendants deny the undisputed statement in paragraph 39 no evidentiary proof.

40. Defendants deny the undisputed statement in paragraph 40 no evidentiary proof.

41. Defendants deny the undisputed statement contained in paragraph 41 no evidentiary proof.

42. Defendants deny the undisputed statement contained in paragraph 42 no evidentiary proof.

43. Defendants deny the undisputed statement contained in paragraph 43 no evidentiary proof.

44. Defendants deny the undisputed statement contained in paragraph 44 no evidentiary proof.

45. Defendants deny the undisputed statement contained in paragraph 45.

46.    Defendants deny the undisputed statement contained in paragraph 46.

47.    Defendants deny the undisputed statement contained in paragraph 47.

48.    Defendants deny the undisputed statement contained in paragraph 48.

49     Defendants admit the undisputed statement contained in paragraph 49

Dated: June 27, 2007
Brooklyn, New York 11221

Wilmer Hill Grier
Attorney for Defendants
V Models, Inc., and
VNY Model Management, LLC.
Attorney At Law
603 Jefferson Avenue
Brooklyn, New York 11221
( Office ) 718-443-3873
( Facsimile) (718) 453-1276

To:  Nissenbaum Law Group, LLC
     Gavin I. Handwerker
140 Broadway, 46th Floor
New York, New York 10005
(212) 871-5711