**ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x   Docket No.: 07 Civ. 3363 (GBD)

LISA-ATHENA S. ABU HANTASH, in her
Individual capacity and as mother and natural
Guardian of JORDAN -ANNETTEE JAZZMIN
RICHARDSON, a minor, and JORDAN
RICHARDSON, INC., a Virginia Corporation.

Plaintiffs,

-against-

V MODEL MANAGEMENT NEW YORK, INC
and VNY MODEL MANAGEMENT, LLC.

Defendants.
----------------------------------------------------------x

DEFENDANTS'
AFFIRMATION IN OPPOSITION
TO PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT

Wilmer Hill Grier an attorney duly licensed to practice law in all of the courts of New

York State and in the United States District Court, Southern District affirms under the

penalty of perjury as follows:

1.   I am the attorney for the Defendants herein and make this affirmation in opposition

to the Plaintiffs' motion for Summary Judgment, speedy trial and injunctive relief.

2.   In this case the plaintiffs have moved for Summary judgment, before a thorough

analysis  of defendants' claims and defenses have been made.  In fact , plaintiffs'

discovery procedures and defendants' discovery procedures have not commenced at all.

and the case has not been fully investigated by either the defendants or the plaintiffs.

Clearly, discovery procedures have not been exhausted in this matter.    There have been

no depositions,  no answers to interrogatories and there are no admissions on file.  .

Plaintiffs' motion for Summary Judgment in this case is ill founded and portrays a fatal

lack of knowledge on counsel's part concerning the law governing his client's defenses

and evidentiary proof necessary to support a Motion for Summary Judgment and makes

me wonder concerning the plaintiffs' attorney fitness to practice law before this court.

3.. In fact, the usual evidentiary materials, such as interrogatory answers, depositions testimony, admissions, or other specific documents all of these documents do not exist in this case and are absent because they do not exist and therefore have not been submitted as proof in support of plaintiffs' motion for Summary Judgment.

## ANALYSIS OF DEFENDANTS'S DEFENSES AS SUPPORTED BY AFFIDAVIT OF MERIT OF VNY'S LANA VINDERMAN A/K/A LANA WINTERS.

4.    Additionally,. the plaintiffs in this case are not entitled to Summary Judgment relief because there still exist genuine material issues of fact and law that need to be tried by jury or judge in this case listed as follows:

Whether the 2006-2008 VNY-Jordan Richards Model Management Agreement is a binding and enforceable agreement and this determination should not be made based on the uncorroborated allegations/hearsay allegations of the Plaintiff, Abu Hantash i.e., that she did not receive the executed 2006-2008 VNY-Jordan Richardson Modeling Agreement until February 27,2007.

- When did Lana Vinderman A/K/A sign the 2006-2008 VNY-Jordan Richardson?

- When the executed 2006-2008 VNY_Jordan Richardson Model Management agreement was delivered to Plaintiffs by VNY?

- Whether Jordan Richardson, Inc., is incorporated entity in Virginia.

- If, Jordan Richardson, Inc., is incorporated the date Jordan Richardson, Inc., was

incorporated and fully formed? What are the names of the Board of Directors
members of the alleged corporate entity Jordan Richardson, Inc.

- Whether a natural parent can execute a model management agreement for an enfant
  model in the State of New York ?
- Whether the 2005 V Model Management Agreement is unconscionable?
- Whether the 2005 V Model Management Agreement is null and void as plaintiffs'
  contend?
- Whether Jordan Richardson an infant has the standing to bring this Federal court
  case?
- Whether Jordan Richardson, Inc., has the standing to bring this Federal Court case?
- Whether the Plaintiff, Lisa-Athena Abu Hantash is an adverse party to the infant
  model Jordan Richardson and therefore does not have standing to bring this Federal
  Case.    I have not serve my motions to challenge standing because no discovery has
  been done in this case to date?

5.    In fact,  one of disputed fact in this case is whether the 2006-2008 Model
Management Agreement between VNY Model Management, LLC and Jordan Richardson
was executed and delivered by the defendants' managing member, Lana Winters.  Lana
Winters contends that she signed the agreement on July 18, 2006 and delivered the
executed version to the Jordan Richard on or before August 1, 2006.


6.    In this case the plaintiffs have proffered that plaintiffs are entitled to a motion for
summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure based on
the uncorroborated allegations of the infant, model Jordan Richardson's mother to wit;

that the executed 2006-2008 model management agreement was a counter offer and that it was never accepted by Lana Winter until February 27, 2007 and that she rejected Lana Winters' acceptance on February 16, 2007 and based on statements contained in the affidavit of Lisa Athena Abu Hantash without any evidentiary proof as required by Rule 56 of the Federal Rules of Civil Procedure and Local Rule number 56 1 (a) and ©. Annexed hereto as Exhibit "1" please find copies of Rule 56 of the Federal Rules of Civil Procedure and text of local rule 56.

7.    In this case the plaintiffs have tended to proffer their oral contentions. Hearsay statements as absolute proof of the matters in dispute in this case.   This is very disturbing behavior of plaintiffs part and continues to cause defendants to pay for additional hours of unnecessary work to defend these allegations.

8.    Defendant, Lana Winters denies Plaintiff, Abu Hantash allegation and contends in her affidavit in opposition annexed hereto that she delivered the executed 2006-2008 VNY-Jordan Richardson 's Model Management agreement to Jordan Richardson sometime in July, 2006 and defends each and every statement made by, Plaintiff, Abu Hantash in her Affidavit in Opposition.

