**ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LISA-ATHENA S. ABU-HANTASH, in her        Docket No.: 07 Civ 3363(GBH)
Individual capacity and as mother and natural
Guardian of JORDAN ANNETTE JAZZMIN
RICHARDSON, a minor and JORDAN           MEMORANDUM OF LAW
RICHARDSON, INC., a Virginia Corporation
          Plaintiss,

        -against-
V MODEL MANAGEMENT NEW YORK INC.,
AND VNY MODEL MANAGEMENT, LLC.

          Defendants.
------------------------------------------------------------x

MEMORANDUM OF LAW IS SUPPORT OF DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION FOR SUMMARY JUDGMENT MADE PURSUANT TO RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE, ALTERNATIVE RELIEF OF A SPEEDY TRIAL AS PROVIDED BY RULE 57 OF THE FEDERAL RULES OF CIVIL PROCEDURE and this is not a criminal case, INJUNCTIVE RELIEF AN AND ACCOUNTING.

                                WILMER HILL GRIER
                                ATTORNEY AT LAW
                              ATTORNEY FOR DEFENDANTS
         V MODELS INC., AND VNY MODEL MANAGEMENT, LLC
                              603 Jefferson Avenue
                              Brooklyn, New York 11221
                              Office (718) 443-3873
                              Facsimile (718) 453-1276

## DEFENDANTS' LIST OF CASES

1. <u>White's Landing Fisheries v. Bucholzer (1994, Ca Ohio, 29F3d 229, 1994 FED App2 237</u>

2. <u>Piott v. General Motors Corp., v Packard Elec Div. (1995) C A Ohion 71 Fed 3d 1190, 9 BNA, FEP, Case 826</u>

3. <u>Meinhardt v Unisys Corp., ( In re Unisys Sav. Pla Liitig) 1996, CA3 Pa) 74 F. 3f 420</u>

4. <u>Gibson v. Evansville Vanderburgh Bldg. Com'n 725 N. E. 2n 949 ( Ind. Ct. App, 2000)</u>

5. <u>Composite Laminates, Inc., v. U. S. 27 Fed cl 310 ( 19920</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LISA-ATHENA S. ABU-HANTASH, in her            Docket No.: 07 Civ 3363(GBH)
Individual capacity and as mother and natural
Guardian of JORDAN ANNETTE JAZZMIN
RICHARDSON, a minor and JORDAN                MEMORANDUM OF LAW
RICHARDSON, INC., a Virginia Corporation
             Plaintiss,

        -against-
V MODEL MANAGEMENT NEW YORK INC.,
AND VNY MODEL MANAGEMENT, LLC.

             Defendants.
------------------------------------------------------------x

MEMORANDUM OF LAW IS SUPPORT OF DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION FOR SUMMARY JUDGMENT MADE PURSUANT TO RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE, ALTERNATIVE RELIEF OF A SPEEDY TRIAL AS PROVIDED BY RULE 57 OF THE FEDERAL RULES OF CIVIL PROCEDURE and this is not a criminal case, INJUNCTIVE RELIEF AN AND ACCOUNTING..

Defendants, V Models, Inc., and VNY Model Management, LLC, ( herein after called V and VNY) the opposing defendants submit this memorandum of law in opposition to the Plaintiffs' motion for Summary Judgment, Alternative Relief of a Speedy Trial as provided by Rule 57 of the Federal Rules of Civil Procedure and (this is not a criminal case,) injunctive relief and an accounting.

PRELIMINARY STATEMENT

Plaintiffs filed the instant Motion seeking Summary Judgment in this case alleging that there are no genuine issues of fact or law to be tried by a judge of jury. The plaintiffs'

have brought this motion for summary judgment before any discovery has been conducted in this case by either plaintiffs or defendants. Plaintiffs have supported their motion for Summary Judgment by a defective list of undisputed facts, in some of the listed undisputed facts plaintiffs have relied on hearsay statements. Thirty-five (35) of the 49 statements in plaintiffs' statement of undisputed facts have been denied by defendants in defendants, managing member/president Lana Vinderman's Affidavit in Opposition to the plaintiffs' Motion for Summary Judgment.

Additionally, plaintiffs have submitted fact that are not supported by any evidentiary proof as required by Rule 56 of the Federal Rule of Civil Procedure.

Plaintiffs' are not entitled to a Speedy trial as provided by Rule 57 which only applies to criminal cases. Plaintiffs in this case are also not entitled to a motion for Summary Judgment until discovery has been completed and plaintiffs' and defendants. Plaintiffs' request for injunctive relief is frivolous at this stage of the proceeding between the parties herein as well as plaintiffs' request for an accounting.

## STATEMENT OF BACKGROUND FACTS.

The instant Motion for Summary Judgment is an action brought by the plaintiffs seeking to have the United States Court, Southern District to issue an order declaring a 2005 Model Management Agreement between V Models, Inc., and Jordan Richardson to be null and void or in the alternative, rescinding the agreement dated April 22, 2005 Between Jordan Richardson and Defendant V Models, Inc., on the grounds that the

agreement is unconscionable and where plaintiffs also seek a court order declaring the Model Management Agreement date June 19, 2006-June 18, 2008 between Jordan Richardson and VNY Model Management, LLC is not a legal binding modeling agreement, a speedy trial and this is not a criminal case, injunctive relief and an accounting.

