UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA-ATHENA S. ABU HANTASH, in her individual capacity and as mother and natural guardian of JORDAN-ANNETTEE JAZZMIN RICHARDSON, a minor, and JORDAN RICHARDSON, INC., a Virginia Corporation,<br><br>                            *Plaintiffs*,<br><br>-against-<br><br>V MODEL MANAGEMENT NEW YORK, INC. and VNY MODEL MANAGEMENT, LLC,<br><br>                            *Defendants*. | Docket No.: 07 Civ. 3363 (GBD) (KNF)<br><br><br><br><br>**(Oral Argument Requested)** |

---

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, AN ORDER DIRECTING A SPEEDY HEARING AND ADVANCING THE ACTION ON THE TRIAL CALENDAR PURSUANT TO F.R.C.P. 57**

---

                                        NISSENBAUM LAW GROUP, LLC
                                        *Attorneys for Plaintiffs*
                                        LISA ATHENA S. ABU HANTASH, JORDAN-
                                        ANNETTEE JAZZMIN RICHARDSON and
                                        JORDAN RICHARDSON, INC.
                                        140 Broadway, 46th Fl.
                                        New York, New York 10005
                                        (212) 871-5711

Gary D. Nissenbaum
    Of Counsel

Gavin I. Handwerker, Esq.
Neelam K. Singh, Esq.
    On the Brief

## **TABLE OF CONTENTS**

Page

Preliminary Statement..................................................................................................................1

POINT I

    SUMMARY JUDGMENT IS WARRANTED IRRESPECTIVE OF THE FACT
    THAT TH PARTIES HAVE NOT COMPLETED DISCOVERY ......................................3

    A.  The Law ...................................................................................................................3

    B.  The Law Applied To The Facts At Hand.................................................................4

POINT II

    THE LAW IS CLEAR THAT, UNLESS PROVIDED OTHERWISE
    BY STATUTE, A MINOR HAS AN UNFETTERED RIGHT TO
    DISAFFIRM AN AGREEMENT EVEN WHERE HER PARENT
    CONSENTED TO THE AGREEMENT ..............................................................................7

POINT III

    AS FED. R. CIV. P. 57 APPLIES TO ACTIONS BROUGHT PURSUANT
    TO THE FEDERAL DECLARATORY ACT, 28 U.S.C.A. § 2201 ET SEQ.,
    THE COURT SHOULD ORDER A SPEEDY HEARING AND ADVANCE
    THE WITHIN MATTER ON THE CALENDAR ............................................................10

Conclusion ................................................................................................................................11

## TABLE OF AUTHORITES

Page

**Federal Cases**

C.R.A. Realty Corp. v. Enron Corp., 842 F. Supp. 88 (S.D.N.Y. 1994) ...........................................3

Forras v. Andros, 470 F. Supp. 2d. 283 (S.D.N.Y. 2005)...............................................................3

Meloff v. N.Y. Life Ins. Co., 51 F.3d 372 (2d Cir. 1995) ................................................................3

NYC Management Group, Inc. v. Brown-Miller, 2004 WL 1087784
     (S.D.N.Y. May 14, 2004) ........................................................................................................9

Reznor v. J. Artist Management, Inc., 365 F. Supp. 2d 565 (S.D.N.Y. 2005) ................................4

Saffire Corp. v. Newkidco, LLC, 286 F. Supp. 2d 302 (S.D.N.Y. 2003) .....................................3, 4

**State Cases**

Bombardier v. Goodrich, 110 A. 11 (Vt. 1920) ..............................................................................9

Gillman v. Chase Manhattan Bank, 73 N.Y.S.2d 787 (1988) .........................................................4

Hines v. Cheshire, 219 P.2d 100 (Wash. 1950) ..............................................................................9

Hogue v. Wilkinson, 291 S.W.2d 750 (Tex. Civ. App. 1956) .........................................................9

Schmidgall v. Engelke, 224 N.E. 2d 590 (Ill. App. 1967) ...............................................................9

Scott Eden Management v. Kavovit, 149 Misc.2d 262 (N.Y. Sup. Ct. 1990)..................................9

Shields v. Gross, 58 N.Y.2d 338 (1983) ......................................................................................7-8

Tencza v. Hyland, 171 A.D.2d 1057 (N.Y. App. Div. 1991) ..........................................................5

**Federal Statutes**

28 U.S.C.A. § 2201 et seq...............................................................................................................10

**Federal Rules of Civil Procedure**

Fed. R. Civ. P 57............................................................................................................................10

