UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LISA-ATHENA S. ABU HANTASH, in her :    MEMORANDUM DECISION
individual capacity and as mother and natural :           AND ORDER
guardian of JORDAN-ANNETTE JAZZMIN :
RICHARDSON, a minor, and JORDAN :    07 Civ. 3363 (GBD)
RICHARDSON, INC., a Virginia Corporation, :
                                                   :
                Plaintiffs,         :
                                                     :
               - against -          :
                                                     :
V MODEL MANAGEMENT NEW YORK, INC., :
and VNY MODEL MANAGEMENT, LLC, :
                                                     :
                Defendants.       :
------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

      Plaintiffs filed this action seeking a declaration, pursuant to the Federal Declaratory Act, 28 U.S.C. § 2201 et seq., that two management agreements between plaintiff Jordan Richardson, a minor, and defendants are no longer enforceable. About a month later, before the benefit of any discovery, plaintiffs moved for summary judgment. See Fed. R. Civ. P. 56.

      Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); June v. Town of Westfield, New York, 370 F.3d 255, 257 (2d Cir. 2004).

      Here, it is undisputed that plaintiff Jordan Richardson is a seventeen-year-old minor. Both parties also agree that the first of the two management agreements—the 2005 agreement—is no longer valid and enforceable because it was superceded by the second agreement—the 2006 agreement. Finally, while there are disputed issues of fact concerning

whether the 2006 management agreement was validly executed, it is beyond dispute that, even if it was enforceable, Jordan Richardson has now repudiated both management agreements. On these facts, plaintiffs are entitled to a judgment as a matter of law.

First, because both parties agree that the term of the 2005 management agreement has expired and is null and void, that agreement is no longer enforceable against Richardson. In addition, it is well-settled that "an infant's contract is voidable and the infant has an absolute right to disaffirm." Scott Eden Mgmt. v. Kavovit, 563 N.Y.S.2d 1001, 1002 (N.Y. Sup. Ct. Westchester Co. 1990) (citations omitted); see also Joseph v. Shatzkin, 181 N.E. 464, 465 (N.Y. 1932) (finding that the contract between the defendants and their infant customer was voidable); CBS, Inc. (CBS Records Div.) v. Tucker, 412 F.Supp. 1222, 1226 (S.D.N.Y. 1976) (stating that under New York law, "the right of the infant to disaffirm [a] contract is virtually certain") (citations omitted); Shields v. Gross, 448 N.E.2d 108, 112 (N.Y. 1983) (JASEN, J., dissenting) (noting that "it has long been the rule in this State [New York] that a minor enjoys an almost absolute right to disaffirm a contract entered into either by the minor or by the minor's parent on behalf of the minor") (collecting cases).[1] Accordingly, the minor Jordan Richardson's

---

[1] Defendants rely solely on Shields in opposing summary judgment, arguing that it stands for the broad proposition that an infant cannot disaffirm a modeling contract entered into by that infant's parent or legal guardian. The holding in that case is much more circumscribed, however. The sole issue was whether an infant could repudiate a parent's executed consent to use the infant's pictures in advertising, pursuant to section 51 of the Civil Rights Law. Shields, 448 N.E. at 110. In holding that the infant could not, the court recognized the general common-law rule that infants could disaffirm their contracts. Id. at 110-11 ("Concededly, at common law an infant could disaffirm his written consent, or for that matter, a consent executed by another on his or her behalf."). The court also recognized, however, that the "Legislature may abrogate an infant's common-law right to disaffirm," and that the New York Legislature did just that in enacting section 51. Id. at 111. Therefore, the court held, the infant plaintiff could not disaffirm the consent executed on her behalf by her parent pursuant to section 51. Id. at 109. In no way can this limited holding be read to stand for the broad proposition that defendants are espousing here:

disaffirmance of the management agreement renders that contract void and unenforceable against Richardson.

Plaintiffs motion for summary judgment is GRANTED. In addition, for the reasons stated on the record on August 1, 2007, plaintiffs' motion to strike portions of the defendants' answer is DENIED as moot, and plaintiffs' motion for Rule 11 sanctions is DENIED. Plaintiff's motion for an injunction and accounting is DENIED.

It is hereby declared that the management agreements between Jordan Richardson and V Model Management New York, Inc., and VNY Model Management, Inc., has been rescinded by the minor and is null and void and unenforceable.

Dated: New York, New York
      August 6, 2007

                                      SO ORDERED:

                                      *George B. Daniels*
                                      GEORGE B. DANIELS
                                      United States District Judge

---

that an infant cannot disaffirm a general modeling contract when the contract is executed by that infant's parent.