9    Clearly, the parties opposing positions on the issue of the delivery and execution of the 2006-2008 VNY-Jordan Richardson Model Management Agreement evidences one of  the several genuine material issue of facts that are currently before the court and present examples where there has been no evidentiary proof as required by Rule 56 of the Federal Rules of Civil Procedure and present issues that need to be tried before a jury or a

judge.

10.    Also, before the court is the issue of law and that being whether the parent of the infant model, Jordan Richardson could sign/execute the2006-2008 model management agreement for her daughter the infant model Jordan Richardson.

11    Generally, entry of a Summary judgment presupposes proof by competent evidence, set forth in affidavits or other acceptable forms, that issues as to facts appearing on the face of the pleading are not genuine, or are not material to the issues of law determinative of the controversy and there is has been no evidence submitted by plaintiffs showing that there is no genuine issue for trial. ( Fed. Rule 56 (e) in this case.

12.    See, Ayala-Gerena v. Bristol Myers Squibb Co., (199 C A 1 Puerto Rico) 95 F3d 86, 71 BNA FEP Cas 1398, 35 FR Serv 3d 395. Where court stated, Function of summary judgment is to pierce boilerplate of pleadings and assay parties 's proof in order to determine whether trial is actually required.

13.    In this case plaintiffs have only produced the pleadings of the parties, the 2005 V Models Management Agreement between Plaintiff, Jordan Richardson, the 2006-2008 VNY - Jordan Richardson Model Management Agreement, copy of an Office Depot Fax sheet with a memorandum and two letters dated February 16, 2007, a letter dated February 27, 2007 and an affidavit by Plaintiff, Abu - Hantash that is filled with statements that are inaccurate and also hearsay statements. Finally, plaintiffs' statements of undisputed facts are incompetently prepared and do not in most of the 49 statements of

Undisputed facts present undisputed facts as required by Rule 56 of the Federal Rules of Civil Procedure and demonstrate that discovery has not been completed and that there exist several genuine issues to be tried by a judge or jury.

Wherefore, defendants request that plaintiffs' motion for Summary Judgment be denied in all respects, that defendants be awarded the sum of $15,000.00 as and for legal fees to defend this improperly, sloppy ill timed Motion For Summary Judgment submitted to the court by plaintiffs, plus costs and disbursements of this action

AFFIRMED:
June 25, 2007

WILMER HILL GRIER, ESQ.
Attorney At Law
Attorney for Defendants
V Models, Inc., and
VNY Model Management, LLC
603 Jefferson Avenue
Brooklyn, New York 11221
Office ( 718) 443-3873
Facsimile (718) 453-1276

court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

**(c) Setting Aside Default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

**(d) Plaintiffs, Counterclaimants, Cross-Claimants.** The provisions of this rule apply whether the party entitled to the judgment by default is a plaintiff, a third-party plaintiff, or a party who has pleaded a cross-claim or counterclaim. In all cases a judgment by default is subject to the limitations of Rule 54(c).

**(e) Judgment Against the United States.** No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.

[Amended March 2, 1987, effective August 1, 1987.]

## RULE 56.  SUMMARY JUDGMENT

**(a) For Claimant.** A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

**(b) For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

**(c) Motion and Proceedings Thereon.** The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**(d) Case Not Fully Adjudicated on Motion.** If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

**(e) Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

**(f) When Affidavits Are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

**(g) Affidavits Made in Bad Faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of

the reasonable
vits caused the
able attorney's
ney may be adju

[Amended Decem
January 21, 196:
effective August 1

## RULE 57.

The procedur
pursuant to Titl
dance with thes
may be demand
manner provide
another adequa
ment for declar
priate. The co
action for a dec
on the calendar.

[Amended Decem

## RULE 58

**(a) Separate**

(1) Every jud
be set forth on
document is not
motion:

(A) for judg

(B) to ame
under Rule 52

(C) for atto

(D) for a
judgment, und

(E) for reli

(2) Subject to

(A) unless
must, withou
promptly pre
when:

(i) the ju

(ii) the c
tain, or

(iii) the c

(B) the cou
the judgment,
when:

(i) the ju
eral verdic

(ii) the c
in Rule 58(a

In 1937, on the adoption of the Federal Rules of Civil Procedure, liberal provisions were made by Rule 56 for the effective use of summary judgment procedure in the federal courts. Under the rule as it presently stands (see § 4), the summary judgment procedure is made available before or after joinder of issue[FN9] and to all parties to an action.

A similar summary judgment procedure is provided for in a number of states that have adopted the provisions of Federal Rule 56 in whole or in substantial part. The procedural statutes or rules of the various states, together with state court decisions construing them, must be examined for variations from the federal practice.[FN10]


## § 4. Text of basic rule

For the purposes of discussion in this article it will be presupposed that the summary judgment procedure involved is substantially that permitted under Rule 56 of the Federal Rules of Civil Procedure, as amended in 1963. The text of Rule 56 appears below:

(a) *For Claimant.* A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.

(b) *For Defending Party.* A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

(c) *Motion and Proceedings Thereon.* The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

(d) *Cases Not Fully Adjudicated on Motion.* If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

(e) *Form of Affidavits; Further Testimony; Defense Required.* Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

(f) *When Affidavits are Unavailable.* Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

(g) *Affidavits Made in Bad Faith.* Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the