In this case defendants president, managing member, Lana Vinderman A/K/A Lana Winters contends that she submitted the 2006-2008 VNY -Jordan Richardson Model Management Agreement (hereinafter called 2006-2008 Agreement) to Plaintiffs, on June 19, 2006 and this fact is undisputed by plaintiffs. Defendants also contend that the 2006-2008 Model Management Agreement was returned to VNY by facsimile on July 17, 2006 signed by the Plaintiff, Lisa-Athena Hantash ( herein after called Hantash) and this version of the agreement which contained language to the effect written by Plaintiff Hantash that Jordan Richardson or representative has the right to cancel the contract with a written notice 30 days prior to the expiration of the contract" which plaintiffs contend was a counter offer, and this fact is also undisputed by defendants.

What defendants dispute in this case is when the 2006-2008 VNY Model Management Agreement was executed by the defendants' managing member Lana Vinderman A/K/A Lana Winters ( hereinafter called Lana)  The defendants' managing member Lana contends that she signed the 2006-2008 Agreement on July 18, 2006. The plaintiffs have proffered no evidentiary proof that the 2006-2008 modeling agreement was not signed on July 18, 2006 also it is undisputed that the 2006-2008 Model Management agreement was

signed by Lana. In fact, the statements submitted by plaintiffs' in this case are based on statements made by Plaintiff, Hantash and some of these statements contain hearsay.

Also, in dispute in this case is when the 2006-2008 Agreement was deliver by Lana to plaintiffs. Lana contends in her affidavit that she delivered the executed 2006-2008 Agreement some date before August 1, 2006 to Jordan Richardson.

In addition, to a Summary Judgment on the above issues Plaintiffs are seeking to have the 2005 Model Management Agreement rescinded alleging it can be disaffirmed because it was signed by the infant model Jordan Richardson, where defendants' contend that New York State case law provides that a model management agreement can be signed by the infant's parent as it was in this case by Jordan Richardson's Mother, Hantash and it can not be disaffirmed. Defendants in support of this issue of law have submitted a case captioned, Shields v. Gross, supra annexed to defendants' Affirmation in Opposition to the plaintiffs' motion for Summary Judgment.

Also, plaintiffs seek as alternative relief speedy trial and this is not a criminal case, injunctive relief prematurely before any court has rendered a decision stating that the 2006-2008 Agreement is not a valid and binding agreement and an accounting where the record indicates that no pre trial discovery has been done in this case.

### ARGUMENT AND ANALYSIS

**In this case Plaintiffs' have moved for a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure contending there are no genuine issues of fact or law to be tried by a jury or a judge. Clearly, the facts show that**

In addition, in this case plaintiffs have not met their burden of proving the non-existence of a genuine issue (s) as to any material fact(s) In facts there are more than 10 genuine issues of material issues of fact and law in this case as documented by the defendants' managing member Lana Vinderman that need to be tried by a judge or jury. See, Meinhardt v Unisys Corp. ( In re Unisys Sav. Plan. Liitig) 1996, CA3 Pa) 74 F 3d 420 where the court stated unexplained gaps in materials submitted by moving party, if pertinent to material issues of fact, justify denial of motion for summary judgment.

In addition, defendants would like to point out to the court that the burden is on the moving party for summary judgment to prove that there are not genuine issues of material fact, and that plaintiffs are entitled to judgment as a matter of law. See, Gibson v. Evansville Vanderburgh Bldg. Com'n, 725 N. E. 2d 949 ( Ind.Ct. App. 2000) See, also, where court held that a motion for summary judgment is inappropriate where a genuine issue of material fact remains unresolved. Composite Laminates, Inc., v. U S., 27 Fed Cl. 310 ( 1992). In this case plaintiffs have not met this burden, and have carelessly submitted even hearsay statements as undisputed facts in this case. In fact, in defendants' managing member's affidavit of facts in opposition to plaintiffs' motion for Summary Judgment defendants dispute each and every version of the instant motion as pleaded by the plaintiffs.

Clearly, in this instant case there remains several genuine issues of fact and law that need to be tried by a judge or jury.

CONCLUSION

WHEREFORE, for all the foregoing reason, Defendants, VNY Model Management, LLC and V Models, Inc., respectfully request that this Court enter an order denying the Plaintiffs' motion for Summary Judgment made against the answering defendants.

Dated: June 25, 2007
Brooklyn, New York 11221

WILMER HILL GRIER

By: /Wilmer Hill Grier
Attorney At Law
Counsel for Defendants, VNY Model Management, LLC and V Models, Inc
603 Jefferson Avenue
Brooklyn, New York 11221
Office (718) 443-3873
Facsimile (718) 453-1276