Page

**State Statutes**

N.Y. Gen. Oblig. § 3-101 ...........................................................................................................8

N.Y. Gen. Oblig. § 3-102 ...........................................................................................................8

N.Y. Gen. Oblig. § 3-103 ...........................................................................................................8

**PRELIMINARY STATEMENT**

Plaintiffs Lisa-Athena S. Abu Hantash, in her individual capacity and as mother and natural guardian of Jordan-Annettee Jazzmin Richardson, a minor, and Jordan Richardson Inc. submit this brief in further support of their motion for summary judgment and, in the alternative, for an Order advancing the above-captioned matter on the trial calendar. In an attempt to convolute the issues, Defendants V Model Management New York, LLC ("V Management") and VNY Model Management, LLC ("VNY") contend that there are various legal and factual issues that must be resolved through discovery prior to a ruling on the within application. However, the "unresolved" factual and/or legal issues specified by Defendants in their opposition are either: (1) legal issues that are, in fact, ripe for adjudication; or (2) factual issues that have no bearing on Plaintiffs' claims and, as such, discovery would be a useless endeavor.

Furthermore, the mere speculation by Defendants that discovery will somehow provide a valid defense against Plaintiffs' claims (e.g., support Defendants' challenge to Plaintiff Abu Hantash's standing) is insufficient to defeat Plaintiffs' motion for summary judgment. This is especially true in the instant matter because the issues forming the basis of the within action are legal in nature.

The Court should note that Plaintiffs and Defendants agree that the agreement between Jordan Richardson and Defendant V Management dated April 22, 2005 ("2005 Management Agreement") is no longer in effect and/or not enforceable. Therefore, Plaintiffs are entitled to summary judgment as to Counts One and Two.

Accordingly, the only issue in dispute that the Court must resolve pertains to the enforceability of the agreement dated June 19, 2006 between Defendant VNY and Plaintiff Jordan Richardson or Jordan Richardson, Inc. ("2006 Management Agreement"). Interestingly,

Defendants have made it clear that the 2006 Management Agreement is between Defendant VNY and Plaintiff Jordan Richardson and does not involve Jordan Richardson, Inc. Therefore, Plaintiff Jordan Richardson, Inc. is entitled to summary judgment as it pertains to Counts Three, Four and Five.

Throughout their opposition, Defendants repeat ad nauseum that a parent is vested with the authority to bind their child to a contract; and, that the child, try as they may, is obligated to perform pursuant to the contract once the parent has consented (a sort of forced labor scenario). Notwithstanding the fact that Jordan Richardson, in her individual capacity, never signed the 2006 Management Agreement, the sole issue for the Court to resolve is purely legal in nature — whether a minor can disaffirm a contract where the parent consented to her daughter entering into the agreement.

As there is no statute or case law providing otherwise, the law is clear that Jordan Richardson has the unfettered right to disaffirm the 2006 Management Agreement regardless whether her mother consented to her entry into the agreement. As such, all Plaintiffs are entitled to summary judgment as to Counts Three, Four and Five.

Finally and in the alternative, the Court should grant Plaintiffs' request for a speedy hearing and advance the matter on the trial calendar. Defendants' assertion that Rule 57 of the Federal Rules of Civil Procedure only applies to criminal trials lacks any merit whatsoever.

**POINT I**

**SUMMARY JUDGMENT IS WARRANTED IRRESPECTIVE OF THE FACT THAT THE PARTIES HAVE NOT COMPLETED DISCOVERY**

A.   <u>The Law</u>

The Southern District of New York has recognized that where the movant has demonstrated that there are no genuine issues of material fact, the burden shifts to the party opposing the motion to set forth specific facts evidencing that there are genuine issues of material fact for trial. <u>Forras v. Andros</u>, 470 F. Supp. 2d. 283, 289 (S.D.N.Y. 2005). In addition, "[t]he non-moving party may not rely simply on conclusory allegations, but instead must offer evidence to show that its version of the events is not wholly fanciful." <u>Id.</u> (internal citations omitted).

Furthermore, although motions for summary judgment are generally brought subsequent to the completion of discovery, neither the Federal Rules of Civil Procedure nor the case law in this jurisdiction preclude a ruling granting summary judgment where the parties have not engaged in discovery. This is especially true when there are no genuine issues of material fact and the issues in dispute are purely legal in nature. <u>C.R.A. Realty Corp. v. Enron Corp.</u>, 842 F. Supp. 88, 90 (S.D.N.Y. 1994) ("The issue in dispute is purely a matter of law, and summary judgment is appropriate").

Furthermore, the Second Circuit has stated the following on the subject:

> "[a] party opposing summary judgment on the ground that further discovery is necessary cannot, however, simply claim that they need more discovery. Rather, he or she 'must show (1) what facts are sought to resist the motion and how they will be obtained; and (2) how those facts are reasonably expected to create genuine issue of material fact.'"

<u>Forras v. Andros</u>, 470 F. Supp. 2d at 289 citing <u>Saffire Corp. v. Newkidco, LLC</u>, 286 F. Supp. 2d 302, 306 (S.D.N.Y. 2003) quoting <u>Meloff v. N.Y. Life Ins. Co.</u>, 51 F.3d 372, 375 (2d Cir. 1995).

Moreover, "[t]he existence of disputed facts that are immaterial to the issues at hand is not impediment to summary judgment." Saffire Corp. v. Newkidco, LLC, 286 F. Supp. 2d at 306 (internal citations omitted).

### B.   The Law Applied To The Facts At Hand

In this case, summary judgment is warranted because Plaintiffs have adequately demonstrated that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. In an effort to convolute the issues, Defendants contend that there are disputed factual and legal issues which must be resolved through discovery. Grier Affirm. at ¶ 4. To the contrary, all of the issues raised by Defendants are either: (1) legal issues that are, in fact, appropriate for adjudication by the Court; or (2) factual issues that have no bearing on Plaintiffs' claims.

Specifically, the following "unresolved" issues as set forth in Defendants' opposition are clearly legal in nature and, thus, can be resolved by the Court at this time:

- "Whether a natural parent can execute a model management agreement for an enfant [sic] model in the State of New York?" Grier Affirm. at ¶ 4.

- "Whether the 2005 V Model Management Agreement is unconscionable?" Id.; Reznor v. J. Artist Management, Inc., 365 F.Supp.2d 565, 565 (S.D.N.Y. 2005) ("In New York, unconscionability of a contract is a matter of law for a court to decide, not a jury question"); Gillman v. Chase Manhattan Bank, 73 N.Y.2d 1, 12 (1988) (Recognizing that in certain situations "the provision of a contract is so outrageous as to warrant holding it unenforceable on the ground of substantive unconscionability alone.")

- "Whether the 2005 V Model Management Agreement is null and void as plaintiffs contend?" Id.

In addition, information pertaining to Jordan Richardson Inc.'s state and date of incorporation and composition of its board of directors and/or officers are in no way relevant to the issues at hand. Grier Affirm. at ¶ 4. Notwithstanding that (a) Defendants could have easily

obtained such corporate information from the State of Virginia and (b) that Plaintiffs have provided sworn statements with regard to this information, it is Plaintiffs' contention that Defendants have made it clear that the 2006 Management Agreement is between Defendant VNY and Plaintiff Jordan Richardson. Handwerker Affirm. Ex. A at ¶¶ 37-40; Richardson Affid. dated May 24, 2007 at ¶ 10.

In that regard, Defendants throughout their opposition claim that a parent is vested with the authority to bind their child to a contract and that once parental consent is given, the child is stripped of the ability to rescind. Nowhere do Defendants contend that Lisa Hantash was binding the Plaintiff corporation to an agreement with the Defendants. Defendants' claim has always been the same — that Lisa Hantash, as Jordan Richardson's parent (not as an officer or agent of Jordan Richardson, Inc.) consented to the 2006 Management Agreement and, therefore, Jordan Richardson, is obligated to perform. See, Winters Affid. at ¶ 10 ("Upon information and belief Jordan took the 2006-2008 VNY-<u>Jordan Richardson</u> Model Management Agreement to the Plaintiff,…, Lisa- Athena S. Abu Hantash… <u>for her signature as guardian and natural parent of Jordan Richardson</u>.")(emphasis supplied).[1] Accordingly, discovery pertaining to the corporate information regarding Jordan Richardson, Inc. is clearly not relevant for purposes of the within application.

Furthermore, the factual issue as to when Lana Winters executed the 2006 Management Agreement is clearly immaterial to the within matter because the law is well-established that for an acceptance to be effective, it must be communicated to the other party. Grier Affirm. at ¶ 4; <u>Tencza v. Hyland</u>, 171 A.D.2d 1057, 1057 (4th Dept. 1991) (finding that no valid contract

---

[1] Plaintiffs would also request that the Court take judicial notice of the fact that all of the checks submitted by Defendants in their verified answer are all made payable to Jordan Richardson, not Jordan Richardson, Inc. and that income for the tax year 2006 was reported to the Internal Revenue Service for Jordan Richardson, not Jordan Richardson, Inc. See Verified Answer at Exhibits C and D.

5

entered between purchasers and vendors where vendors' counteroffer was signed by purchasers but was never delivered to vendors and vendors were never advised of purchasers' acceptance of counteroffer prior to its revocation).

Regardless, the Court need not resolve when Defendant VNY delivered the executed 2006 Management Agreement in order for Plaintiffs to prevail on their claims. Even assuming that the 2006 Management Agreement is a valid contract (even though Jordan Richardson did not sign the agreement), the Court should still render the 2006 Management Agreement null and void as Jordan Richardson subsequently disaffirmed all agreements with Defendants. Richardson Affid. dated May 24, 2007 Ex. D and E.

Finally, Plaintiffs' application for summary judgment should not be defeated by Defendants' baseless and meritless assertions with regard to Jordan Richardson's, Jordan Richardson, Inc.'s and Lisa Athena Abu-Hantash's standing to bring the within action. As absurd as the idea is, Defendants could have easily filed a cross-motion with regard to their claims that the Plaintiffs lack standing. Rather, Defendants seek to prolong the inevitable and waste the Court's time and resources under the guise of needing to go on a discovery scavenger hunt to prove their speculative claims.

As the factual issues raised by Defendants are not relevant to determining the enforceability of the 2005 Management Agreement and the 2006 Management Agreement, the fact that discovery in the above matter is not complete should not preclude the Court from granting summary judgment in Plaintiffs' favor.

## POINT II

**THE LAW IS CLEAR THAT, UNLESS PROVIDED OTHERWISE BY STATUTE, A MINOR HAS AN UNFETTERED RIGHT TO DISAFFIRM AN AGREEMENT EVEN WHERE HER PARENT CONSENTED TO THE AGREEMENT**

In reality, the question before the Court is easier than the Defendants make it: whether the two agreements at issue are enforceable and, if so, whether a minor can thereafter disaffirm one, both or none of them. With regard to the 2005 Management Agreement, all parties agree that it is no longer enforceable. See, e.g. Verified Answer at ¶¶ 94-99. Therefore, Plaintiffs are entitled to summary judgment as to Counts One and Two of the Complaint.

That leaves the Court only with the task of determining whether the 2006 Management Agreement is enforceable. For purposes of summary judgment, and giving Defendants every reasonable inference, Plaintiffs will assume that the 2006 Management Agreement is enforceable under New York law. Therefore, the analysis becomes even simpler. If the agreement is enforceable, does Jordan Richardson, as a minor, have the unfettered right to disaffirm it?

Obviously, Defendants answer that question in the negative. Their argument, so it goes, centers on the case of Shields v. Gross and the claim that a parent can bind a minor to a contract that the minor cannot later disaffirm. Shields v. Gross, 58 N.Y.2d 338 (1983); Grier Affirm. at ¶ 10; Verified Answer at ¶ 73. However, the facts of the Shields case and the law the Court of Appeals utilized to arrive at its holding are vastly different from the present one.

In Shields, the famous model/actress Brooke Shields sought, among other things, injunctive relief against a photographer who wanted to use photographs taken of her when she was only 10 years old and with the consent of her mother. Id. In essence, she wanted to rescind (as an adult mind you) the consent her mother gave to the use of the photographs. In denying Brooke Shields the relief she sought, the New York Court of Appeals held (a) that an adult could

7

not maintain an action against a photographer and disaffirm a contract when her mother had consented (as required by law) to the use of her daughter's photographs, and (2) that the section requiring prior court approval of infants' contracts did not apply to models. Id.

What the Court must keep in mind is that, unlike in this case, the Court of Appeals was left to determine the enforceability of a consent to use photographs in light of Sections 50 and 51 of New York's Civil Rights Law. Id. at 344-345. In fact, the Court of Appeals found that New York law actually required the photographer to obtain the consent of the parent before using the photographs, lest he be liable for the unauthorized use of the model's photograph without her consent. Id. In this case, however, New York law requires no such consent.

Even so, Defendants argue that because Jordan Richardson's mother consented to her daughter entering into an agreement with the Defendants, her consent acts to bar Jordan Richardson from disaffirming the contract at some later date. Defendants, however, cite no statute or case law which supports that proposition. Notwithstanding that serious flaw, the Court should take note of the analysis provided in Shields which actually runs contrary to Defendants' contention:

> "Concededly, at common law an infant could disaffirm his written consent or, for that matter, a consent executed by another on his or her behalf  Notwithstanding these rules, it is clear that the Legislature may abrogate an infant's common-law right to disaffirm or, conversely, it may confer upon infants the right to make binding contracts. Where a statute expressly permits a certain class of agreements to be made by infants, that settles the question and makes the agreement valid and enforceable. That is precisely what happened here. The Legislature, by adopting section 51, created a new cause of action and it provided in the statute itself the method for obtaining an infant's consent to avoid liability. Construing the statute strictly, as we must since it is in derogation of the common law, the parent's consent is binding on the infant and no words prohibiting disaffirmance are necessary to effectuate the legislative intent. Inasmuch as the consents in this case complied with the statutory requirements, they were valid and may not be disaffirmed."

Id. at 344-345 (internal citations omitted); see also N.Y. Gen. Oblig. Law 3-101, 3-102, 3-103.

8

Here, no legislative exception exists to Jordan Richardson's right to disaffirm her agreements with the Defendants. Likewise, Lisa Abu Hantash's consent was not even required under New York Law in order for Jordan Richardson to perform as a child model, it was simply requested by the Defendants; but, that is an important fact because even if this Court were to determine that 2006 Management Agreement is enforceable and that Lisa Abu Hantash bound her daughter to the agreement, Jordan Richardson, as a minor, is <u>still</u> permitted to disaffirm it. See <u>Scott Eden Management v. Kavovit</u>, 149 Misc.2d 262, 264 (N.Y. Sup. Ct. 1990) ("[a]n infant's contract is voidable and the infant has an absolute right to disaffirm [a contract]"); <u>NYC Management Group, Inc. v. Brown-Miller</u>, 2004 WL 1087784, *5 (S.D.N.Y. May 14, 2004)[2] (infant entering into a contract did not take the contract "outside the statutory rubric allowing a minor to disaffirm her contract" especially where the contract "spell[s] out the performance required of each party to the contract-namely, of [the model] and the modeling agencies" and no performance is required of the model's parent who only signed the contract to signal her assent to her daughter entering into the contract); <u>Bombardier v. Goodrich</u>, 110 A. 11, 11 (Vt. 1920) ("The assent of the father adds nothing to the binding force of an infant's promise"); <u>Hines v. Cheshire</u>, 219 P.2d 100, 104-05 (Wash. 1950) ("[T]he law seems to be settled that an infant is not precluded from disaffirming by reason of the fact that an adult joined with him in signing the contract."); <u>Schmidgall v. Engelke</u>, 224 N.E.2d 590 (Ill. App. 1967) ("A minor's right to disaffirm his contract is not affected by parental approval, and a parent by his relationship to minor is without authority to enter into contracts binding on the minor"); <u>Hogue v. Wilkinson</u>, 291 S.W.2d 750, 755 (Tex. Civ. App. 1956) ("Even if the mother and grandfather had signed the written contracts as agents of the minor plaintiff, such contracts would not have bound the minor if he wished to disaffirm").

---

[2] A copy of this decision was previously provided to the Court.

## POINT III

**AS FED. R. CIV. P. 57 APPLIES TO ACTIONS BROUGHT PURSUANT TO THE FEDERAL DECLARATORY ACT, 28 U.S.C.A. § 2201 ET SEQ., THE COURT SHOULD ORDER A SPEEDY HEARING AND ADVANCE THE WITHIN MATTER ON THE CALENDAR**

Defendants' argument that Federal Rule of Civil Procedure 57 only applies to criminal cases lacks merit. A plain reading of Rule 57 provides that the court may order a speedy hearing of an action for declaratory judgment pursuant to the Federal Declaratory Act, 28 U.S.C.A. § 2201 et seq., and advance it on the calendar. Fed. R. Civ. P. 57. Furthermore, the Federal Declaratory Act clearly applies to civil actions. 28 U.S.C.A. § 2201 et seq. Although the statute explicitly excludes a limited number of civil claims (e.g. civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country), none of these exceptions are implicated here in any way. Id.

For the reasons set forth previously and as Defendants have not raised any other objection to Plaintiffs' request, Plaintiffs respectfully request that the Court order a speedy hearing and advance the within matter on the calendar.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that the Court grant the relief requested herein and grant such other, further and different relief as to the Court seems just, equitable and proper under the circumstances.

Dated: July 10, 2007

>
> Respectfully submitted,
> NISSENBAUM LAW GROUP, LLC
>
>
> /S/ GAVIN I. HANDWERKER
> By: Gavin I. Handwerker (GIH6191)
> *Attorneys for Plaintiffs*
> 140 Broadway, 46th Fl.
> New York, New York 10005
> (212) 871-5711

11